UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BLACK EMERGENCY RESPONSE TEAM, *et al.*,

                             *Plaintiffs,*

v.

JOHN M. O'CONNOR, *et al.*

                             *Defendants.*

No. 21-cv-1022-G

## ANSWER TO AMENDED COMPLAINT

By and through counsel, Defendants[1] submit the following Answer to Plaintiff's Amended Complaint filed on November 9, 2021. Defendants deny each factual allegation in the Amended Complaint unless the averment is specifically admitted herein. Although the amended complaint does not adhere to the pleading guidelines of Fed. R. Civ. P 8(d)(1), any denial of allegations is not based upon the complexity of the allegation. Defendants further answer the Complaint as follows:

    1.    The allegations in ¶¶ 1-2 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

    2.    The allegations in ¶ 3 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 3, so they are therefore denied.

---

[1] For purposes of this Answer, "Defendants" refers to the Defendants who were numbered 1-18 on the Amended Complaint.

3. The allegations in ¶ 4 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The citations to case law speak for themselves and no response is required. To the extent a response is necessary, they are legal conclusions to which no response is required.

4. The allegations in ¶ 5 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

5. Defendants are without sufficient knowledge to admit or deny the allegations set forth in ¶¶ 6-7, so they are therefore denied.

6. Various allegations in ¶ 8 contain legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 8, so they are also therefore denied.

7. The allegations in ¶¶ 9-12 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

8. Various allegations in ¶¶ 13-14 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Defendants are without sufficient knowledge to admit or deny the numerous remaining allegations, so they are therefore denied.

9. Defendants are without sufficient knowledge to admit or deny the numerous allegations in ¶ 15, so they are therefore denied.

10. Various allegations in ¶ 16 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Defendants are without sufficient knowledge to admit or deny the numerous remaining allegations, so they are therefore denied.

11. The final sentence in both ¶¶ 17-18 contains legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Defendants are without sufficient knowledge to admit or deny the numerous remaining allegations, so they are therefore denied.

12. Various allegations in ¶ 19 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Defendants are without sufficient knowledge to admit or deny the remaining allegations, so they are therefore denied.

13. The final sentence in ¶ 20 contains legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Defendants are without sufficient knowledge to admit or deny the remaining allegations, so they are therefore denied.

14. Defendants admit that John M. O'Connor is the Attorney General of Oklahoma. The remaining allegations in ¶ 21 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

15. Defendants admit that Joy Hofmeister is the Oklahoma State Superintendent of Public Instruction. The remaining allegations in ¶ 22 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

16. Defendants admit that the individuals listed in ¶ 23 are members of the State Board of Education. The remaining allegations in ¶ 23 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

17. Defendants admit that Kevin Stitt is the Governor of Oklahoma. The remaining allegations in ¶ 24 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

18. Defendants admit that the individuals listed in ¶ 25 are Regents for Higher Education. The remaining allegations in ¶ 25 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

19. Defendants admit that the individuals listed in ¶ 26 are members of the University of Oklahoma Board of Regents. The remaining allegations in ¶ 26 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

20. Defendants are without sufficient knowledge to admit or deny the numerous allegations in ¶¶ 27-28, so they are therefore denied.

21. The allegations in ¶¶ 29-31 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

22. The allegations in ¶ 32 contain legal quotations and conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

23. The allegations in ¶¶ 33-35 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied

24. The allegations in ¶ 36 contain legal conclusions to which no response is necessary. To the extent a response is required, the cited documents speak for themselves.

25. The allegations in ¶ 37 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

26. The allegations in ¶ 38 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are admitted.

27. The allegations in ¶ 39 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

28. The allegations in ¶ 40 contain legal conclusions to which no response is necessary. To the extent a response is required, the statutes speak for themselves and Defendants are without sufficient knowledge to admit or deny the accompanying allegations, so they are therefore denied.

29. The allegations in ¶¶ 41-43 contain legal conclusions to which no response is necessary. To the extent a response is required, the statutes speak for themselves and the accompanying allegations are denied.

30. The allegations in ¶ 44 contain legal conclusions to which no response is necessary. To the extent a response is required, the statutes speak for themselves and Defendants are without sufficient knowledge to admit or deny the accompanying allegations, so they are therefore denied.

31. The allegations in ¶ 45 contain legal conclusions to which no response is necessary. To the extent a response is required, the statutes speak for themselves and the allegations are denied.

