UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] BLACK EMERGENCY RESPONSE TEAM, et al. ) | |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | Case No. CIV-21-1022-G |
| [1] JOHN O'CONNOR, in his official capacity as ) | |
| Oklahoma Attorney General, et al. ) | |
| ) | |
| *Defendants*. ) | |

### DEFENDANTS', BOARD OF REGENTS FOR THE UNIVERSITY OF OKLAHOMA, MICHAEL CAWLEY, FRANK KEATING, PHIL ALBERT, NATALIE SHIRLEY, ERIC STEVENSON, ANITA HOLLOWAY AND RICK NAGEL, REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN <u>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>

COME NOW the Defendants, Board of Regents for the University of Oklahoma (Board), Michael Cawley, Frank Keating, Phil Albert, Natalie Shirley, Eric Stevenson, Anita Holloway and Rick Nagel (Board Members) and for their Reply to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss [Doc. 51] show the Court as follows:

By way of filing this Reply, Defendants intend to address certain arguments raised by Plaintiffs as well as identify Defendants' arguments which Plaintiffs have failed to address. Defendants do not waive any arguments raised in their Motion to Dismiss regardless of whether a particular argument is addressed in this reply.

## PLAINTIFFS MISREPRESENT AND MANUFACTURE A CONCESSION WHERE NONE EXISTS

In their Response, Plaintiffs allege that these Defendants conceded that HB 1775's effect on Plaintiffs' academic freedom and right to information is an unlawful and unconstitutional infringement. [Doc. 67, p. 2]. Plaintiffs point to Defendants' Motion to Dismiss in support of this statement. However, Plaintiffs misrepresent the position taken by Defendants and attempt, by way of that misrepresentation, to manufacture a concession.

In their Motion to Dismiss, Defendants argued that HB 1775 cannot be read to restrict academic pursuits on campus because the legislature is without authority to regulate the education of the University's students. Oklahoma's Constitution prohibits such intrusion on the Board Members' domain. [Doc. 51, p. 9]. By way of this argument Defendants asserted, not that HB 1775 infringes on Plaintiffs' rights, but that Plaintiffs' interpretation of HB 1775 cannot be accurate as Plaintiffs' interpretation would violate Oklahoma's constitution. Thus, Plaintiffs' interpretation that HB 1775 somehow interferes with their constitutional rights is erroneous.

How Plaintiffs spin this argument into a concession that HB 1775 infringes on their rights either demonstrates a woeful misunderstanding of the argument presented or an intentional misrepresentation of Defendants' statements and position. One might just chalk it up to in-artful wording, except that Plaintiffs make essentially the same statement in their Consolidated Reply to Defendants' Response to Plaintiffs' Motion for Preliminary Injunction. [Doc. 66, P. 11]. This Court should give no credence to Plaintiffs manufactured concessions regarding the constitutionality of HB 1775.

## THE BOARD OF REGENTS IS NOT A PROPER PARTY

In their Amended Complaint, Plaintiffs assert that, "Defendant University of Oklahoma Regents is the official governing body of the University of Oklahoma, Cameron University, and Rogers State University." [Doc. 50, ¶26]. Plaintiffs go on to state that, "Defendants OU Regents and OU Regents members are responsible for enforcing HB 1775." *Id*. Thus, Plaintiffs name both the Regents as a body politic and the OU Regents Members as separate Defendants. (See also ¶¶ 162, 169, 175 and 187 which all identify the Board of Regents, as an entity, to be a Defendant). Based on this, Defendants moved to dismiss the OU Regents because the OU Regents, as a body, is not a person under §1983.

In their Response, Plaintiffs do not clarify that they did not intend to name the Regents as a Defendant, instead choosing to dance around the issue. It appears from their response, however, that Plaintiffs are conceding that to the extent their Amended Complaint indicates that the OU Regents, as a body, is named as a Defendant, that is intended to mean the OU Regent Members. As such, this Court should enter an order clarifying that the OU Regents is not a party or dismissing it from the lawsuit.

## PLAINTIFFS RELY UPON AND ARGUE FACTS WHICH ARE NOT CONTAINED IN THE AMENDED COMPLAINT

In their Response, Plaintiffs make several references to an affidavit which they have attached to their Reply brief in support of their Motion for Preliminary Injunction. Referred to as the *Doe Declaration*. See: Doc 67, pp. 1, 5, and 7. This Declaration was not attached to the Amended Complaint nor referenced in the Amended Complaint. Plaintiffs' reliance on facts and materials not referenced in the Amended Complaint should not be considered

by this Court. Generally, the sufficiency of a Complaint must rest on its contents alone. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir.2010); *Gossett v. Barnhart*, 139 Fed.Appx. 24, 24 (10th Cir.2005); *Carter v, Daniels*, 91 Fed.Appx 83, 85 (10th Cir. 2004)(When ruling on a Rule 12(b)(6) motion, the district court must examine only the plaintiff's complaint. The district court must determine if the complaint alone is sufficient to state a claim; the district court cannot review matters outside of the complaint).[1]

### PLAINTIFFS FAIL TO ADDRESS DEFENDANTS' ARGUMENT THAT HB 1775 CANNOT BE INTERPRETED IN THE MANNER THAT PLAINTIFFS "FEAR" IT MIGHT BE

