IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLACK EMERGENCY RESPONSE TEAM, *et al.*,<br><br>          *Plaintiffs,*<br>v.<br><br>JOHN M. O'CONNOR, *et al.*<br>          *Defendants.* | No.   21-cv-1022-G |

## DEFENDANTS' MOTION TO STRIKE NEW EVIDENCE

On January 14, 2022, Plaintiffs filed their preliminary injunction reply in the present case. Doc. 66. Plaintiffs attached three new exhibits to that reply: two affidavits from witnesses who had not submitted affidavits earlier—one proceeding anonymously—and one document purportedly from the Edmond Public Schools. Docs. 66-1, 66-2, & 66-3. Pursuant to FRCP 6(c)(2), all Defendants jointly move to strike these three exhibits.

Rule 6(c)(2) of the Federal Rules of Civil Procedure states that "[a]ny affidavit supporting a motion must be served with the motion." As such, most courts take the general view that reply briefs should avoid introducing new evidentiary materials or new arguments. *See, e.g.*, *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) ("[T]he court abused its discretion to the extent it relied on new evidentiary materials presented for the first time in Sprint's reply brief."); *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 208, 210 (D.N.M. 2005) (noting, in preliminary injunction context, that "courts disfavor new arguments and evidence in a reply brief"); *Texas Health & Human Servs. Comm'n v. United States*, 166 F. Supp. 3d 706, 710 (N.D. Tex. 2016) ("[O]ffering new evidence in a reply brief is

improper"). Indeed, under this Court's local rules, reply briefs of *any* stripe are "not encouraged," LCvR7.1(i), much less those introducing new evidence into the record.

When faced with a reply that adds new material, a court can refrain "from relying on any new material contained in the reply brief." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (opining in the context of summary judgment); *see also Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) ("'Material,' for purposes of this framework, includes both new evidence and new legal arguments."). The decision to strike such material or permit a surreply is reviewed for an abuse of discretion, *Beaird*, 145 F.3d at 1164, as well as for harmless error, *Richmond v. Okla. Univ. Bd. of Regents*, 162 F.3d 1174 (10th Cir. 1998).

The purpose behind disfavoring new materials in a reply, as one district court has observed, is to ensure that the party opposing a motion "be given sufficient time to respond to the affidavits filed by the moving party, thereby avoiding any undue prejudice." *Tishcon Corp. v. Soundview Comm's*, No. CIV.A. 104CV524, 2005 WL 6038743, at *8 (N.D. Ga. Feb. 15, 2005). "Justice is not served," that court wrote, "by allowing a moving party to unfairly surprise and prejudice the non-movant by producing evidence of new, substantive facts at the last minute when there is no opportunity for the non-movant to respond." *Id.* As such, Plaintiffs' three new exhibits should be struck or ignored. This is especially so given that there is no apparent reason why the three exhibits could not have been filed with Plaintiffs' initial motion. Neither of the two affidavits, for example, cites or purports to respond to anything written in Defendants' responses or affidavits. Rather, the authors simply opine negatively on H.B. 1775 without any indication that they are aware that counter-arguments to some of their own points have been made and counter-evidence submitted in Defendants' response.

Even courts that have been less hostile to reply affidavits have emphasized the importance of whether the need for the new materials was foreseeable. *See, e.g.*, *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1456–57 (E.D. Wis. 1993) (barring reply affidavits entirely "would allow the party opposing the motion to gain an unfair advantage by submitting issues and evidentiary support that were unforeseen at the time the motion was first proffered"). Here, it is difficult to see how the evidentiary materials submitted with Plaintiffs' reply would not have been foreseeable for Plaintiffs at the time of filing for their original motion. Not only do they not reply to Defendants' response in any express way, but much of the material simply re-states what other witnesses for Plaintiffs already said—albeit even more tenuously.[1] In the end, rather than drag the briefing schedule out further, this Court should strike or ignore the new materials. *See Tishcon*, 2005 WL 6038743, at *9 ("[T]he procedure utilized by plaintiff, if allowed in every case, would greatly extend the time required to deal with a motion by the opposing party, and review thereof. This the Court cannot allow.").

---

[1] The second affidavit's primary accusation, for example, is anonymous double hearsay. *See* Doc. 66-2 at ¶ 7 (John Doe: "I was informed by my Department Chair that the Office of the Dean of the Arts and Sciences College had instructed them that, because of H.B. 1775, I can no longer test students on Critical Race Theory ….").

3

Respectfully submitted,

s/*Zach West*

ZACH WEST, OBA #30768
ANDY N. FERGUSON, OBA #33388
   *Assistant Solicitors General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Direct: (405) 521-3921
Zach.West@oag.ok.gov
*COUNSEL FOR DEFENDANTS 1-18*


s/ *F. Andrew Fugitt*

F. ANDREW FUGITT, OBA #10302
JUSTIN C. CLIBURN, OBA #32223
THE CENTER FOR EDUCATION LAW. P.C.
900 N. BROADWAY AVE, SUITE 300
OKLAHOMA CITY, OK 73102
TELEPHONE: (405) 528-2800
FACSIMILE: (405) 528-5800
E-MAIL: AFUGITT@CFEL.COM
E-MAIL: JCLIBURN@CFEL.COM
ATTORNEYS FOR ANGELA GRUNEWALD,
JAMIE UNDERWOOD, CYNTHIA BENSON,
KATHLEEN DUNCAN, LEE ANN KUHLMAN


s/ *M. Daniel Weitman*

M. DANIEL WEITMAN, OBA #17412
TINA IKPA, OBA #32193
University of Oklahoma
Office of Legal Counsel
660 Parrington Oval, Suite 213
Norman, Oklahoma 73109
Telephone: (405) 325-4124
Facsimile: (405) 325.7681
E-Mail: dan.weitman@ou.edu

4

*ATTORNEYS FOR PUTATIVE DEFENDANT BOARD OF REGENTS FOR THE UNIVERSITY OF OKLAHOMA, AND FOR DEFENDANTS MICHAEL CAWLEY, FRANK KEATING, PHIL ALBERT, NATALIE SHIRLEY, ERIC STEVENSON, ANITA HOLLOWAY AND RICK NAGEL*