## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| [1] BLACK EMERGENCY RESPONSE TEAM, et al. | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No. 5:21-cv-1022-G |
| [l] JOHN O'CONNOR, in his official capacity As Oklahoma Attorney General, et al., | ) ) ) | Hon. Charles B. Goodwin |
| *Defendants*. | ) ) ) | |

## PLAINTIFFS' RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE EXHIBITS ATTACHED TO REPLY

Plaintiffs Black Emergency Response Team (BERT), *et al.*, respectfully urge this Court to deny the Defendants' Motion to Strike the three exhibits (two supplemental declarations and one document) that Plaintiffs attached to their Reply in Support of their Motion for Preliminary Injunction. Defendants' Motion misconstrues governing case law and distorts the facts. First, the exhibits respond to issues raised by the opposing party's briefs and, therefore, are permissible in the Tenth Circuit. Second, Defendants have suffered no "surprise" or "prejudice" because Plaintiffs' Reply exhibits do not offer "new substantive facts" and closely adhere to the testimony and arguments proffered in Plaintiffs' initial Motion for Preliminary Injunction and supporting declarations. Third, Defendants misleadingly rely on numerous cases involving summary judgment, and fail to acknowledge that courts determining preliminary injunctions enjoy broader discretion

1

to consider any probative evidence. For the reasons stated below, Defendants' Motion should be denied.

## ARGUMENT

### A. Plaintiffs' Three Reply Exhibits Appropriately Respond to Arguments Raised by Defendants in Their Oppositions to the Preliminary Injunction.

Defendants seek to strike the three exhibits attached to Plaintiffs' Reply on the grounds that courts take the "general view that reply briefs should avoid introducing new evidentiary materials or new arguments." Mot. at 1, ECF No. 72. But Defendants' portrayal of the case law is incomplete. The Tenth Circuit emphasizes that courts will "make an exception [to this rule] when the new issue argued in the reply brief is offered in response to an argument raised in the [opposing party's] brief." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015) (citing and quoting *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1166 n.3 (10th Cir. 2003)). This exception applies equally to responsive declarations or exhibits. *See, e.g., Stevens v. Water Dist. One of Johnson Cty.*, 561 F. Supp. 2d 1224, 1232 (D. Kan. 2008) (when "matters [are] placed in issue by the opposition brief . . . reply papers—both briefs and affidavits—may properly address those issues.") (citations and quotations omitted). Here, all three exhibits fall squarely within this exception.

Two of Plaintiffs' challenged exhibits consist of the declarations of Ms. Jamelia Reed and University of Oklahoma ("OU") Instructor of Human Relations John Doe (ECF Nos. 66-1, 66-2). Plaintiffs submitted these declarations in response to the OU

Defendants' arguments, presented in their first Motion to Strike (ECF No. 59),[1] that the

declarations of Ms. Lilly Amechi and Mr. Michael Givel—who head the Black

Emergency Response Team (BERT) and the American Association of University

Professors at Oklahoma University (AAUP-OU) respectively—should be struck because,

*inter alia,* some statements were based on their organizational members' personal

experiences, rather than their own. *See*, *e.g.*, OU Mot. to Strike Affs. at 3-5.

While Plaintiffs maintain that Ms. Amechi's and Mr. Givel's statements about

their members' experiences are admissible at the preliminary injunction stage (*see* Pls.'

Response to OU's Mot. to Strike Affs. at 2-10, ECF No. 69), it was also wholly proper

for Plaintiffs to respond to such arguments by filing supplemental declarations to moot

the purported problems and narrow the issues before this Court. District courts have

routinely rejected motions to strike supplemental affidavits where, as here, the new

affidavit attached to the reply "responds directly to issues raised by [the opposing party]

regarding the validity of the original affidavit." *Stevens,* 561 F. Supp. 2d at 1233); *see*

*also Stack v. Whitney Nat'l Bank*, 789 F. Supp. 753, 758 (S.D. Miss. 1991) (noting that

motion to strike affidavit on hearsay grounds was rendered "moot in light of

supplemental affidavits submitted" in response to the motion), *aff'd*, 958 F.2d 1078

(table) (5th Cir. 1992).

