UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] BLACK EMERGENCY RESPONSE TEAM, et al.<br>　　　*Plaintiffs*,<br><br>v.<br><br>[l] JOHN O'CONNOR, in his official capacity As Oklahoma Attorney General, et al.,<br><br>　　　*Defendants*. | Case No. 5:21-cv-1022-G<br><br>Hon. Charles B. Goodwin |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL PAPERS**

Plaintiffs Black Emergency Response Team (BERT), *et al.* ("Plaintiffs"), pursuant to Local Rule 7.1(i) and (k), respectfully request leave of this Court to supplement their Motion for Preliminary Injunction (Dkt. 27) with information and materials concerning a recent enforcement action taken by Defendant Oklahoma State Board of Education (the "Board") pursuant to H.B. 1775 (the "Act").[1]  This recent action has a direct bearing on the Court's consideration of the preliminary injunction request pending before this Court.

In support of their motion for leave, Plaintiffs state:

1. Plaintiffs filed their Motion for Preliminary Injunction in this case on October 29, 2021. (Dkt. 27.)

2. Defendants filed their Responses and Objections to Plaintiff's Motion for Preliminary Injunction on December 16, 2021. (Dkts. 58, 60-61.)

---

[1] Plaintiffs' proposed supplemental submission is attached hereto as Exhibit 1.

1

3. Plaintiffs filed their Consolidated Reply in Support of Their Motion for a Preliminary Injunction on January 13, 2022. (Dkt. 66.)

4. The parties discussed the Preliminary Injunction Motion via conference call with the Court conducted on January 25, 2022. (Dkt. 70.)

5. Plaintiffs seek to alert the Court to recent actions by the Board and the Oklahoma State Department of Education ("OSDE") that have a material bearing on the issues before the Court on Plaintiffs' motion for a preliminary injunction.

6. Specifically, on Thursday, July 28, 2022, the Board voted to penalize the Tulsa Public School District by adjusting its accreditation status to "Accredited with Warning." The accreditation change was based upon a finding by OSDE staff that a training program for Tulsa K-12 teachers designed, in part, to address potential bias included several of the "prohibited concepts" set forth in section 1(B)(1) of H.B. 1775.

7. In their preliminary injunction motion, Plaintiffs argue, in part, that the Act is unconstitutionally vague and overbroad resulting in improper censorship in schools and universities and impinging on the critical First Amendment interests at stake for both teachers and students. (Dkt. 27.)

8. The details and circumstances of this recent enforcement action, including the interpretation and application of the Act's prohibited concepts, are directly relevant to the parties' dueling arguments on vagueness, overbreadth and the Act's conformity with the First Amendment.

9. Plaintiffs believe that this additional information will benefit the Court as it considers the parties' arguments on Plaintiffs' motion because it provides an important example of the Act's real-life application and the reasoning of those tasked with interpreting and enforcing it.

10. Plaintiffs' counsel contacted Defendants' counsel on August 5, 2022 regarding any objection to this Motion.  The University of Oklahoma Board of Regents members ("OU Regents"), the Superintendent of Edmond Public Schools, and the Board of Education of Edmond Public Schools members ("EPS Board members") do not oppose the relief requested herein.  Counsel for the Oklahoma Attorney General, Oklahoma Superintendent of Public Instruction, members of the Oklahoma State Board of Education ("SBE members"), the Governor of Oklahoma, and members of the Oklahoma State Regents for Higher Education ("State Regents") stated they are unable to take a position until they have had a chance to review the submission attached herein.

## RELIEF REQUESTED

For the reasons stated above, Plaintiffs respectfully request this Court grant them leave to submit supplemental information addressing the Board and OSDE's recent enforcement action against the Tulsa Public Schools District pursuant to H.B. 1775.

Dated: August 8, 2022                                           Respectfully submitted,

Genevieve Bonadies Torres                                       /s/ Megan Lambert

<div style="column-count:2">

David Hinojosa
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
   UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
gbonadies@lawyerscommittee.org
dhinojosa@lawyerscommittee.org

Gary Stein
Sara Solfanelli
Ramya Sundaram
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY  10022
gary.stein@srz.com
michael.cutini@srz.com
sara.solfanelli@srz.com
amir.shakooriantabrizi@srz.com
ramya.sundaram@srz.com

Megan Lambert
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@acluok.org

Emerson Sykes
Leah Watson
Sarah Hinger
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
esykes@aclu.org
lwatson@aclu.org
shinger@aclu.org


*Counsel for Plaintiffs*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2022, I electronically filed the foregoing Plaintiffs' Motion to For Leave to File Supplemental Papers with the Clerk of Court via the Court's CM/ECF system, which effects service upon all counsel of record.

Respectfully submitted,

*/s/* Megan Lambert
Megan Lambert
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@aclu.ok.org

*Counsel for Plaintiffs*