# Exhibit 1



**OKLAHOMA STATE
DEPARTMENT of EDUCATION**

July 7, 2022

**VIA EMAIL ONLY**

▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Re: House Bill 1775 - Complaint

Dear ▓▓▓▓▓▓:

    The Oklahoma State Department of Education ("State Department") is in receipt of your written complaint (the "Complaint"), concerning alleged violations of the prohibited concepts set forth in House Bill 1775 (2021), codified at 70 O.S. § 24-157 (the "Statute"), as well as an administrative rule (the "Rule") corresponding thereto. A copy of the Complaint, Statute and Rule are enclosed. Generally, the Complaint identifies two issues regarding Tulsa Public Schools ("District") allegedly violating the Statute, those being:

1. not providing information and awareness regarding resources, policies and procedures for how individuals may file a complaint with the District, alleging a violation of the Statute; and
2. a mandatory training was provided by the District to its employees, which included, incorporated or was based on discriminatory practices prohibited by the provisions of the Statute.

    The State Department has completed its investigation into the allegations in the Complaint. As set forth in detail below, the State Department is unable to substantiate the first portion of the Complaint regarding an alleged procedural violation but does substantiate the second of the allegations, that concerning a mandatory staff training.

    Relating to the first allegation, the Rule provides:

(g) **Public School Policies and Investigations**. To ensure compliance, public schools shall be required to adopt policies and procedures, including incorporating into employee and student handbooks, the requirements of 70 O.S. § 24-157(B) and this rule. A public school's policy developed pursuant to this section must specifically notify individuals of the right to file complaints under subsection (g) of this rule. Public schools shall ensure that the parent or legal guardian of all students enrolled in the school are annually notified of the non-discrimination requirements in 70 O.S. § 24-157(B) and this rule.
Oklahoma Administrative Code ("OAC") 210:10-1-23(g).

1

2500 NORTH LINCOLN BOULEVARD, OKLAHOMA CITY, OKLAHOMA 73105-4599
(405) 521-3301 PHONE • (405) 521-6205 FAX • WWW.OK.GOV/SDE

The Rule also requires public schools to develop a process for students, parents, teachers, school staff, and members of the public to file a complaint alleging a violation of the provisions of the Statute and/or the Rule. *Id.* In the Complaint, it is alleged that "after searching for over an hour" you were unable to find any resources or information on how to report violations to the District. The State Department's review of the District's website demonstrates the District is in compliance with requirements in the Rule. On its website, the District houses its Board Policy Manual[1], which includes Policy 3405 and associated regulation 3405-R. The policy was put in place to "establish guidelines for discussing controversial issues and using controversial materials" and is designed to provide the process and procedures for parents/guardians of the school community to challenge controversial materials. Just below Policy 3405 in the District's Policy Manual is Regulation 3405-R, relating to an individual's right to file a complaint pursuant to the Rule. Consistent with the Rule's requirement to specifically notify individuals of the right to file complaints under the rule, the District's policy and regulation expressly state:

> "[a]ny individual who has witnessed or experienced the violation of Oklahoma Statute Title 70, § 24-157 or Oklahoma Administrative Code 210:10-1-23 and wishes to file a complaint with the District must do so by contacting the Executive Direct of Student and Family Services at HB1775complaints@tulsaschools.org or may also be reached at 918-746-6287.

As such, the State Department hereby finds the District has complied with the Rule's requirement for a public school to adopt policies and procedures for the filing of a complaint and providing notification to individuals regarding an alleged violation of House Bill 1775 and/or the Emergency Rules.

Turning to the second allegation in the Complaint, it is alleged that you, as an employee of Tulsa Public Schools, were told that you must complete a mandatory set of compliance courses, one of which had content in violation of the Statute. The Statute prohibits any teacher, employee of a public school or the public school from providing the following concept(s) as a part of any course:

1. one race or sex is inherently superior to another race or sex;
2. an individual, by virtue of his or her race or sex, is inherently racist, sexist or oppressive, whether consciously or unconsciously;
3. an individual should be discriminated against or receive adverse treatment solely or partly because of his or her race or sex;
4. members of one race or sex cannot and should not attempt to treat others without respect to race or sex;
5. an individual's moral character is necessarily determined by his or her race or sex;
6. an individual, by virtue of his or her race or sex, bears responsibility for actions committed in the past by other members of the same race or sex;
7. any individual should feel discomfort, guilt, anguish or any other form of psychological distress on account of his or her race or sex; or
8. meritocracy or traits such as a hard work ethic are racist or sexist or were created by members of a particular race to oppress members of another race.

