IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BLACK EMERGENCY RESPONSE TEAM, *et al.*,

        *Plaintiffs,*

v.

JOHN M. O'CONNOR, *et al.*,

        *Defendants.*

Case No:   21-cv-1022-G

## DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY

Pursuant to local rule LCvR 7.1(i), Defendants respectfully move to file a short surreply to Plaintiffs' new materials. A surreply is typically only proper when responding to new material and with leave of the Court. *See, e.g., Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005); *State of Kansas v. United States*, 192 F. Supp. 3d 1184, 1189 (D. Kan. 2016). And the Court should permit the filing of a surreply "only where a valid reason for additional briefing exists, such as where the movants raise new arguments in their reply briefs." *Chrisman v. Bd. of Cnty. Commissioners of Oklahoma Cnty.*, No. CIV-17-1309-D, 2021 WL 6754529, at *1 (W.D. Okla. Mar. 11, 2021).

Petitioners' claim that Defendants 1-18 "omitted [slides] from the State's exhibit" in the Tulsa case and "omit[ted] evidence" from the Mustang case merits allowing Defendants the opportunity to respond. The attached surreply does just that, and little more, and should be permitted.

Respectfully submitted,

*s/Zach West*

ZACH WEST
   *Solicitor General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Direct: (405) 521-3921
Zach.west@oag.ok.gov

*Counsel for Defendants John M. O'Connor; Joy Hofmeister; members of the Oklahoma State Board of Education; Kevin Stitt; & the Oklahoma State Regents for Higher Education*