UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLACK EMERGENCY RESPONSE TEAM, et al.<br>  *Plaintiffs*,<br><br>v.<br><br>JOHN O'CONNOR, in his official capacity As Oklahoma Attorney General, et al.,<br><br>  *Defendants*. | Case No. 5:21-cv-1022-G<br><br>Hon. Charles B. Goodwin |

### PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY PURSUANT TO LOCAL RULE 26.3(c) & MEMORANDUM OF LAW IN SUPPORT

Plaintiffs Black Emergency Response Team (BERT), *et al.* ("Plaintiffs"), pursuant to Local Rule 26.3(c), respectfully request leave of this Court to conduct limited written discovery of Defendants 1-18 (hereinafter "State Defendants"), who have filed an Answer in this case (Dkt. 53), and of non-parties with relevant information to the claims against State Defendants. Commencing limited discovery at this juncture will not prejudice any party, and it will advance the ultimate purpose of discovery to "produce evidence for the speedy determination of the trial." *Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966).

### BACKGROUND

Plaintiffs filed their Complaint (Dkt. 1) challenging H.B. 1775 on October 19, 2021. Plaintiffs filed a Motion for Preliminary Injunction (Dkt. 27) on October 29, 2021. Plaintiffs filed an Amended Complaint (Dkt. 50) on November 9, 2021.

1

The State Defendants[1] filed an Answer to Plaintiffs' Amended Complaint on November 23, 2021 (Dkt. 53), which responded to all four of the claims Plaintiffs raised in their Amended Complaint against the State Defendants: (1) H.B. 1775 is unconstitutionally vague and violates Plaintiffs' Fourteenth Amendment rights to due process facially and as applied by the State Defendants; (2) H.B. 1775 is overbroad and violates Plaintiffs' First Amendment rights to information facially and as applied by the State Defendants; (3) H.B. 1775 is overbroad and violates Plaintiffs' First Amendment rights by imposing unconstitutional viewpoint-based restrictions on academic freedom facially and as applied by the State Defendants; and (4) H.B. 1775 is racially discriminatory and violates Plaintiffs' Fourteenth Amendment right to equal protection as applied by the State Defendants.

On November 23, 2021, the remaining defendants in the case—the Board of Regents for the University of Oklahoma and its members ("OU Regents") and Edmond Public Schools ("EPS")—each filed a motion to dismiss. (Dkt. 51; Dkt. 52). On January 13, 2022, briefing closed on Plaintiffs' Motion for Preliminary Injunction. (*See* Dkt. 66). On January 20, 2022, briefing closed on the OU Regents' and EPS's Motions to Dismiss.

---

[1] The State Defendants (*i.e.* Defendants who were numbered 1-18 on the Amended Complaint) include: John O'Connor, in his official capacity as Oklahoma Attorney General; Joy Hofmeister, in her official capacity as Oklahoma Superintendent of Public Instruction; William Flanagan, Carlisha Bradley, Jennifer Monies, Estela Hernandez, Brian Bobek, and Trent Smith, in their official capacities as members of the Oklahoma State Board of Education; Kevin Stitt, in his official capacity as Governor of Oklahoma; and Jeffrey Hickman, Michael Turpen, Steven Taylor, Dennis Casey, Jay Helm, Ann Holloway, Joseph Parker Jr., Jack Sherry, and Courtney Warmington in their official capacities as the Oklahoma State Regents for Higher Education.

(*See* Dkt. 71; Dkt. 73). On January 25, 2022, this Court held a telephonic status conference with the parties to discuss Plaintiffs' Motion for Preliminary Injunction. The Court advised the parties that since no party required additional evidentiary testimony, the Court would rule on the motions without a hearing.

On July 28, 2022, the State Board of Education ("SBE"), a defendant in this case, took its first enforcement actions under H.B. 1775. First, the Board voted to penalize the Tulsa Public School District by adjusting its accreditation status to "Accredited with Warning" based upon findings by the Oklahoma State Department of Education that an anti-bias training program for Tulsa K-12 teachers included several of the "prohibited concepts" set forth in Section 1(B)(1) of H.B. 1775. (*See* Dkt. 83 at 1). In addition, the SBE voted in favor of downgrading Mustang Public Schools' status to "Accredited with Warning" based on an alleged violation of H.B. 1775. (*Id.* at 6 n.7). With the permission of this Court, Plaintiffs filed a supplemental brief in support of their Motion for Preliminary Injunction regarding the SBE's enforcement actions. (Dkt. 83). Briefing on the supplemental papers concluded on September 21, 2022. (*See* Dkt. 99).

