IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BLACK EMERGENCY RESPONSE TEAM, *et al.*,

    *Plaintiffs,*

v.

GENTNER DRUMMOND, *et al.*,

    *Defendants 1–18.*

Case No:   21-cv-1022-G

## STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT DISCOVERY

The Local Rules presumptively deny Plaintiffs' request to conduct discovery. LCvR26.3(a). Because conducting discovery at this time contravenes Local Rule 26.3, and prudential considerations counsel against the request, Plaintiffs' motion should be denied.

### BACKGROUND

Plaintiffs filed their complaint [Doc. 1] on October 19, 2021, moved for a preliminary injunction [Doc. 27] on October 29, 2021, and amended their complaint [Doc. 50] on November 9, 2021. On November 23, 2021, Defendants 1–18 ("State Defendants") answered Plaintiffs' amended complaint [Doc. 53]. That same day, the Board of Regents for the University of Oklahoma ("OU Regents") and Edmond Public Schools ("EPS") each filed a motion to dismiss [Doc. 51; Doc. 52]. Those motions are still pending before this Court, as is Plaintiffs' motion for a preliminary injunction.

On January 4, 2023, Plaintiffs moved for leave to conduct limited discovery [Doc. 102]. At the time, State Defendants informed Plaintiffs of their intention to file a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). Today, State Defendants have filed that

1

motion—meaning that this Court now has three dispositive motions pending before it during the time that Plaintiffs request to conduct discovery.

## ARGUMENT

This Court, like all district courts, "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Diaz v. Paul J. Kennedy L. Firm*, 289 F.3d 671, 674 (10th Cir. 2002). This power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citation omitted). The Local Rules provide aid to the Court in exercising this power. *See Smith v. E. New Mexico Med. Ctr.*, 72 F.3d 138, 1995 WL 749712, at *4 (10th Cir. 1995) (unpublished).

### I. Local Rule 26.3(a) presumptively prohibits discovery from beginning before motions to dismiss have been decided.

Local Rule 26.3(a) states that "[s]ubject to the exceptions set forth in subsections (b) and (c) of this rule, if a motion has been made pursuant to Fed. R. Civ. P. 12(b), *no party* may seek discovery from *any source* before that motion has been decided and all moving parties have filed an answer or been dismissed from the case." LCvR26.3(a) (emphases added); *see also Poinsett v. Life Ins. Co. of N. Am.*, No. CIV-21-1205-F, 2022 WL 3639301, at *1 (W.D. Okla. Aug. 23, 2022) (unpublished) ("It is the general policy of this district that discovery is stayed until a motion made pursuant to Rule 12(b), Fed. R. Civ. P., is decided and all moving parties have answered or been dismissed from the case."). As several defendants in this case have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)—motions that have not yet been decided—discovery is not permitted against State Defendants. The language of the rule is clear: "no party may seek discovery from any source." LCvR26.3(a). Here, Plaintiffs (a party) are seeking discovery from

State Defendants (a source) before motions to dismiss are decided. There is no plausible way to interpret Local Rule 26.3(a) other than to prohibit discovery in this situation.

Plaintiffs assert that although "Local Rule 26.3(a) may prevent Plaintiffs from seeking discovery against EPS and the OU Regents who filed motions to dismiss," the rule "does not prevent discovery against a defendant who has filed an answer and as to whom the case is at issue." Doc. 102 at 5. This contradicts Rule 26.3(a)'s plain text. There are multiple defendants in this case, but there is still just the one case, and the case has pending motions to dismiss. Local Rule 26.3(a) prohibits parties from seeking discovery from "any source[,]" as opposed to from any single defendant that has not filed a motion to dismiss. LCvR26.3(a). Plaintiffs seek to sidestep the import of the text by arguing that their *claims* against State Defendants are "at issue." Doc. 102 at 5. But Rule 26.3(a) does not mention claims; rather, it plainly encompasses entire cases, utilizing broad words such as "no party" and "any source." LCvR26.3(a). Plaintiffs cannot avoid the local rule this way.

