UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLACK EMERGENCY RESPONSE TEAM, et al., <br>     *Plaintiffs*, <br><br> v. <br><br> JOHN O'CONNOR, in his official capacity as Oklahoma Attorney General, et al., <br><br>     *Defendants*. | Case No. 5:21-cv-1022-G <br><br> Hon. Charles B. Goodwin |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY PURSUANT TO LOCAL RULE 26.3(c)**

Plaintiffs Black Emergency Response Team (BERT), *et al.*, respectfully submit this Reply to the State Defendants' Response to Plaintiffs' Motion for Leave to Conduct Limited Discovery Pursuant to Local Rule 26.3(c) (Dkt. 102). For the reasons stated below, none of the objections raised by the State Defendants,[1] nor their decision to simultaneously file a Motion for Judgment on the Pleadings (Dkt. 106), justify further delay of limited discovery in this case that implicates serious, ongoing constitutional violations.

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in Plaintiffs' Motion for Leave to Conduct Limited Discovery. (Dkt. 102).

**ARGUMENT**

I. **COMMENCING LIMITED DISCOVERY IS BOTH PERMITTED AND WARRANTED UNDER LOCAL RULE 26.3**

The State Defendants spend half of their Response arguing Local Rule 26.3(a)'s plain text presumptively prohibits discovery while the OU Regents' and EPS's motions to dismiss are pending. While Plaintiffs maintain that Local Rule 26.3(a) may be read to permit discovery of a defendant that has already filed an Answer and put such claims "at issue" (*see* Dkt. 102 at 5-6), this Court may rule for Plaintiffs under either interpretation. As the State Defendants themselves acknowledge (Dkt. 107 at 4), Plaintiffs' motion and requested relief is wholly proper under Local Rule 26.3 because subsection (c) expressly permits a party to "move that discovery be permitted prior to the time period set forth in subsection (a) of this rule." LCvR26.3(c). The State Defendants also agree that this Court has broad discretion to control discovery, and that this Court's discretion is guided by balancing the competing interests at stake. (Dkt. 107 at 2).

As explained in Plaintiffs' Motion, the interests in this case decisively favor granting limited, written discovery at this juncture: the parties with pending motions to dismiss will not be prejudiced (and neither the OU Regents nor Edmond have objected to the motion), discovery will be narrowed to the claims that are "at issue" based on the State Defendants' Answer, and limited discovery will promote a just and speedy

resolution of the constitutional claims[2] raised in Plaintiffs' Amended Complaint and answered by the State Defendants over a year ago (*see* Dkt. 50; Dkt. 53).

The State Defendants try to evade limited discovery by overstating its cost. (*See* Dkt. 107 at 4-5). Namely, the State Defendants ignore the reasonable limitations that Plaintiffs have placed on the requested discovery, including that it will be limited to written discovery and only involve claims against the State, not claims against the OU Regents and EPS. (*See* Dkt. 102 at 7-8).[3] The State Defendants' further suggestion that the "public interest" favors further delay is wholly misplaced. To the contrary, the public interest favors expedient resolution of the constitutional claims that Plaintiffs brought over a year ago against H.B. 1775, an Act that has inflicted immediate and ongoing harms on classroom teaching and learning across the state of Oklahoma. As Plaintiffs have plausibly alleged: educators at all levels are striking books from their reading lists

---

[2] Plaintiffs have brought four claims against the State Defendants: (1) H.B. 1775 is unconstitutionally vague and violates Plaintiffs' Fourteenth Amendment rights to due process facially and as applied by the State Defendants; (2) H.B. 1775 is overbroad and violates Plaintiffs' First Amendment rights to information facially and as applied by the State Defendants; (3) H.B. 1775 is overbroad and violates Plaintiffs' First Amendment rights by imposing unconstitutional viewpoint-based restrictions on academic freedom facially and as applied by the State Defendants; and (4) H.B. 1775 is racially discriminatory and violates Plaintiffs' Fourteenth Amendment right to equal protection as applied by the State Defendants.

