UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BLACK EMERGENCY RESPONSE TEAM, et al.,

        *Plaintiffs*,

v.

GENTNER DRUMMOND, in his official capacity as Oklahoma Attorney General, et al.,

        *Defendants*.

Case No. 5:21-CV-1022-G

Hon. Charles B. Goodwin

**PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

The Black Emergency Response Team, the University of Oklahoma Chapter of the American Association of University Professors; the Oklahoma State Conference of the National Association for the Advancement of Colored People; the American Indian Movement Indian Territory; Precious Lloyd, as next friend of S.L.; Anthony Crawford; and Regan Killackey (collectively, "Plaintiffs") respectfully request this Court expedite its consideration of (1) Plaintiffs' "Motion for Preliminary Injunction" [Dkt. No. 27], and (2) Plaintiffs' "Motion for Leave to Conduct Limited Discovery" [Dkt. No. 102] (collectively, the "Motions"). In support, Plaintiffs show as follows:

1

I. **Granting Expedited Consideration Obviates Plaintiffs' Need to Seek Writ of Mandamus from the Tenth Circuit**

The Tenth Circuit has said that if an immediate ruling on pending motions is necessary to protect a party's interests, "their remedy [is] to seek an expedited ruling from the district court and/or a writ of mandamus from this court." *UFCW Local 880-Retail Food Emplrs. Joint Pension Fund v. Newmont Mining Corp.*, 276 F. App'x 747, 749-50 (10th Cir. 2008). On August 28, 2023, Plaintiffs filed their unopposed Motion for Status Conference, Dkt. No. 133, seeking to confer with the Court and the parties on the status of the various motions. To date, this Court has not scheduled a status conference or issued a ruling on the pending motions noted in Plaintiffs' request for a status conference. Plaintiffs filed their Motion for Preliminary Injunction nearly two (2) years ago, Dkt. No. 27, and it has been fully briefed and pending for over nineteen (19) months, Dkt. No. 66. Plaintiffs filed their Motion for Leave to Conduct Limited Discovery nearly nine (9) months ago, Dkt. No. 102, and it has been fully briefed and pending for over six (6) months, Dkt. No. 108. Absent a ruling from this Court on Plaintiffs' Motion for Preliminary Injunction and Motion for Leave to Conduct Limited Discovery, Plaintiffs only have two options to obtain rulings on the aforementioned motions: file a motion for expedited consideration with this Court or file a motion for writ of mandamus with the Tenth Circuit Court of Appeals. Accordingly, Plaintiffs are seeking relief from this Court before raising this issue with the Tenth Circuit.

## II.     The Lack of Rulings on the Motions Prejudice Plaintiffs

As stated in Plaintiffs' Motion for Status Conference, Plaintiffs along with other public-school teachers, professors, and students have already started the 2023-24 academic school year. This is the third year that schools have been forced to operate under the restrictions of H.B. 1775, Dkt. No. 27-1, and the need for clarity on this law remains as great as ever. Without this clarity, Oklahoma teachers and professors are obligated to self-censor their instruction, removing lessons related to racism, sexism, and implicit bias for fear of incurring the harsh penalties of the law's implementing regulations. As indicated by Plaintiffs' supplemental filing, *see* Dkt. No. 83, State Defendants continue to investigate school districts and enforce HB 1775 for activities such as training teachers on how to avoid being racially biased against students. These actions have put educators on notice that the State will continue to enforce HB 1775 to its fullest extent and educators must tread lightly or else face losing their licenses. As a result, Oklahoma students continue to be deprived of access to curricula reflecting diverse perspectives, ideas, and lessons related to a culturally inclusive education, and information that is crucial for building analytical skills and fostering cognitive development. This Court's decision on Plaintiffs' Motion for Preliminary Injunction would significantly aid in providing this necessary clarity.

Additionally, the Court's decision on Plaintiffs' Motion for Leave to Conduct Limited Discovery is necessary to ensure that critical information related to H.B. 1775 is preserved. Local Rule 26.3 of the Local Rules for the Western District of Oklahoma prevents Plaintiffs from engaging in discovery while a motion for dismissal is pending

unless the parties stipulate to allowing discovery or the Court grants a motion to allow discovery. Defendants have not stipulated to allowing discovery, so Plaintiffs filed a motion for leave to conduct limited written discovery against State Defendants. That motion has now been pending since February 1, 2023. The U.S. Supreme Court has recognized, in the context of a stay of discovery, the prejudice that results from lengthy delays in a party's ability to engage in discovery:

> . . . a lengthy and categorical stay takes no account whatever of the respondent's interest in bringing the case to trial. [D]elaying trial would increase the danger of prejudice resulting from the loss of evidence, including inability of witnesses
> to recall specific facts, or the possible death of a party.

*Clinton v. Jones*, 520 U.S. 681, 707-08 (1997); *see also Goshtasby v. Bd. of Trustees of Univ. of Fla.*, 123 F.3d 427, 428 (7th Cir. 1997) ("Delay in resolving litigation is unfortunate; costs rise and the chance that the final decision will be accurate falls."). Plaintiffs seek information relating to the implementation and enforcement of H.B. 1775. Given that this law has already been in force for three years, it is crucial that Plaintiffs be allowed to conduct discovery before memories fade or relevant witnesses and decisionmakers move on from their jobs within the state Department of Education or other relevant offices.

**WHEREFORE,** Plaintiffs request expedited consideration of their Motion for Preliminary Injunction, Dkt. No. 27, and their Motion for Leave to Conduct Limited Discovery, Dkt. 102.

Respectfully submitted,

| | |
|---|---|
| David Hinojosa<br>Maya Brodziak<br>LAWYERS' COMMITTEE FOR CIVIL RIGHTS<br>   UNDER LAW<br>1500 K Street NW, Suite 900<br>Washington, DC 20005<br><br>Douglas Koff<br>Julia Beskin<br>Sara Solfanelli<br>Kevin Scot Jones<br>SCHULTE ROTH & ZABEL LLP<br>919 Third Avenue<br>New York, NY  10022 | /s/ Megan Lambert<br>Megan Lambert<br>AMERICAN CIVIL LIBERTIES UNION<br>   FOUNDATION OF OKLAHOMA<br>P.O. Box 13327<br>Oklahoma City, OK 73113<br>Tel.: 405-524-8511<br>mlambert@acluok.org<br><br>Emerson Sykes<br>Leah Watson<br>Sarah Hinger<br>AMERICAN CIVIL LIBERTIES<br>   UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br><br>*Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, I electronically filed the foregoing Motion for Expedited Consideration with the Clerk of Court via the Court's CM/ECF system, which effects service upon all counsel of record.

Respectfully submitted,

*/s/ Megan Lambert*
Megan Lambert
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@acluok.org

*Counsel for Plaintiffs*