UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLACK EMERGENCY RESPONSE TEAM et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )  Case No. CIV-21-1022-G ) |
| GENTNER DRUMMOND, in his official capacity as Oklahoma Attorney General, et al., | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Now before the Court is the Motion to Strike (Doc. No. 59) brought by Defendants Robert Ross, Frank Keating, Rick Braught, Natalie Shirley, Eric Stevenson, Anita Holloway, and Rick Nagel, in their official capacities as members of the Board of Regents of the University of Oklahoma (collectively, the "OU Defendants"),[1] seeking to strike all or part of declarations submitted in connection with Plaintiffs' Motion for Preliminary Injunction (Doc. No. 27). Plaintiffs have responded in opposition (Doc. No. 69). For the reasons set forth below, the Motion to Strike is DENIED.

Plaintiffs' Motion for Preliminary Injunction seeks to enjoin Defendants from enforcing Oklahoma House Bill 1775, codified as title 70, section 24-157 of the Oklahoma

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d) and the publicly available listing of current members of the Board of Regents, Robert Ross and Rick Braught are substituted in their official capacities in place of former members Michael Cawley and Phil Albert. The Clerk of Court is directed to update the case docket accordingly.

Statutes. *See* Pls.' Mot. Prelim. Inj. at 31; *id.* Ex. 1 (Doc. No. 27-1) at 2-4. In connection with that motion, Plaintiffs submitted three declarations that are at issue here: the Declaration of Lilly Amechi, submitted on behalf of Black Emergency Response Team (Doc. No. 27-3), the Declaration of Michael Givel, submitted on behalf of University of Oklahoma Chapter of the American Association of University Professors (Doc. No. 27-4), and the Declaration of Marvin Lynn, PhD (Doc. No. 27-10).

The OU Defendants object to the Court's consideration of these declarations. Although they do not cite the Federal Rules of Evidence, their objections are rooted therein and premised upon application of those Rules. The OU Defendants contend that the Amechi and Givel Declarations contain statements that are hearsay (prohibited by Federal Rule of Evidence 802) and lack personal knowledge (prohibited by Federal Rule of Evidence 602), and that the Lynn Declaration contains statements that are unreliable expert opinion (prohibited by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)). *See* Mot. to Strike at 1-7.

Citing Federal Rule of Civil Procedure 56 (concerning summary judgment) and related case law, the OU Defendants urge this Court to strike the declarations offered in support of the Motion for Preliminary Injunction. *See id.* at 7-8. The OU Defendants' objections are inapposite at the preliminary injunction stage and must be overruled. Put simply, "[t]he Federal Rules of Evidence do not apply to preliminary injunction hearings." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003); *see also Heartland Animal Clinic, P.A. v. Heartland SPCA Animal Med. Ctr., LLC*, 503 F. App'x 616, 620 (10th Cir. 2012); *Oklahoma v. Biden*, 577 F. Supp. 3d 1245, 1254 n.6 (W.D. Okla. 2021).

That is because "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Heideman*, 348 F.3d at 1188 (internal quotation marks omitted). Evidence that would be inadmissible at trial, including hearsay, may be considered at the preliminary injunction stage. *See, e.g.*, *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 25-26 (1st Cir. 1986); *Todd v. RWI Acquisition LLC*, No. 2:12-CV-00114, 2012 WL 12882371, at *5 (D.N.M. June 1, 2012).

The OU Defendants' citation of *Daubert* is also unavailing. *Daubert* articulates relevant factors for admitting expert witness testimony pursuant to Federal Rule of Evidence 702—but, as explained, the Federal Rules of Evidence do not apply in preliminary injunction proceedings. *Heideman*, 348 F.3d at 1188. *See generally Daubert*, 509 U.S. at 591-97. Therefore, although courts may employ standards articulated in *Daubert* and its progeny as a useful method for evaluating the weight of the evidence presented on a request for a preliminary injunction, the Court is not persuaded that *Daubert* should be applied to preclude initial consideration of the disputed evidence at this stage of the litigation. *See Defs. of Wildlife v. Boyles*, No. 2:22-cv-112, 2023 WL 2770280, at *1 (D.S.C. Apr. 4, 2023) ("[S]ome courts have admitted all expert testimony at the preliminary injunction stage and utilized the *Daubert* standard to evaluate the appropriate weight to give to the testimony." (citing *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, No. 05-CV-329, 2008 WL 4453098, at *4 (N.D. Okla. Sept. 29, 2008))).

Of course, the Court may consider the evidentiary foundations of affidavit statements in determining the weight and credibility of those statements. *See Todd*, 2012

3

WL 12882371, at *5.  To the extent the OU Defendants' objections are aimed at the weight of the Plaintiffs' evidence, the objections are duly noted.

## CONCLUSION

For the foregoing reasons, the OU Defendants' Motion to Strike (Doc. No. 59) is DENIED.

IT IS SO ORDERED this 16th day of October, 2023.

CHARLES B. GOODWIN
United States District Judge