UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BLACK EMERGENCY RESPONSE )
TEAM et al., )
 )
    Plaintiffs, )
 )
v. ) Case No. CIV-21-1022-G
 )
GENTNER DRUMMOND, in his official )
capacity as Oklahoma Attorney )
General, et al., )
 )
    Defendants. )

## ORDER

Now before the Court is the Motion to Strike New Evidence (Doc. No. 72) filed by all Defendants: Robert Ross, Frank Keating, Rick Braught, Natalie Shirley, Eric Stevenson, Anita Holloway, and Rick Nagel, in their official capacities as members of the Board of Regents of the University of Oklahoma (collectively, the "OU Defendants"); Gentner Drummond, in his official capacity as Oklahoma Attorney General; Ryan Walters, in his official capacity as Oklahoma Superintendent of Public Instruction; Donald Burdick, Katie Quebedeaux, Sarah Lepak, Suzanne Reynolds, and Kendra Wesson, in their official capacities as members of the Oklahoma State Board of Education;[1] Kevin Stitt, in his official capacity as Governor of Oklahoma; Jeffrey Hickman, Michael Turpen, Steven

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d) and the publicly available listing of current members of the Oklahoma State Board of Education, Katie Quebedeaux is substituted in her official capacity, and former members Marla Hill and Trent Smith are terminated. The Clerk of Court is directed to update the case docket accordingly.

Taylor, Dennis Casey, Dustin Hilliary, Ann Holloway, P. Mitchell Adwon, Jack Sherry, and Courtney Warmington, in their official capacities as the Oklahoma State Board of Regents for Higher Education (collectively, the "Oklahoma Defendants");[2] and Independent School District No. 12 of Oklahoma County, Oklahoma ("Edmond Public Schools" or "EPS").  In their Motion, Defendants seek to strike the three exhibits submitted by Plaintiffs in connection with Plaintiffs' Consolidated Reply (Doc. No. 66) in support of their Motion for a Preliminary Injunction.  For the reasons set forth below, the Motion to Strike New Evidence is DENIED.

Plaintiffs' Motion for Preliminary Injunction seeks to enjoin Defendants from enforcing Oklahoma House Bill 1775, codified at title 70, section 24-157 of the Oklahoma Statutes.  *See* Pls.' Mot. Prelim. Inj. (Doc. No. 27) at 31; *id.* Ex. 1 (Doc. No. 27-1) at 2-4.  The OU Defendants, EPS, and the Oklahoma Defendants each filed a response in opposition to Plaintiffs' Motion.  *See* Doc. Nos. 58, 60, 61.  Plaintiffs then filed a Consolidated Reply (Doc. No. 66), attaching three exhibits.  Exhibit 1 (Doc. No. 66-1) is a declaration from University of Oklahoma student Jamelia Reed on behalf of the Black Emergency Response Team ("BERT") and is substantially similar to the BERT declaration filed with the Motion for Preliminary Injunction (Doc. No. 27-3).  Exhibit 2 (Doc. No. 66-2) is a declaration from John Doe, an Instructor of Human Relations for the University of

---

[2] Pursuant to Federal Rule of Civil Procedure 25(d) and the publicly available listing of current members of the Oklahoma State Board of Education, P. Mitchell Adwon is substituted in his official capacity in place of former member Joseph Parker Jr.  The Clerk of Court is directed to update the case docket accordingly.

Oklahoma, and is substantially similar to portions of the declaration of the University of Oklahoma Chapter of the American Association of University Professors ("OU-AAUP") filed with the Motion for Preliminary Injunction (Doc. No. 27-4, ¶¶ 12, 30). Exhibit 3 (Doc. No. 66-3) is a 2021 reading list for high school English classes in Edmond Public Schools.

"[R]eply briefs should not raise new arguments or present evidence on new matters" and "should be limited to responding to arguments asserted in a response brief." *Bridge ex rel. Bridge v. Okla. State Dep't of Educ.*, No. CIV-22-787-JD, 2022 WL 20689557, at *2 (W.D. Okla. Dec. 20, 2022) (citing LCvR 7.1(i)). New issues in a reply brief may be considered when offered in response to arguments raised in the response brief. *See In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015); *see also Stevens v. Water Dist. One of Johnson Cnty.*, 561 F. Supp. 2d 1224, 1232 (D. Kan. 2008).

Exhibit 3 is clearly offered in response to an argument raised in EPS's response brief. In addition to disputing Plaintiffs' allegation that EPS removed non-white authors from its reading list in response to House Bill 1775, EPS contended that the revised reading list was actually more diverse than the earlier version and attached its 2021 reading list in support. *See* Edmond Defs.' Resp. to Pls.' Mot. Prelim. Inj. (Doc. No. 60) at 7, 11-12. Plaintiffs responded to EPS's new factual contention with evidence that Plaintiffs argue shows the contrary. *See* Pls.' Consol. Reply at 18-19; Pls.' Resp. to Defs.' Mot. to Strike New Evid. (Doc. No. 74) at 3-4. Because Plaintiffs properly introduced Exhibit 3 in reply to a factual argument raised in EPS's Response, Defendants' Motion is DENIED as to Exhibit 3.

Plaintiffs claim that Exhibit 1 and Exhibit 2 are offered to moot arguments raised in the OU Defendants' Motion to Strike (Doc. No. 59), filed concurrently with the OU Defendants' Opposition to Preliminary Injunction.[3] In short, the OU Defendants contended that the declarations of Lily Amechi (on behalf of BERT) and Michael Givel (on behalf of OU-AAUP) should be stricken because some statements were based on their organizational members' personal experiences, rather than their own. *See* OU Defs.' Mot. to Strike Affs. at 3-5. Exhibits 1 and 2 are substantially similar firsthand accounts of those parts of the original BERT and OU-AAUP declarations disputed in the OU Defendants' Motion to Strike. Although similar to the original declarations, Exhibit 1 and Exhibit 2 appear to contain at least some new information. Instead of striking these exhibits, the Court instead shall permit Defendants to file a limited surreply responding only to the new information contained in Exhibit 1 and Exhibit 2.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike New Evidence (Doc. No. 72) is DENIED.

Within seven days of the date of this Order, any Defendant or group of Defendants may file a limited surreply responding to the new information contained in the affidavits of Reed and Doe, i.e., Exhibit 1 and Exhibit 2 to Document No. 66. Any such brief shall not exceed five pages in length.

---

[3] The Court denied the OU Defendants' Motion to Strike. *See* Order of Oct. 16, 2023 (Doc. No. 151).

IT IS SO ORDERED this 19th day of October, 2023.

*[signature]*

CHARLES B. GOODWIN
United States District Judge