32. The allegations in ¶ 46 contain legal conclusions to which no response is necessary. To the extent a response is required, the statutes speak for themselves and the accompanying allegations are denied. Defendants are without sufficient knowledge to admit or deny the factual allegations at the end of the paragraph, so they are therefore denied.

33. The allegations in ¶¶ 47-50 contain legal conclusions to which no response is necessary. To the extent a response is required, the statutes speak for themselves and the accompanying allegations are denied.

34. The allegations in ¶ 51 contain legal conclusions to which no response is necessary. To the extent a response is required, the statutes speak for themselves and the accompanying allegations are denied. Defendants admit only that state and federal laws and regulating addressing discrimination are well established.

35. The allegations in ¶¶ 52-55 contain legal conclusions to which no response is necessary. To the extent a response is required, the statutes speak for themselves and the accompanying allegations are denied.

36. Defendants are without sufficient knowledge to admit or deny the allegations in ¶ 56, so they are therefore denied.

37. Defendants admit that the SBE approved temporary, emergency rules regarding the implementation and enforcement of HB 1775 (codified as Okla. Admin. Code 210:10-1-23. The remaining allegations in ¶ 57 are legal conclusions to which no response is necessary. To the extent a response is required, the remaining allegations are denied.

38. The allegations in ¶¶ 58-65 contain legal conclusions to which no response is necessary. To the extent a response is required, the rules speak for themselves and the accompanying allegations are denied.

39. The allegations in ¶ 66 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The remaining allegations in ¶ 66 are also denied, as the EPS guidance speaks for itself and does not say what is alleged.

40. Defendants are without sufficient knowledge to admit or deny the allegations in ¶¶ 67-68, so they are therefore denied.

41. The allegations in ¶¶ 69-73 contain legal conclusions to which no response is necessary. To the extent a response is required, the legal conclusions are denied. Defendants are without sufficient knowledge to admit or deny the factual allegations in ¶¶ 69-73, so those allegations are therefore denied.

42. Defendants are without sufficient knowledge to admit or deny the allegations in ¶ 74, so they are therefore denied.

43. The allegations in ¶ 75 contain legal conclusions to which no response is necessary. To the extent a response is required, the legal conclusions are denied. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 75, so the allegations are therefore denied.

44. Defendants are without sufficient knowledge to admit or deny the allegations in ¶ 76, so they are therefore denied.

45. The allegations in ¶ 77 contain legal conclusions to which no response is necessary. To the extent a response is required, the legal conclusions are denied. The remaining allegations are denied, as well.

46. Defendants are without sufficient knowledge to admit or deny the allegations in ¶¶ 78-91, so they are therefore denied.

47. The allegations in ¶ 92 contain legal conclusions to which no response is necessary. To the extent a response is required, the statute speaks for itself. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 92, so they are therefore denied.

48. Defendants are without sufficient knowledge to admit or deny the allegations in ¶¶ 93-97, so they are therefore denied.

49. The allegations in ¶ 98 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

50. Defendants are without sufficient knowledge to admit or deny the allegations in ¶ 99, so they are therefore denied.

51. The allegations in ¶ 100 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

52. The allegations in ¶ 101 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The remaining allegations are denied, as well.

53. Defendants are without sufficient knowledge to admit or deny the allegations in ¶¶ 102-103, so they are therefore denied.

54. The allegations in ¶ 104 contain legal conclusions to which no response is necessary. To the extent a response is required, the cited EO speaks for itself and the accompanying allegations are denied.

55. Defendants are without sufficient knowledge to admit or deny the allegations in ¶ 105, so they are therefore denied.

56. The allegations in ¶ 106 contain legal conclusions to which no response is necessary. To the extent a response is required, the quotations speak for themselves.

57. The allegations in ¶ 107 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

58. Defendants are without sufficient knowledge to admit or deny the allegations in ¶ 108, so they are therefore denied.

59. The allegations in ¶ 109 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

60. Defendants are without sufficient knowledge to admit or deny the allegations in ¶¶ 110-115, so they are therefore denied.

61. The allegations in ¶ 116 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 116, so they are therefore denied.

62. The allegations in ¶ 117 contain legal conclusions to which no response is necessary. To the extent a response is required, the quotations speak for themselves and the allegations are denied. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 117, so they are therefore denied.