Plaintiffs base a great deal of their Complaint on the notion that HB 1775 is ambiguous. They claim that it <u>might</u> be interpreted in such a way that the University of Oklahoma will be prohibited from teaching certain subject matter on its campus or that the University will be compelled to prohibit certain academic pursuits. In response, Defendants pointed out that the Board of Regents is a constitutionally created board which has been tasked by the Constitution with governing the University, to a great extent free from legislative interference. This includes plenary control over decisions regarding the health, welfare and education of students. HB 1775 must be construed in a way to avoid a conflict with the state's constitution. See: Doc. 51, p. 9-10. Thus, Plaintiffs' concern that HB 1775

---

[1] It should be noted that not only was the Declaration not incorporated into nor mentioned in the Complaint, (nor was it submitted anywhere until Plaintiffs filed their Reply to their Motion for Preliminary Injunction), the Declaration does not appear competent or reliable on its face. It was written and signed anonymously and relies on hearsay from an unidentified source. The testimony contained therein is dubious at best and cannot be subject to appropriate scrutiny. Thus, not only should the Declaration be discarded as an item which this Court should consider on the Motion to Dismiss, it should not give any weight to this Declaration for any purpose in the litigation.

might dictate an unconstitutional academic policy is misplaced. To conform to the State's constitution, HB 1775 cannot dictate to the University its class contents or requirements.

In their Response Brief, Plaintiffs do not address this very material argument. A clear indication that Plaintiffs acquiesce to it. Generally, the "[f]ailure to respond to an argument is [ ] deemed an acquiescence." *Mulford v. Altria Group, Inc.*, 242 F.R.D. 615, 622 n. 5 (D.N.M. 2007); *Doe v. DiStefano*, 2018 WL 2096347 (D. Colo. May 7, 2018) (deeming an argument conceded where the plaintiff failed to respond and the defendant's argument was well-founded); *Bowdish v. Federal Express Corp.*, 699 F.Supp.2d. 1306, 1326 (W.D. Ok.  2010)(failure to respond to an argument deems it confessed).

### THIS COURT DOES NOT HAVE TO REPLY ON PLAINTIFFS' LEGAL CONCLUSIONS WHEN DETERMINING WHETHER THEY HAVE STATED A CLAIM

Plaintiffs admit that they are not making a claim that they have a right to any specific mandatory orientations or trainings. [Doc. 67, p. 13]. This leaves only their claim that HB 1755 interferes with the teachers' academic freedom to teach and research and the students' rights to receive information. Plaintiffs claim that because they merely allege that HB 1755 interferes with those rights, the court must accept those allegations as true. Plaintiffs claim that because they allege that HB 1755 reaches classroom content, this Court must accept that allegation as a truism. See: Doc. 67, p.10. Plaintiffs' theory, then, is so long as they say it, this court must accept it and, thus, be compelled to overrule Defendants' Motion to Dismiss.

This Court is not required to accept everything stated by Plaintiffs as true. For the purpose of deciding a motion to dismiss, the Court must accept all factual allegations as

5

true. However, the Court is not bound to accept as true legal conclusions couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)( the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions). Nor is a court required to ignore its common sense. *Ashcroft* at 664 (the reviewing court draws on its experience and common sense when determining whether Plaintiff has stated a plausible claim). Plaintiffs' assertions that the requirements of HB 1755, reaches the college classroom is a legal conclusion couched as a fact and this Court does not have to accept that allegation as true. Defendants have demonstrated that HB 1775 does not encroach on what can or cannot be taught in the University's classrooms, nor can it encroach on the University's academics without running afoul of Oklahoma's constitution. Contrary to Plaintiffs' contentions, this court does not have to sit on its hands and wait for some other stage in the litigation to apply the statute to determine if Plaintiffs' case is adequately presented.

To summarize, Plaintiffs make no claim that they have a right to mandatory orientations or trainings, thus Plaintiffs have no claim regarding the University's decision to make certain classes voluntary rather than mandatory. Further, HB 1775 cannot be interpreted to intrude on the OU Regents' plenary authority over academic content, thus a proper reading of the statute does not compel the University to restrict academic subject matter. Thus, Plaintiffs have failed to satisfy the plausibility standard as applied to these Defendants. This Court must dismiss.

Respectfully submitted,

s/M. Daniel Weitman
M. DANIEL WEITMAN, OBA #17412
TINA S. IKPA, OBA #32193
University of Oklahoma
Office of Legal Counsel
660 Parrington Oval, Suite 213
Norman, Oklahoma 73109
Telephone: (405) 325-4124
Facsimile: (405) 325.7681
E-Mail: dan.weitman@ou.edu
E-Mail: tsikpa@ou.edu

*ATTORNEYS FOR DEFENDANTS MICHAEL CAWLEY, FRANK KEATING, PHIL ALBERT, NATALIE SHIRLEY, ERIC STEVENSON, ANITA HOLLOWAY AND RICK NAGEL*

## **CERTIFICATE OF SERVICE**

 I hereby certify that on the 20th day of January 2022, I transmitted the attached document to the Clerk of Court using the ECF system for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Genevieve Bonadies Torres
David Hinojosa
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005

Megan Lambert
American Civil Liberties Union
Foundation of Oklahoma
P.O. Box 13327
Oklahoma City, OK 73113

Gary Stein
Michael Cutini
Sara Solfanelli
Elahe Hosseini
Amir Shakoorian Tabrizi
Ramya Sundaram
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

Emerson Sykes
Leah Watson
Sarah Hinger
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004

Andy N. Ferguson
Zachary P. West
Attorney General's Office
313 NE 21 St
Oklahoma City, OK 73105

F. Andrew Fugitt
Justin C. Cliburn
The Center for Education Law
900 N Broadway Ave., Suite 300
Oklahoma City, OK 73102

         s/M. Daniel Weitman
         M. Daniel Weitman