In a similar manner, Plaintiffs filed the other challenged exhibit—the EPS 2019

Reading List (ECF No. 66-3)—to respond to EPS's argument that EPS's newly adopted

---

[1] OU filed its Motion to Strike concurrently with OU's Opposition to Plaintiffs' Motion
for Preliminary Injunction (ECF No. 58).

reading list exposes students to "more diverse" texts. EPS's Obj. to Pls.' Mot. for Prelim. Inj. at 7, ECF No. 60. In support, EPS attached its 2021 Reading List. Rasnic Decl. at 8–10, ECF No. 60-2. Accordingly, Plaintiffs appropriately rebutted this argument by appending the 2019 Reading List to their Reply as a way of showing, through a comparison of the lists, that EPS removed authors of color from the required books for on-level, high school English. *See* Pls.' Reply at 19 n.13, ECF No. 66.[2]

In sum, Plaintiffs' Reply exhibits properly and permissibly respond to "matters placed in issue by the response" and, therefore, should not be struck. *See Carter v. Spirit AeroSystems, Inc.*, No. 16-01350-EFM, 2019 WL 3732684, at *12 (D. Kan. Aug. 8, 2019) (quoting *Vonlintel v. Eagle Commc'ns, Inc.*, No. 14–4125–KHV, 2015 WL 5093271, at *1 (D. Kan. Aug. 28, 2015)), *aff'd,* 827 F. App'x 864 (10th Cir. 2020).

### B. The Reply Exhibits Do Not Prejudice Defendants Since They Are Responsive and Do Not Raise "New" Issues.

Defendants further suggest Plaintiffs' Reply exhibits should be struck because of "unfair[] surprise and prejudice" that can arise from "new substantive facts [raised] at the last minute when there is no opportunity for the non-movant to respond." Mot. at 2 (quoting *Tishcon Corp. v. Soundview Comm's*, No. CIV.A. 104CV524, 2005 WL 6038743, at *8 (N.D. Ga. Feb. 15, 2005)). But this argument also falls flat since the three exhibits do not raise "new substantive facts."

---

[2] *Compare* 2019 Reading List, ECF 66-3 (requiring 11th graders to read *I Know Why the Caged Bird Sings* by Maya Angelou or *The House on Mango Street* by Sandra Cisneros) with Rasnic Decl. at 8–10, ECF No. 60-2 (attaching 2021 Reading list that removes authors of color from the *required* books for on-level, high school English).

To the contrary, the two challenged Reply declarations are virtually identical in substance to the testimony in the AAUP and BERT declarations, submitted in support of their preliminary injunction motion. *Compare* BERT Decl. ¶¶ 4-11, 16, ECF No. 27-3 *with* Second BERT Decl. ¶¶ 3-11, ECF No. 66-1; AAUP Decl. ¶¶ 12, 30, ECF No. 27-4 *with* Doe Decl. ¶¶ 5-8, ECF No. 66-2. The declarations only materially differ with regard to the identity of the declarant: the Reply declarations offer the testimony directly from the organizational member with firsthand experience, while the AAUP and BERT declarations offer the testimony from the organizational representative. *Compare* BERT Decl. *with* Second Bert Decl.; AAUP Decl. *with* Doe Decl. Because the declarations present substantively equivalent facts, Defendants have not shown any prejudice from their consideration.[3]

Likewise, Plaintiffs' submission of the 2019 Reading List does not constitute "unfair[] surprise." The fact that EPS created this document and, therefore, was undoubtedly aware of its contents undercuts any suggestion of undue surprise. In addition, the 2019 list simply rebuts issues placed in contention by the EPS Defendants themselves when they attached the 2021 Reading List to their opposition. As discussed, the Tenth Circuit permits plaintiffs to submit new materials in reply to "an argument raised in the [opposing party's] brief." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d at 1119.

---

[3] Of note, Defendants' Motion seems to concede Plaintiffs' Reply exhibits do not offer "new substantive facts" by later acknowledging much of the Reply exhibits' "material simply re-states what other witnesses for Plaintiffs already said" as part of the initial motion for preliminary injunction. Mot. at 2, 3.

Defendants' reliance on *Baugh v. City of Milwaukee* (Mot. at 3) similarly does not

support striking Plaintiffs' Reply exhibits, but rather underscores how excluding such

evidence would unduly prejudice Plaintiffs, not Defendants. As the *Baugh* court

explained, prohibiting a movant from responding to new matters raised in the opposing

party's response "would allow the party opposing the motion to gain an unfair advantage

by submitting issues and evidentiary support that were unforeseen at the time the motion

was first proffered." *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1456-1457 (E.D.