---

[1] https://resources.finalsite.net/images/v1631211115/tulsaschoolsorg/v6iwmqx6kvyrx0ocpixr/PolicyManual2021.pdf

2

Additionally, the Rule prohibits the District from providing a mandatory training that includes, incorporates or is based on the outlawed concepts in the Statute. OAC 210:10-1-23(d)(7).

With these provisions in mind, the OSDE reviewed the images of the training provided with the Complaint, as well as information provided by the District. In addition, following the OSDE's review of that information, the OSDE requested access – and was provided access – to the course, which was entitled "Cultural Competence and Racial Bias." Upon reviewing this information, the OSDE did not find any evidence to substantiate the allegation that the training included "statements that specifically shame white people for past offenses in history, and state that all are implicitly racially biased in nature." In fact, upon only reviewing the slides (without audio), the OSDE concluded there was no violation of the Statute and its proscription on the identified concepts being a part of any course. However, the audio provided in conjunction with the training did evidence the following:

1. societal systems, including public schools, were originally solely developed by the majority, who were then predominantly White, middle-class individuals;
2. demographics are changing and we can expect to be interacting with students of varying cultures, ethnicities and backgrounds such that we need to be aware of our own inherent biases, as well as historical biases against minorities;
3. deeply rooted stereotypes, built over time and by history and culture, can still be found in classrooms. These can turn into implicit bias and can eventually lead to discrimination if unchecked;
4. statistics demonstrate that while just 18% of preschool students were Black in 2015, they accounted for 42% of the out-of-school suspensions, that Black students were suspended three times more than White students, that Black students with disabilities are more likely to be suspended or restrained, and that teachers hold lower expectations (explicitly or implicitly) for Black and Latino children as compared to White peers;
5. while progress has been made toward racial equality, more supports are needed to adapt to changing classrooms, including a need to examine implicit biases, how societal and systemic systems are biased against minority students; and
6. the goal of the course is to provide an overview of racial bias, including a discussion of understanding racial bias and strategies to develop cultural competence.

In light of this information, the OSDE has concluded that the training included, incorporated or is based on the outlawed concepts in the Statute, specifically the following:

1. an individual, by virtue of his or her race or sex, is inherently racist, sexist or oppressive, whether consciously or unconsciously;
2. an individual, by virtue of his or her race or sex, bears responsibility for actions committed in the past by other members of the same race or sex; and/or,
3. any individual should feel discomfort, guilt, anguish or any other form of psychological distress on account of his or her race or sex.

To be clear, while there may not be express statements that an individual is inherently racist because of their race, consciously or unconsciously, there is evidence making it more likely than not that the training incorporated and/or or is based on such concepts. Similarly, whereas there was not explicit content that an individual, because of their race, is responsible for actions in the past, evidence

3

provided makes it more likely than not that the training is based on or incorporates that responsibility. Finally, though there were not direct statements in the training that an individual should feel discomfort or guilt because of their race, the design and basis of the training makes it more likely than not that it incorporates and/or is based on such a concept. Based on these determinations and a finding of non-compliance with the Statute and the Rule, the OSDE will recommend that the State Board adjust the District's accreditation status to "Accredited with Deficiency." OAC 210:10-1-23(h); 210:35-3-201; 70 O.S. § 3-104.4.

This concludes the OSDE's review of the Complaint. This review reflects the OSDE's determination in an individual case and should not be interpreted to address the District's compliance with any other statute or regulatory provision(s), or any matter other than those addressed herein. Under the Oklahoma Open Records Act, it may be necessary to release this document and related correspondence and records upon request. If the OSDE receives such a request, it will seek to protect, to the extent allowed by law, personally identifiable information which, if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy. Further, the OSDE will seek to protect, to the extent allowed by law, information that may be subject to federal copyright law or otherwise protected intellectual property.