On November 29, 2022, Plaintiffs' counsel contacted the State Defendants' counsel to confer about conducting limited discovery in light of the State Defendants' decision to answer the Amended Complaint. On December 12, 2022, counsel for Plaintiffs and the State Defendants met to discuss the possibility of entering a stipulation for limited written discovery. Plaintiffs proposed limiting discovery in three ways: (i) discovery would be limited to the State Defendants and/or non-parties with relevant information to the claims against State Defendants, and would not include EPS or the OU

3

Regents given their pending Motions to Dismiss; (ii) Plaintiffs and the State Defendants would only conduct written discovery, including requests for production, requests for admission, and/or interrogatories; and (iii) the scope of discovery would be limited to relevant information related to claims against the State Defendants. On December 20, 2022, the State Defendants informed Plaintiffs that they would not agree to limited discovery.

## ARGUMENT

Under Local Rule 26.3, discovery "begin[s] when [a] case is at issue unless the parties agree or the court orders otherwise." LCvR26.3. However, when "a motion has been made pursuant to Fed. R. Civ. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case." LCvR26.3(a). Even in circumstances where Local Rule 26.3(a) presumptively stays discovery, a party may commence discovery at an earlier time either by entering a stipulation, LCv26.3(b), or by moving for discovery through written motion, LCvR26.3(c).

Because the State Defendants declined to stipulate to Plaintiffs' discovery proposal, Plaintiffs respectfully move under Local Rule 26.3(c) to commence limited discovery of the State Defendants and non-parties with relevant information to the claims against the State Defendants. As further detailed below, such limited discovery is warranted because it serves the interests of efficiency and expediency, and no party will be unduly prejudiced.

### a. *Limited discovery should commence because Plaintiffs' claims against the State Defendants are "at issue" under Rule 26.3.*

The purpose of Local Rule 26.3 is to ensure that the discovery process begins when a case is "at issue." LCvR26.3 ("Discovery to Begin When Case Is at Issue Unless the Parties Agree or the Court Orders Otherwise"). Here, there is no serious dispute that Plaintiffs' claims against the State Defendants are "at issue" (*i.e.* as applied and facial challenges of vagueness, right to receive information, viewpoint-based restriction on academic freedom, and racially discriminatory purpose, *see supra* at 2) because the State Defendants chose to file an Answer, rather than moving to dismiss. *See Safeco Ins. Co. of Am. v. Est. of Speck*, No. 20-CV-238-TCK-FHM, 2020 WL 4757074, at *1 (N.D. Okla. Aug. 17, 2020) ("The civil action is currently at issue after counsel retained by Safeco for Taylor filed an answer."). While Local Rule 26.3(a) may prevent Plaintiffs from seeking discovery against EPS and the OU Regents who filed motions to dismiss, it does not prevent discovery against a defendant who has filed an answer and as to whom the case is at issue. To interpret Local Rule 26.3 otherwise would contravene the general rule that discovery rules should be "applied as broadly and liberally as possible," *Hickman v. Taylor*, 329 U.S. 495, 506 (1947), in order "to narrow and clarify the basic issues between the parties." *Id.* at 501; *see also Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 139 (W.D. Okla. 1977) ("Discovery rules are to be accorded a broad and liberal treatment.").

A reasonable reading of the local rule would also better serve judicial efficiency. No matter how this Court resolves the pending motions to dismiss, Plaintiffs' claims

against the State Defendants will proceed. Thus, permitting limited written discovery against the State Defendants will allow the parties to expediently refine the live disputes at issue by obtaining "the fullest possible knowledge of the issues and facts." *Hickman*, 329 U.S. at 501.

### b. Limited discovery is appropriate to advance the just and speedy resolution of the claims at issue, and no party will be prejudiced.

This Court has "broad discretion over the control of discovery." *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010). Indeed, Local Rule 26.3(c) expressly permits this Court to consider requests to conduct discovery even if 26.3(a) may otherwise bar discovery while motions to dismiss are pending. And Plaintiffs' reasonable and narrow request to conduct necessary discovery should be granted here.

Plaintiffs' request for limited, written discovery is warranted "to secure the just, speedy, and inexpensive determination" of the lawsuit. Fed. R. Civ. P. 1; *see also Fox v. House*, 29 F. Supp. 673, 676 (E.D. Okla. 1939). As stated above, Plaintiffs' claims against the State Defendants will proceed irrespective of how this Court resolves the pending motions to dismiss. To effectively narrow and clarify the issues, it is necessary to conduct written discovery on several topics that are specific to Plaintiffs' claims against the State Defendants, including but not limited to: (i) complaints in the State Defendants' possession indicating that a school or teacher had made part of a course any of the banned concepts listed in H.B. 1775 Section (1)(B)(1); (ii) complaints in the State Defendants' possession indicating that an institution of higher education (IHE) or instructor at an IHE has offered an "orientation or requirement that presents any form of race or sex