Plaintiffs' citation to "the general rule that discovery rules should be 'applied as broadly and liberally as possible'" does not change the plain meaning of the Local Rule. Doc. 102 at 5 (quoting *Hickman v. Taylor*, 329 U.S. 495, 506 (1947)). To begin, Plaintiffs' cited authorities all involve cases where there was a dispute over the scope of discovery. These types of disputes are meaningfully different than a dispute over when local rules provide for the beginning of discovery. The rationale behind the general rule—that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation"—has no relevance to the determination of when precisely that gathering should commence. *Id.* at 507. Second, interpreting Rule 26.3(a) in a manner that does not presumptively prohibit discovery here would

go far beyond a broad and liberal interpretation. It would require interpreting the rule in a way that directly contradicts its plain text. *Cf. McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) ("If the language is clear and unambiguous, the plain meaning of the statute controls."). Therefore, Local Rule 26.3(a) presumptively prohibits discovery at this time.

## II. Prudential concerns also counsel against granting Plaintiffs' motion.

Local Rule 26.3(c) provides that "[a]ny party may move that discovery be permitted prior to the time period set forth in subsection (a) of this rule." LCvR26.3(c). As such, Plaintiffs' motion is not itself improper, although it should still be denied because of the pending decisions on the motions to dismiss and the preliminary injunction motion. Moreover, it should be denied because State Defendants filed, today, a motion for judgement on the pleadings pursuant to Fed. R. Civ. P. 12(c).

State Defendants would be prejudiced by the commencement of discovery. A favorable ruling on State Defendants' forthcoming motion for judgment on the pleadings would, combined with the existing motions to dismiss, likely lead to dismissal of the entire case— making discovery unnecessary. The rationale undergirding Local Rule 26.3(a)'s presumption against discovery in cases with pending motions to dismiss applies equally to motions for judgment on the pleadings. *See e.g.*, *Terry v. Health Care Serv. Corp.*, No. CIV-18-0415-C, 2019 WL 885923, at *1 (W.D. Okla. Feb. 22, 2019) ("It is generally appropriate for a court to issue a stay where the case is likely to conclude upon a resolution of the dispositive motion—particularly where the facts sought through discovery would not affect the motion."). For the reasons stated in State Defendants' response to Plaintiffs' motion for a preliminary injunction [Doc. 61], this case is likely to be dismissed upon OU Regents' and EPS's pending motions to dismiss and State

Defendants' motion for judgment on the pleadings. Therefore, the State Defendants would be prejudiced by the commencement of discovery.

Moreover, the information sought by Plaintiffs will have little to no bearing on the dispositive motions because—as State Defendants have pointed out—this Court is faced with legal questions here. To the extent that any plausible as-applied challenges remained, discovery would presumably be limited to those plaintiffs' specific circumstances. Allowing discovery to begin before a decision is issued on these motions would create the significant possibility that State Defendants would be subjected to lengthy, costly discovery that is ultimately moot or irrelevant. As Plaintiffs' discovery requests involve producing documents possessed by state agencies and state legislators, any wasted expense will be borne by taxpayers. Therefore, staying discovery would serve both judicial economy, through allowing this Court to focus on resolving the pending motions, and the public interest, by mitigating public expenditures on the production of discovery material unnecessary for the resolution of the case.

Additionally, the pending decisions on the motions to dismiss and Plaintiffs' motion for a preliminary injunction weigh heavily against granting Plaintiffs' motion. This Court's decisions on those motions are likely to shape the course of discovery. For example, if this Court were to determine that the question is solely a legal issue, then the scope of discovery would likely be much narrower, even if this Court believes the legal issue favors Plaintiffs.

For these reasons, State Defendants respectfully request that the Court deny Plaintiffs' motion for leave to conduct limited discovery.

Respectfully Submitted,

s/ *Will Flanagan*

GARRY M. GASKINS, II, OBA NO. 20212
  *Solicitor General*
ZACH WEST, OBA NO. 30768
  *Director of Special Litigation*
WILL FLANAGAN, OBA NO. 35110
  *Assistant Solicitor General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Direct: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov
William.Flanagan@oag.ok.gov

*Counsel for State Defendants*