[3] The State Defendants also suggest discovery should be stayed based on Plaintiffs' pending Motion for Preliminary Injunction. (Dkt. 107 at 5). But Local Rule 26.3 creates no presumption that discovery should be stayed during the pendency of a preliminary injunction. Indeed, the fact that Plaintiffs filed a preliminary injunction—which is premised on Plaintiffs' position that they are suffering ongoing, irreparable harm as a result of H.B. 1775—only highlights the need for this case, including discovery, to proceed expeditiously.

by Black and female authors, adapting their instructional approaches to avoid raising complex questions about race and gender, and self-censoring because the Act's vague language invites arbitrary and discriminatory enforcement, among other harms. (*See* Dkt. 50 at 2, 7-11, 12-13; Dkt. 27 at 15-16, 17-18, 22-23; Dkt. 77-1 at 11).

As the Tenth Circuit has repeatedly recognized: "[v]indicating First Amendment freedoms is clearly in the public interest." *See, e.g.*, *Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1237 (10th Cir. 2005); *Verlo v. Martinez*, 820 F.3d 1113, 1127 (10th Cir. 2016); *Elam Constr., Inc. v. Regional Transp. Dist.*, 129 F.3d 1343, 1347–48 (10th Cir. 1997). Similarly, resolving equal protection claims decidedly favors the public interest. *See, e.g.*, *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado,* 916 F.3d 792, 807 (10th Cir. 2019); *Adams By and Through Adams v. Baker,* 919 F. Supp. 1496, 1505 (D.Kan. Feb. 2, 1996). Here, proceeding with limited discovery is appropriate given the substantial interests in expediently resolving the live disputes at issue, and the reasonable constraints Plaintiffs have placed on discovery that prevent undue burden or prejudice against any party.

**II.   DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS DOES NOT JUSTIFY BLOCKING LIMITED DISCOVERY**

The State Defendants' Motion for Judgment on the Pleadings is an obvious delay tactic that presents no reason for denying Plaintiffs' motion for limited discovery. As detailed in Plaintiffs' opening memorandum, Plaintiffs' Counsel first contacted the State Defendants' counsel to request limited discovery on November 29, 2022. It was only after this request—on December 20, 2022—that the State Defendants' counsel responded

4

by sharing that they would not agree to discovery, *and* that they intended to file a motion for judgment on the pleadings. Prior to that point, the State Defendants had made no attempt to dismiss the case, despite having had every opportunity to do so since the Amended Complaint was filed on November 9, 2021. The State Defendants do not, and cannot, point to any intervening legal decisions or other events that would explain their sudden impetus to move for dismissal more than a year after filing an Answer. These surrounding circumstances make it transparent that the State Defendants' Motion for Judgment on the Pleadings is a calculated attempt to forestall discovery.

    This Court should not reward such dilatory tactics. It is telling that Local Rule 26.3(a) only presumptively stays discovery for motions filed pursuant to Fed. R Civ. P. 12(b) but does not extend this same presumption to motions for judgment on the pleadings filed pursuant to Fed. R Civ. P. 12(c). The exclusion of 12(c) motions promotes judicial efficiency since it prevents a party from opportunistically delaying discovery at any point in the litigation, just as the State Defendants seek to do now.

    The State Defendants cite to *Terry v. Health Care Serv. Corp.,* No. CIV-18-0415-C, 2019 WL 885923 (W.D. Okla. Feb. 22, 2019), for the general proposition that a court may stay discovery when other dispositive motions are pending. (Dkt. 107 at 4). But the factual circumstances in *Terry* are easily distinguishable. There, the district court permitted three months of discovery on the merits. *See Terry,* 2019 WL 885923, Dkt. No. 34 at 2 (Scheduling Order). It was only after the three-month timeline had expired and the parties had engaged in initial discovery that the district court stayed further discovery while the defendant's motion for summary judgment was pending. *See Terry*, 2019 WL

885923. Furthermore, the district court noted that the plaintiffs did "not seek further discovery bearing on summary judgment." *Id.* at *1. Here, by contrast, Plaintiffs have not had the opportunity to conduct *any* discovery, and further assert that such discovery is necessary to narrow and clarify the issues for litigation.[4] (Dkt. 102 at 6-7).