63. Defendants are without sufficient knowledge to admit or deny the allegations in ¶ 118, so they are therefore denied.

64. The allegations in ¶ 119 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 119, so they are therefore denied.

65. Defendants are without sufficient knowledge to admit or deny the allegations in ¶¶ 120-126, so they are therefore denied.

66. The allegations in ¶ 127 are denied.

67. The allegations in ¶ 128 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

68. The allegations in ¶ 129 contain legal conclusions to which no response is necessary. To the extent a response is required, the statutes speak for themselves and the accompanying allegations are denied.

69. The allegations in ¶ 130 contain legal conclusions to which no response is necessary. To the extent a response is required, the statutes speak for themselves and the accompanying allegations are denied.

70. Defendants admit that the quotation in ¶ 131 is accurately transcribed, although it is an incomplete representation of the website's description of the state standards. In short, the website speaks for itself.

71. The allegations in ¶ 132 contain legal conclusions to which no response is necessary. To the extent a response is required, the Oklahoma Constitution speaks for itself, as does the handbook quote, which is inaccurately transcribed in part.

72. The allegations in ¶¶ 133-136 contain legal conclusions to which no response is necessary. To the extent a response is necessary, the allegations are denied.

73. Defendants are without sufficient knowledge to admit or deny the allegations in ¶¶ 137-139, so they are therefore denied.

74. Defendants are without sufficient knowledge to admit or deny the allegations in ¶ 140, so they are therefore denied. Defendants admit only that the two largest school districts in Oklahoma are the Oklahoma City Public Schools and Tulsa Public Schools.

75. Defendants are without sufficient knowledge to admit or deny the allegations in ¶¶ 141-144, so they are therefore denied.

76. The allegations in ¶ 145 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

77. The allegations in the first sentence of ¶ 146 are legal conclusions to which no response is necessary. To the extent a response is necessary, the allegations in the first sentence are denied. Defendants are without sufficient knowledge to admit or deny the allegations in the remaining sentences, so they are therefore denied.

78. The allegations in the first sentence of ¶ 147 is a legal conclusion to which no response is necessary. To the extent a response is required, the allegation is denied. Defendants are without sufficient knowledge to admit or deny the allegations in the remaining sentences, so they are therefore denied.

79. The allegations in the final sentence of ¶ 148 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendants are without sufficient information to admit or deny the allegations in the remaining sentences, so they are therefore denied.

80. Defendants are without sufficient knowledge to admit or deny the allegations in ¶ 149, so they are therefore denied.

81. The allegations in the final sentence of ¶ 150 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Defendants are without sufficient knowledge to admit or deny the numerous allegations contained in the remaining sentences, so they are also denied.

82. Defendants are without sufficient knowledge to admit or deny the allegations in ¶¶ 151-155, so they are therefore denied.

83. In addressing ¶ 156, Defendants incorporate all of their prior responses.

84. The allegations in ¶¶ 157-163 contain numerous legal conclusions to which no response is required. To the extent any response is required, the allegations are denied.

85. In addressing ¶ 164, Defendants incorporate all of their prior responses.

86. The allegations in ¶¶ 165-170 contain numerous legal conclusions to which no response is necessary. To the extent any response is required, the allegations are denied.

87. In addressing ¶ 171, Defendants incorporate all of their prior responses.

88. The allegations in ¶¶ 172-176 contain numerous legal conclusions to which no response is necessary. To the extent any response is required, the allegations are denied.

89. In addressing ¶ 177, Defendants incorporate all of their prior responses.

90. The allegations in ¶¶ 178-189 contain numerous legal conclusions to which no response is necessary. To the extent any response is required, the allegations are denied.

91. The remaining paragraphs are prayers for relief to which no response is required. To the extent a response is necessary, Defendant's deny that Plaintiffs are entitled to the relief sought.

## **AFFIRMATIVE DEFENSES**

92. Plaintiffs fail to state a claim upon which relief can be granted.

93. Plaintiffs lack standing.

94. Governor Stitt is not a proper party.

95. Defendants are immune from suit.

Respectfully submitted,

s/ *Andy N. Ferguson*

ZACH WEST
ANDY N. FERGUSON
  *Assistant Solicitors General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521 – 3921
andy.ferguson@oag.ok.gov

*Counsel for Defendants [1-18]*