Wis. 1993), *aff'd*, 41 F.3d 1510 (table) (7th Cir. 1994).[4]

### C. Courts Adjudicating Preliminary Injunctions Have Broad Discretion to Consider Responsive Evidence That Is Relevant, Material, and Probative.

Defendants' Motion also mistakenly relies on cases discussing evidentiary

requirements for summary judgment under the Federal Rules of Civil Procedure Rule 56,

which does not apply to preliminary injunctions.[5] As a general matter, preliminary

injunctions are governed by "procedures that are less formal" than final decisions on the

---

[4] Defendants suggest it was "foreseeable for Plaintiffs at the time of filing their original motion" that the Reply exhibits would be necessary. Mot. at 3. But this argument is unpersuasive. Plaintiffs could not have foreseen that OU would criticize Ms. Amechi and Mr. Givel for describing their members' experiences since, among other reasons, hearsay is permissible for determining a preliminary injunction. *See, e.g., SEC v. Cherif,* 933 F.2d 403, 412 n.8 (7th Cir. 1991) ("hearsay can be considered in entering a preliminary injunction."), *cited with approval in Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003); *see also* Pls.' Response to OU's Mot. to Strike Affs. at 2-3. Nor could Plaintiffs have reasonably foreseen the Edmond Defendants would attach the 2021 Reading List, but not provide the former reading list for comparison purposes.
[5] *See, e.g.,* Mot. at 2 (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)). Moreover, even in the summary judgment context, the Tenth Circuit gives district courts the discretion to consider new arguments and materials on reply so long as they do not deny the opportunity to submit a sur-reply, which Defendants' Motion does not request. *Beaird,* 145 F.3d at 1164.

merits, giving courts wider discretion to consider probative evidence. *See Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1188 (10th Cir. 2003). As such, district courts in the Tenth Circuit have considered new materials and arguments offered as part of a reply on a motion for a preliminary injunction when such materials are "relevant, material, and probative." *See Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 208, 210 (D.N.M. 2005).

Here, Plaintiffs' three exhibits more than qualify as "relevant, material, and probative" of the vagueness and First Amendment issues presented by Plaintiffs' preliminary injunction motion. In addition to the fact that they directly respond to arguments advanced in Defendants' opposition papers, the two Reply declarations present testimony as to the specific ways H.B. 1775 has chilled speech related to race and sex on university campuses, and the adverse consequences flowing therefrom. *See, e.g.,* Second BERT Decl. ¶¶ 10-11; Doe Decl. ¶¶ 6-8. Likewise, the 2019 Reading List provides an important comparator to illustrate how EPS has removed authors of color from their required readings for on-level, high school English. *See* Pls. Reply at 19 n.13 (discussing ECF No. 66-3). Such evidence can assist this Court in determining whether to issue a preliminary injunction based on Plaintiffs' likelihood of prevailing on their First Amendment claims, and the extent to which H.B. 1775 inflicts immediate, irreparable harm and contravenes the public interest.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully urge this Court to deny Defendants' Motion to Strike the three exhibits attached to Plaintiffs' Reply.

Dated: February 1, 2022

Genevieve Bonadies Torres
David Hinojosa
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
   UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
gbonadies@lawyerscommittee.org
dhinojosa@lawyerscommittee.org

Gary Stein
Michael Cutini
Sara Solfanelli
Elahe Hosseini
Amir Shakoorian Tabrizi
Ramya Sundaram*
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY  10022
gary.stein@srz.com
michael.cutini@srz.com
sara.solfanelli@srz.com
amir.shakooriantabrizi@srz.com
ramya.sundaram@srz.com

Respectfully submitted,

*/s/ Megan Lambert*
Megan Lambert
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@acluok.org

Emerson Sykes
Leah Watson
Sarah Hinger
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
esykes@aclu.org
lwatson@aclu.org
shinger@aclu.org

*Counsel for Plaintiffs*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2022, I electronically filed the foregoing

Plaintiffs' Consolidated Reply in Support of Their Motion for a Preliminary Injunction

with the Clerk of Court via the Court's CM/ECF system, which effects service upon all

counsel of record.


Respectfully submitted,

*/s/ Megan Lambert*
Megan Lambert
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@aclu.ok.org


*Counsel for Plaintiffs*