Should you have any questions or wish to further discuss anything, please do not hesitate to contact me.

Sincerely,

*Brad Clark*

Brad S. Clark
General Counsel

Cc: Tulsa Public Schools, c/o Jana Burk, General Counsel
burkja@tulsaschools.org
State Board of Education, c/o Travis Jett, General Counsel
travis@hodgdenlaw.com

Enclosures (3)

4

2500 North Lincoln Boulevard, Oklahoma City, Oklahoma 73105-4599
(405)521-3301 phone • (405)521-6205 fax • www.ok.gov/sde

Accreditation Standards Division                              Feb 2, 2022
Oklahoma State Department of Education
2500 North Lincoln Boulevard, Suite 210
Oklahoma City, OK 73105


To Accreditation Standards Division:
    Please accept the following report about a violation of Hb1775 at my school, Memorial High School, Tulsa, Oklahoma. I am a ▮▮▮▮▮▮▮▮ teacher at Memorial High School and am being told by Tulsa Public Schools administrators that I must complete a mandatory set of 3 compliance courses through Vector Solutions - Vector Training, K-12 Edition. The 2nd compliance course contains a section that includes statements that specifically shame white people for past offenses in history, and state that all are implicitly racially biased by nature.
    I have attached pictures from the videos I have been forced to watch this semester. Please let me know if you need more information. I am happy to cooperate with your investigation. I am reporting this straight to your department because, after searching for over an hour, I could not find any resources on Tulsa Public School's website that direct a person to the process of reporting violations. There are no procedures listed anywhere, which is another violation of Hb1775.
    Thank you for reading and investigating my report.

Regards,



▮▮▮▮▮▮▮▮ Teacher
Memorial High School



**Title 70. Schools**

📁 **Oklahoma Statutes Citationized**
  📁 **Title 70. Schools**
    📁 **Chapter 1 - School Code of 1971**
      📁 **Article Article XXIV - Miscellaneous Provisions**
        📄 **Section 24-157 - Prohibition of Mandatory Gender or Sexual Diversity Training or Counseling - Prohibited Course Concept     Rule**

Cite as: 70 O.S. § 24-157 (OSCN 2022)

A. 1.  No enrolled student of an institution of higher education within The Oklahoma State System of Higher Education shall be required to engage in any form of mandatory gender or sexual diversity training or counseling; provided, voluntary counseling shall not be prohibited.  Any orientation or requirement that presents any form of race or sex stereotyping or a bias on the basis of race or sex shall be prohibited.

2  Pursuant to the provisions of the Administrative Procedures Act, the Oklahoma State Regents for Higher Education shall promulgate rules, subject to approval by the Legislature, to implement the provisions of this subsection

B.  The provisions of this subsection shall not prohibit the teaching of concepts that align to the Oklahoma Academic Standards.

1  No teacher, administrator or other employee of a school district, charter school or virtual charter school shall require or make part of a course the following concepts

a.  one race or sex is inherently superior to another race or sex,

b  an individual, by virtue of his or her race or sex, is inherently racist, sexist or oppressive, whether consciously or unconsciously,

c.  an individual should be discriminated against or receive adverse treatment solely or partly because of his or her race or sex,

d   members of one race or sex cannot and should not attempt to treat others without respect to race or sex,

e.  an individual's moral character is necessarily determined by his or her race or sex,

f  an individual, by virtue of his or her race or sex, bears responsibility for actions committed in the past by other members of the same race or sex,

g.  any individual should feel discomfort, guilt, anguish or any other form of psychological distress on account of his or her race or sex, or

h   meritocracy or traits such as a hard work ethic are racist or sexist or were created by members of a particular race to oppress members of another race

2.  The State Board of Education shall promulgate rules, subject to approval by the Legislature, to implement the provisions of this subsection.

*Historical Data*

Laws 2021, HB 1775, c  426,   1, emerg  eff  July 1, 2021

*Citationizer© Summary of Documents Citing This Document*

*Cite        Name Level*
None Found.