stereotyping or a bias on the basis of race or sex" pursuant to H.B. 1775 Section (1)(A)(1); (iii) documents in the State Defendants' possession related to the SBE's decision to downgrade Tulsa Public Schools' and Mustang Public Schools' accreditation status to "Accredited with Warning;" (iv) documents in the State Defendants' possession related to responding to any formal or informal complaints submitted under H.B. 1775 and its implementing regulations; and (v) policies, procedures, rules, guidance, trainings, or presentations regarding H.B. 1775 in the State Defendants' possession, among other topics. To refine and focus the issues, it is similarly necessary to seek discovery of non-parties related to Plaintiffs' claims against the State Defendants on several topics, including but not limited to: (i) relevant non-privileged documents in certain state legislators' possession related to H.B. 1775; and (ii) documents in the possession of certain school administrators (not affiliated with EPS or OU) that reflect changes in the curricula made as a result of H.B. 1775's passage, among other topics.

 Plaintiffs have reasonably narrowed the scope of their intended discovery requests to ensure no party suffers undue prejudice. First, Plaintiffs have limited the parties subject to discovery. Plaintiffs will only seek discovery of the State Defendants and non-parties with relevant information to the claims against State Defendants. Second, Plaintiffs will only seek written discovery of underlying facts and defenses raised by the State Defendants. Plaintiffs do not seek to take depositions of any parties or witnesses at this time. Third, Plaintiffs only seek information specific to their claims against the State Defendants, ensuring that the scope of discovery will only involve claims "at issue." These limitations ensure that EPS and the OU Defendants will not need to expend

resources participating in depositions, engaging in expert discovery, or producing documents prior to their Motions to Dismiss being resolved.

Further, since the State Defendants will be obligated to provide discovery related to such claims no matter how this Court resolves the *other* defendants' 12(b) motions, permitting discovery causes no prejudice to them either and, instead, serves judicial economy by promoting "the just, speedy, and inexpensive determination" of this case. *See* Fed. R. Civ. P. 1. This is especially true since it has now been over a year since Plaintiffs filed their Amended Complaint and the State Defendants filed their Answer. Under these circumstances, proceeding with limited discovery is appropriate given Plaintiffs' substantial interest in expediently obtaining "[m]utual knowledge of all the relevant facts…[that are] essential to proper litigation." *Hickman*, 329 U.S. at 507.

## RELIEF REQUESTED

For the reasons stated above, Plaintiffs respectfully request that this Court permit limited, written discovery of the State Defendants and/or non-parties with relevant information to the claims against the State Defendants. Plaintiffs further request that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) be exchanged between Plaintiffs and the State Defendants 14 days after an order on the motion, with written discovery to be served no earlier than 21 days following an order on the motion.

Dated: January 4, 2023

Genevieve Bonadies Torres
David Hinojosa
Taylor Dumpson

Respectfully submitted,

*/s/*
Megan Lambert
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION OF OKLAHOMA

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS<br>   UNDER LAW<br>1500 K Street NW, Suite 900<br>Washington, DC 20005<br>gbonadies@lawyerscommittee.org<br>dhinojosa@lawyerscommittee.org<br>tdumpson@lawyerscommittee.org<br><br>Gary Stein<br>Sara Solfanelli<br>Ramya Sundaram<br>SCHULTE ROTH & ZABEL LLP<br>919 Third Avenue<br>New York, NY 10022<br>gary.stein@srz.com<br>sara.solfanelli@srz.com<br>ramya.sundaram@srz.com | P.O. Box 13327<br>Oklahoma City, OK 73113<br>Tel.: 405-524-8511<br>mlambert@acluok.org<br><br>Emerson Sykes<br>Leah Watson<br>Sarah Hinger<br>AMERICAN CIVIL LIBERTIES<br>   UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>esykes@aclu.org<br>lwatson@aclu.org<br>shinger@aclu.org<br><br>*Counsel for Plaintiffs* |

## LOCAL RULE 37.1 CERTIFICATION

Pursuant to Fed. R. Civ. P. 26(c) and LCvR37.1, the undersigned counsel for Plaintiffs has in good faith conferred with Defendants' counsel and attempted to resolve differences without court action. The undersigned counsel certifies that the State Defendants stated their opposition to providing any limited discovery. The State Defendants are opposed to this motion and the requested relief. The EPS Defendants have no objection to this motion and the requested limited, written discovery. The OU Regents Defendants have not stated a position.

Respectfully submitted,

*/s/Megan Lambert*
Megan Lambert
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@aclu.ok.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, I electronically filed the foregoing Plaintiffs' Motion to For Leave to Conduct Limited Discovery with the Clerk of Court via the Court's CM/ECF system, which effects service upon all counsel of record.

Respectfully submitted,

<u>*/s/Megan Lambert*</u>
Megan Lambert
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@aclu.ok.org

*Counsel for Plaintiffs*