The State Defendants contend that the discovery that Plaintiffs seek will have "little to no bearing" on the pending dispositive motions because the Court is faced solely with "legal questions." (Dkt. 107 at 5). But that is not the position Defendants took when they filed their Answer and denied virtually every one of the myriad of factual allegations made in Plaintiffs' complaint. (*See generally* Dkt. 53). In any event, the State Defendants' Motion for Judgment on the Pleadings itself is rife with factual disputes that cannot be resolved as a matter of law but can and should be clarified and narrowed through discovery of the relevant facts disputed by Plaintiffs and Defendants.

As one example, the State Defendants' Motion for Judgment on the Pleadings expressly argues that Plaintiffs' allegation that H.B. 1775 was enacted with a discriminatory purpose "is false," clearly invoking a factual dispute. (Dkt. 106 at 4). As another, Defendants' Motion claims that H.B. 1775 has not caused students of color to "suffer from lacking 'instructional materials, assignments and texts that reflect students'

---

[4] The State Defendants suggest that Plaintiffs' cited authorities discussing the purpose of discovery lack relevance because the cases involve disputes over the scope of discovery. (Dkt. 107 at 3). However, Plaintiffs' cited cases broadly discuss the guiding principles of the entire discovery process and rules. *See, e.g.*, *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 139 (W.D. Okla. 1977) ("Discovery rules are to be accorded a broad and liberal treatment."). Defendants point to no case suggesting that this Court should ignore the well-recognized principles of discovery in this or in any other context.

backgrounds and experiences.'" (Dkt. 106 at 6). But Plaintiffs have alleged the exact opposite in their complaint: that H.B. 1775's intent and effect is to censor instructional materials related to race and the experiences of Black people among other historically marginalized groups. (*See, e.g.*, Dkt. 50 at 3-4, 7, 26-27, 67). More broadly, Defendants' Motion is premised on the assertion that H.B. 1775 merely prohibits the teaching of "racist and sexist concepts" in schools (Dkt. 106 at 1) when, again, Plaintiffs have alleged the exact opposite: that H.B. 1775 in fact chills and suppresses speech that combats racism and sexism. (*See, e.g.*, Dkt. 50 at 1-5, 9-11, 13, 26-27, 32, 34-35, 38-39, 45, 55-56, 58).

    Limited discovery will allow the parties to refine and focus these live disputes and others. For instance, Plaintiffs articulated a need to seek "documents in the State Defendants' possession related to responding to any formal or informal complaints submitted under H.B. 1775 and its implementing regulations" (Dkt. 102 at 7), which could reveal mandates to remove certain race-related instructional materials. The State Defendants should not be able to use their Motion for Judgment on the Pleadings as a shield to prevent Plaintiffs from obtaining such critical information.

    Altogether, the State Defendants' Motion for Judgment on the Pleadings does not justify forestalling Plaintiffs' ability to expediently obtain "[m]utual knowledge of all the relevant facts" since the claims remain at issue. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The discovery rules and the balance of interests compel limited discovery and do not favor rewarding the State Defendants' transparent delay tactics.

**CONCLUSION**

For the above reasons, Plaintiffs respectfully request that this Court grant their Motion and permit limited, written discovery of the State Defendants and/or non-parties with relevant information to the claims against the State Defendants.

Dated: February 1, 2023

Genevieve Bonadies Torres
David Hinojosa
Taylor Dumpson
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
  UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
gbonadies@lawyerscommittee.org
dhinojosa@lawyerscommittee.org
tdumpson@lawyerscommittee.org

Gary Stein
Sara Solfanelli
Ramya Sundaram
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
gary.stein@srz.com
sara.solfanelli@srz.com
ramya.sundaram@srz.com

Respectfully submitted,

*/s/Megan Lambert*
Megan Lambert
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@acluok.org

Emerson Sykes
Leah Watson
Sarah Hinger
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
esykes@aclu.org
lwatson@aclu.org
shinger@aclu.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2023, I electronically filed the foregoing Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion for Leave to Conduct Limited Discovery Pursuant to Local Rule 26(c) with the Clerk of Court via the Court's CM/ECF system, which effects service upon all counsel of record.

Respectfully submitted,

*/s/Megan Lambert*
Megan Lambert
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@aclu.ok.org

*Counsel for Plaintiffs*