*Citationizer: Table of Authority*

**TITLE 210. STATE DEPARTMENT OF EDUCATION**
**CHAPTER 10. SCHOOL ADMINISTRATION AND INSTRUCTIONAL SERVICES**

*PURSUANT TO THE ACTIONS DESCRIBED HEREIN, THE FOLLOWING EMERGENCY RULES ARE CONSIDERED PROMULGATED AND EFFECTIVE UPON APPROVAL BY THE GOVERNOR AS SET FORTH IN 75 O.S., SECTION 253(F):*

**SUBCHAPTER 1. GENERAL PROVISIONS**

**210:10-1-23. Prohibition of race and sex discrimination**
(a) Purpose. It shall be the policy of the Oklahoma State Board of Education to prohibit discrimination on the basis of race or sex in the form of bias, stereotyping, scapegoating, classification, or the categorical assignment of traits, morals, values, or characteristics based solely on race or sex. Public schools in this state shall be prohibited from engaging in race or sex-based discriminatory acts by utilizing these methods, which result in treating individuals differently on the basis of race or sex or the creation of a hostile environment.
(b) **General.**
   (1) **Definitions.**
      (A) "**Public School**" means the board of education of a school district, charter school, virtual charter school or otherwise accredited school, as defined and provided for in 70 O.S. § 1-108, 70 O.S. § 3-132, 70 O.S. § 3-145.3 and 70 O.S. § 3-104, respectively.
      (B) "**Course**" means any forum where instruction or activities tied to the instruction are provided, including courses, training, seminars, professional development, lectures, sessions, coaching, tutoring, or any other class.
      (C) "**Teacher**" means the same as it is defined in 70 O.S. § 1-116.
   (2) **Applicability.** As expressly set forth in 24 O.S. § 24-157(B), this rule shall apply to any Teacher, administrator or other employee of a Public School.
   (3) **Nondiscrimination.** Nothing in this rule shall be intended to prohibit a Public School from employing lawful methods to address discrimination consistent with the requirements of the Equal Protection Clause of the Fourteenth Amendment, Title VI of the Civil Rights Act of 1964 ("Title VI"), Title IX of the Education Amendments of 1972 ("Title IX"), and 70 O.S. § 24-157. Further, nothing in this rule shall interfere or impair a Public School under a court order of desegregation.
   (4) **Severability.** If any specific provision of this rule or its application to any person or Public School is held invalid, the remainder of the rule or the application of its provisions to any school, person, practice or entity shall not be affected.
   (5) **Instruction.** Nothing in this rule shall be construed to prevent the teaching of history, social studies, English language arts, biology or any other subject matter area consistent with the Oklahoma Academic Standards as adopted and approved by the State Board of Education and approved by the Oklahoma Legislature.
   (6) **Title IX of the Education Amendments of 1972.** Nothing in this rule shall be interpreted to prohibit the lawful consideration of sex, as authorized by Title IX, which permits distinctions and/or classifications based on sex in specific circumstances. This includes but is not limited to the provision of single-sex programs, the establishment of separate sex facilities (bathrooms and locker rooms) or sex-specific athletic teams, consistent with the requirements of Title IX and its implementing regulations at 34 C.F.R. Part 106.

(c) **General Prohibition**. No teacher, administrator or other school employee shall require or make part of any Course offered in a public school the following discriminatory principles:
    (1)    One race or sex is inherently superior to another race or sex,
    (2)    An individual, by virtue of his or her race or sex, is inherently racist, sexist or oppressive, whether consciously or unconsciously,
    (3)    An individual should be discriminated against or receive adverse treatment solely or partly because of his or her race or sex,
    (4)    Members of one race or sex cannot and should not attempt to treat others without respect to race or sex,
    (5)    An individual's moral character is necessarily determined by his or her race or sex,
    (6)    An individual, by virtue of his or her race or sex, bears responsibility for actions committed in the past by other members of the same race or sex,
    (7)    Any individual should feel discomfort, guilt, anguish or any other form of psychological distress on account of his or her race or sex, or
    (8)    Meritocracy or traits such as a hard work ethic are racist or sexist or were created by members of a particular race to oppress members of another race.

(d) **Specific Prohibitions Ensuring Compliance**. To ensure compliance with 70 O.S. § 24-157(B) and to not discriminate on the basis of race or sex, as a part of any Course or activities, the following requirements shall apply to Public Schools, any Teacher, administrator, other employee, or other individual, group or representative of a Public School:
    (1)    Public schools in this state shall be prohibited from providing, contracting to provide, offering or sponsoring any Course(s), as defined in subsection (b)(1)(B), that includes, incorporates, or is based on discriminatory practices identified in section (c).
    (2)    Public schools in this state shall be prohibited from using any monies, property, or any other assets or resources to engage in race or sex-based discrimination, including discriminatory practices identified in section (c).
    (3)    Public schools in this state shall be prohibited from adopting programs or utilizing textbooks, instructional materials, curriculum, classroom assignments, orientation, interventions, or counseling that include, incorporate or are based on the discriminatory concepts identified in subsection (c).
    (4)    Public schools in this state shall be prohibited from executing contracts or agreements with internal or external entities, persons, companies or businesses to provide services, training, professional development, or any other assistance that includes, incorporates or is based on discriminatory practices identified in section (c). Within sixty (60) days of the approval of this rule, existing contracts or agreements executed by public schools that conflict with this requirement shall be amended to come into compliance with this section. Contracts or agreements executed solely to provide services prohibited by 70 O.S. § 24-157(B) or sections (c) or (d) of this rule shall be cancelled or terminated, consistent with the terms of the contract and applicable law.
    (5)    Public schools in this state shall be prohibited from receiving or applying to receive any monies that require, as a condition of receipt, the adoption of a Course(s), policies, curriculum, or any other instructional material that includes, incorporates or is based on discriminatory practices identified in subsection (c).
    (6)    Public schools in this state shall be prohibited from adopting diversity, equity, or inclusion plans that incorporate the concepts identified in subsection (c). Diversity officers in public schools shall be prohibited from providing any service or performing duties that include, incorporate, or are based on discriminatory practices identified in

subsection (c).

(7) Public schools shall be prohibited from mandating diversity training that includes, incorporates or is based on discriminatory practices identified in subsection (c). This includes providing such training to employees, contractors, staff members, parents, students, or any other individual or group.

(8) Public schools in this state shall be prohibited from adopting policies, including grading or admissions policies, or providing any other benefit or service that applies to students or any school employee differently on the basis of race or sex, unless specifically permitted by Title IX. (See (b)(6)). This prohibition includes segregated classes, programs, training sessions, extracurricular activities, or affinity groups unless otherwise permitted by Title IX. (See (b)(6)).

(e) **Parents Rights**. Parents and legal guardians of students enrolled in Public Schools in this state shall have the right to inspect curriculum, instructional materials, classroom assignments, and lesson plans to ensure compliance with 70 O.S. § 24-157(B). Consistent with 25 O.S. § 2002, no public school shall interfere with or infringe upon the fundamental rights of parents to determine their child's education.

(f) **State Department of Education and State Board of Education.** To ensure the compliance with the requirements of 70 O.S. § 24-157(B), as a part of any Course, the following requirements shall apply to the State Board of Education and the State Department of Education, respectively:

(1) The State Board of Education shall be prohibited from mandating state standards or promulgating any rule that is based on, includes or incorporates discriminatory concepts of race or sex-based discrimination, including concepts identified in section (c).

(2) The State Department of Education shall be prohibited from providing resources, instructional support, courses, training, seminars, professional development, or any other class to public schools that is based on, includes or incorporates discriminatory concepts identified in section (c). This prohibition includes executing contracts or agreements with external entities, persons, companies or businesses to provide services, training, professional development, or any other assistance that includes, incorporates or is based on discriminatory practices identified in section (c) to public schools under the supervision of the Oklahoma State Board of Education and State Department of Education.

(3) The State Department of Education shall be prohibited from receiving or applying to receive any monies that require, as a condition of receipt, the adoption of programs, policies, curriculum, or any other instructional material that includes, incorporates or is based on discriminatory practices identified in subsection (c).

(g) **Public School Policies and Investigations.** To ensure compliance, public schools shall be required to adopt policies and procedures, including incorporating into employee and student handbooks, the requirements of 70 O.S. § 24-157(B) and this rule. A public school's policy developed pursuant to this section must specifically notify individuals of the right to file complaints under subsections (g) of this rule. Public schools shall ensure that the parent or legal guardian of all students enrolled in the school are annually notified of the non-discrimination requirements in 70 O.S. § 24-157(B) and this rule.

(1) Public schools shall be required to develop a process for students, parents, teachers, school staff, and members of the public to file a complaint alleging a violation of the provisions of 70 O.S. § 24-157 or this rule. In order for a complaint to be accepted for investigation, it must:

(A) Be submitted in writing, signed and dated by the complainant, including complaints submitted through electronic mail that include electronic signatures;

3

      (B)    Identify the dates the alleged discriminatory act occurred;
      (C)    Explain the alleged violation and/or discriminatory conduct and how 70 O.S. § 24-157 or the provisions of this rule have been violated;
      (D)    Include relevant information that would enable a public school to investigate the alleged violation; and
      (E)    Identify witnesses the school may interview, if applicable, provided the school will not dismiss a complaint for failure to identify witnesses.

(2)    Public schools shall be required to designate at least one employee to receive reports of violations filed by students, parents, teachers, school staff, or members of the public. Public schools shall identify the employee(s) responsible for receiving complaints in policies and materials published pursuant to section (g).
      (A)    The contact information of employee(s) responsible for receiving complaints, including telephone and e-mail, shall be included in the policies and materials adopted pursuant to section (g) and shall be made publicly available on the public school's website.
      (B)    The employee(s) responsible for receiving complaints pursuant to this section shall notify the complainant that the complaint has been received and whether it will be investigated within ten (10) days of receipt.

(3)    Public schools shall be required to investigate all legally sufficient complaints that meet the requirements of subsection (g)(1) and make a determination as to whether a violation occurred. A public school must conclude the investigation of a complaint filed pursuant to subsection (g)(1) within ninety (90) days of receipt.
      (A)    A complainant shall be notified in writing of a final determination, including the public school's findings of whether a violation occurred.
      (B)    It is permissible for a public school to receive, process, and investigate complaints filed under this subsection in the same manner in which the public school processes and investigates all other complaints of discrimination, provided the public school notifies a complainant pursuant to subsection (g)(2)(B), reaches a final determination in the investigation within ninety (90) days of receipt of the complaint pursuant to subsection (g)(3) of this rule and complies with (g)(3)(A).

(4)    A complainant may file a complaint alleging a violation of 70 O.S. § 24-157 or this rule directly with a public school pursuant to subsection (g)(1) of this rule or may file a complaint directly with the State Department of Education pursuant to subsection (h)(2) of this rule provided:
      (A)    A complainant may not file complaints simultaneously with a public school and the State Department of Education;
      (B)    The State Department of Education may not require a complainant to first file with a public school prior to seeking relief pursuant to (h)(2); and
      (C)    Any complainant who believes that a public school has incorrectly refused to investigate a complaint or has evidence that a public school has reached an incorrect determination may subsequently file a complaint with the State Department of Education pursuant to subsection (h)(2) of this rule.

(h)    **Accreditation.** Consistent with State Board of Education's authority under 70 O.S. § 3-104.4 (I)(5), public schools in this state shall be evaluated annually to ensure compliance with 70 O.S. § 24-157(B) and the requirements of this rule.
    (1)    **Public School Application for Annual Accreditation**. Consistent with the provisions and requirements of OAC 210:35-3-201, a school's failure to comply with 70 O.S. § 24-157(B) or any requirement in this rule shall, at a minimum, result in the

4

accreditation status of the public school being classified "Accredited With Deficiency." The public school shall have one school year to correct deficiencies.

    (A)    A public school that fails to correct deficiencies after being classified as "Accredited With Deficiency" for violations of 70 O.S. § 24-157(B) or any requirement in this rule shall be classified, at a minimum, "Accredited With Probation" in the second year of noncompliance for "deliberately and unnecessarily violating one or more regulations." (See OAC 210: 35-3-201(b)(4)C)). The public school shall have one school year to correct deficiencies.

    (B)    A public school that fails to correct deficiencies after being classified as "Accredited With Probation" for violations of 70 O.S. § 24-157(B) or any requirement in this rule shall be classified "Nonaccredited" in the third year of noncompliance consistent with Oklahoma statutes and the State Board of Education's administrative rules, processes and procedures. (See OAC 210: 35-3-201).

    (2)    **Investigation and Immediate Action.** Consistent with the requirements of 70 O.S. § 3-104.4, the Department shall investigate any complaint of any failure to comply with accreditation standards, including compliance with 70 O.S. § 24-157(B) or any requirement in this rule. If the Department determines that a public school has failed to comply with the accreditation standards, including this rule, the Department shall report the information to the State Board for further action, and within the timeline, provided in 70 O.S. § 3-104.4.

(i)    **Public Reporting.** Public School employee(s) designated pursuant to subsection (g)(2) shall be required to report for each complaint filed pursuant to subsection (g)(1) to the State Department of Education within thirty (30) days of resolution of the complaint. The State Department of Education shall report quarterly to the State Board of Education on complaints filed pursuant to subsection (f), including:

    (1)    The number of complaints filed with Public Schools;
    (2)    The number of complaints dismissed or not investigated;
    (3)    The number of complaints opened for investigation;
    (4)    The number of cases where, following a full investigation, the Public School determined that a violation occurred; and
    (5)    The number of cases where, following a full investigation, the Public School determined no violation occurred.
    (6)    The number of cases where, following a full investigation, the State Department of Education has determined that a violation occurred or did not occur.

(j)    **Suspension or Revocation.** Consistent with OAC 210:1-5-6 and subsection (b)(1)(C), the provisions of this rule shall apply to superintendents of schools, principals, supervisors, librarians, school, classroom teachers or other personnel performing instructional, administrative and supervisory services in the public schools.

    (1)    **Suspension.** As a part of its investigation of a legally sufficient complaint filed pursuant to subsection (g), the State Department of Education shall make a determination of whether to initiate proceedings to suspend the license or certificate of any school employee who is found to have violated 70 O.S. § 24-157(B) or any provision of this rule, consistent with the State Board's processes and procedures for suspension of certificates.

    (2)    **Grounds for Revocation.** Consistent with OAC 210:1-5-6, subsection (b), the State Board of Education shall initiate proceedings to revoke the license or certificate of any school employee for "willful violation" of 70 O.S. § 24-157(B) or any requirement in this rule. (See OAC 210: 1-5-6(b)(1) - (b)(2)). The requirements and processes outlined in OAC 210:1-5-6, including the rights afforded to certificate holders, shall apply to all revocation

<u>proceedings.</u>
(k) **Retaliation.** <u>Consistent with the provisions of Title VI and Title IX, no individual shall be retaliated against for: 1) filing a complaint pursuant to subsections (g)(1) or (h)(2) of this rule; or 2) the purpose of interfering with any right or privilege secured by federal civil rights laws and regulations. Any school employee who retaliates against a complainant shall be subject to disciplinary action pursuant to subsection (j) of this rule.</u>
(l) **Whistleblower Protection.** <u>Any Teacher who files a complaint pursuant to subsection (g)(1) or (h)(2) of this rule or otherwise discloses information the teacher reasonably believes evidences a violation of 70 O.S. § 24-157(B) or this rule shall be entitled to the Whistleblower Protections in applicable laws, including those at 70 O.S. § 6-101.6b</u>**.**
(m) **False Reporting.** <u>Any Teacher or other school employee who, willfully, knowingly and without probable cause makes a false report pursuant to subsection (g)(1) or (h)(2) of this rule may be subject to proceedings pursuant to subsection (j) of this rule.</u>
(n) **Complaints by School Staff.** <u>Any school employee who is discriminated against by a public school in the form of race or sex based harassment, bias, stereotyping, scapegoating, classification, or the categorical assignment of traits, morals, values, or characteristics based solely on race or sex in violation 70 O.S. § 24-157(B), may file an employment discrimination complaint with the Oklahoma Attorney General's Office of Civil Rights Enforcement pursuant to 25 O.S. § 1101, *et seq.*</u>
(o) **Relief.** <u>Title VI and Title IX may be enforced by private right of action, whereby aggrieved parties may seek relief, including monetary damages, for violations of federal antidiscrimination laws. Victims of discrimination may file a lawsuit directly against the Public School. In addition to any private rights of action, aggrieved parties may seek applicable remedies through the U.S. Department of Education's Office for Civil Rights or the U.S. Department of Justice's Civil Rights Division.</u>