```
 1                IN THE UNITED STATES DISTRICT COURT

 2               FOR THE WESTERN DISTRICT OF OKLAHOMA

 3   BLACK EMERGENCY RESPONSE TEAM,    )
     et al.,                          )
 4                                    )
                                      )
 5            Plaintiffs,             )
                                      )     CASE NO. CIV-21-1022-G
 6   vs.                             )
                                      )
 7                                    )
     GENTNER DRUMMOND, et al.,        )
 8                                    )
                                      )
 9                                    )
              Defendants.             )
10                                    )
                                      )
11                                    )
```

```
12              TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
13              BEFORE THE HONORABLE CHARLES GOODWIN
14                  UNITED STATES DISTRICT JUDGE
15                      JANUARY 25, 2022
16
17
18
19
20
21
22
23
24
25   Proceedings recorded by mechanical stenography; transcript
     produced by computer-aided transcription.
```

1                            **APPEARANCES**

2    **FOR THE PLAINTIFF(S):**

3
     Megan E. Lambert
4    ACLU of Oklahoma Foundation
     PO Box 13327
5    Oklahoma City, OK 73113
     405-525-3831
6

7    Gary Stein
     Michael G. Cutini
8    Schulte Roth & Zabel LLP
     919 3rd Ave
9    New York, NY 10022

10
     Emerson Sykes
11   Leah Watson
     American Civil Liberties Union Foundation
12   125 Broad Street
     New York, NY 10004
13

14   Genevieve Bonadies Torres
     Lawyers Committee for Civil Rights Under Law
15   1500 K Street, NW
     Ste 900
16   Washington, DC 20005

17
     **FOR THE DEFENDANT(S):**
18

19   Justin C. Cliburn
     F. Andrew Fugitt
20   The Center for Education Law
     900 N. Broadway Ave
21   Suite 300
     Oklahoma City, OK 73102
22
     M. Daniel Weitman
23   Tina Sharell Ikpa
     University of Oklahoma Office of Legal Counsel
24   660 Parrington Oval
     Suite 213
25   Norman, OK 73019

1                    **APPEARANCES** (continued)

2

3   Zachary P. West
    Attorney General's Office
4   313 NE 21st St
    Oklahoma City, OK 73105
5
    Andy N. Ferguson
6   Attorney at Law
    1304 Swan Lake Road
7   Edmond, OK 73003

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      (Proceedings held January 25, 2022.)

2           THE COURT:  All right.  Good afternoon, everyone.

3  This is Judge Goodwin.

4      The Court calls the case of Black Emergency Response Team,

5  et al., vs. John O'Connor, et al.  It's Case No. CIV-21-1022,

6  here in the United States District Court for the Western

7  District of Oklahoma.

8      I'll have counsel make their appearances.  Let's start

9  with the plaintiffs.  Who do we have on the line?  Anyone here

10  for the plaintiffs?

11           MS. LAMBERT:  Meagan Lambert for the plaintiffs.

12           THE COURT:  I'm sorry.  Would you state that again?

13           MS. LAMBERT:  Yes.  Meagan Lambert for plaintiffs.

14           THE COURT:  All right.  Anyone else?

15           MS. WATSON:  Leah Watson for plaintiffs.

16           MS. TORRES:  Genevieve Bonadies Torres for

17  plaintiffs.

18           (Inaudible) for the plaintiffs.

19           MR. STEIN:  Gary Stein from Schulte, Roth & Zabel

20  for the plaintiffs.  Good afternoon, Your Honor.

21           THE COURT:  Anyone else for the plaintiffs?

22      (No response.)

23           THE COURT:  All right.  For the defendants, who do

24  we have on the line?

25           MR. WEST:  Jack West with the attorney general's

1    office for -- to say in short, for defendants 1-18.

2                MR. FERGUSON:  Andy Ferguson from the attorney

3    general's office in that same capacity.

4                THE COURT:  Anyone else for the defendants?

5                MR. WEITMAN:  Yes, Your Honor.  Dan Weitman and

6    Tina Ikpa for the OU Regents.

7                MR. FUGITT:  And Andy Fugitt and Justin Cliburn for

8    the Edmond Public School defendants, Your Honor.

9                THE COURT:  All right.  Anyone else on the line?

10        (No response.)

11               THE COURT:  Okay.  Let's start by going through

12   just some general guidelines for telephonic conferences.  I

13   know that we have all gotten at least more acquainted with how

14   these should proceed, but let's go through the guidelines

15   anyway.

16        First, because this is being recorded by a reporter, I'll

17   have you state your name every time you begin speaking.  So

18   even if you stated it before, I want you to say it again each

19   time you address the Court.

20        Second, I would ask that anyone who's on a speakerphone,

21   if you want to give it a shot, that's fine.  I will tell you

22   that, generally speaking, it's almost always the case that

23   using the phone's handset rather than the speakerphone makes a

24   definite difference on the quality of the communication, and

25   we'll certainly be able to hear you better if you actually use

 1    the handset, unless you have a speakerphone with a really good

 2    microphone.

 3        Third, I would ask, if you're not speaking, please mute

 4    your line.  And I can already hear some background noise, and

 5    so putting your line on mute will hopefully help with that.

 6        Fourth, if you are ever unable to hear me or any other

 7    speaker, then shout out, let us know, and we'll do what we can

 8    to resolve the issue.

 9        Beyond that, I just say that, in general, when presenting

10    argument by phone, it's particularly important to speak slowly

11    and deliberately and loudly.  I want you to resist the urge to

12    talk as if you're in a normal phone conversation and fall into

13    the habits that I think we all have in speaking on the phone.

14    Given the context and the fact that this is being recorded by a

15    reporter, we certainly need you to speak a little bit more

16    slowly and deliberately than you would otherwise.

17        So let's proceed.  I'll tell you my view of the purpose of

18    this status conference, and then I'll certainly allow counsel

19    to present whatever they need to as we go along.  But from my

20    standpoint, after several unopposed extensions, it appears that

21    -- now that plaintiffs' motion for preliminary injunction is

22    fully briefed.

23        I do note that there are evidentiary objections raised

24    through, I think we have two motions to strike, and the briefs

25    are still coming in on one of those motions.  But other than

1    that, it appears that the motion for preliminary injunction is

2    fully briefed.  And so I wanted to hold a status conference now

3    on the procedural issues that we need to address about how the

4    motion will be presented and decided that involves some issues

5    about, in particular, whether we need to have a hearing, an

6    evidentiary hearing, and what the nature of that hearing would

7    be.

8        So let's start with the plaintiffs' counsel.  I don't know

9    if there's one attorney in particular that's going to address

10   the issues for the plaintiffs.  It would certainly be useful

11   if -- if we can narrow the presentation to just one attorney

12   for each side, but I'll give you some discretion on that.

13       So who'd like to speak for the plaintiffs?

14           MR. SYKES:  Your Honor, this is Emerson Sykes for

15   the ACLU -- from the ACLU national on behalf of all plaintiffs.

16           THE COURT:  All right.  Very good.

17       Well, tell me -- let me ask you about one threshold issue,

18   and that's the motions to dismiss.  What's your view as to the

19   timing of a decision on those motions as compared to the motion

20   for preliminary injunction?  That is, do the motions to dismiss

21   need to be decided before any hearing?  Do they need to be

22   decided at the same time that the Court determines the

23   preliminary injunction matters?  What is plaintiff's position

24   on that?

25           MR. SYKES:  Thank you, Your Honor.

1      I think we would like to get a decision, you know, on all

2  of the pending motions as soon as possible.

3           THE COURT:  I'll tell you right now, I can

4  generally hear you, but the quality is not great.

5           MR. SYKES:  Sorry.  Is this better?

6           THE COURT:  That is better.

7           MR. SYKES:  Okay.  I'll try to speak slowly and

8  clearly and loudly.

9           THE COURT:  Good.

10           MR. SYKES:  I don't think that you need to wait or

11  need to order them particularly in terms of the motion for

12  preliminary injunction because the motions to dismiss came from

13  the Oklahoma University defendants and the Edmond Public School

14  defendants, but the state defendants, the AG and the state

15  Board of Ed and the State Board of Regents and the governor did

16  not move to dismiss.

17      So I think the questions before the Court with regard to

18  the preliminary injunction are -- would remain, however the

19  Court finds on the motions to dismiss.

20           THE COURT:  Let me ask plaintiffs this question.

21  And before I do, I'll emphasize that you have the right to

22  assert your lawsuit as you want.  I'm not trying to tell you or

23  coerce you into any point of view of -- I do wonder, now that

24  you have seen those motions to dismiss, are there -- and those

25  motions raise standing issues and they raise questions about

1  who is a proper defendant to this lawsuit.  Is there an amended

2  complaint that you might be willing to file that would resolve

3  some or all of those questions?  That is, now that you have had

4  the benefit of seeing the -- the legal issues and -- and

5  responding to those as far as all of the various defendants

6  that you have included in the lawsuit, do you think that you

7  can narrow it in any way that might obviate some of those

8  issues?

9          MR. SYKES:  Thanks, Your Honor.

10      We stand behind the briefing that we -- you know, in

11  opposition to the motion to dismiss.  We think that we properly

12  named all of the defendants in their official capacities.  And

13  so in that way, I think we rest on the papers.

14      We have been in touch with defendants' counsel and have

15  been talking especially with the Edmond Public Schools about

16  addressing the particular issues -- they raised a number of

17  issues -- but the issue around whether it would be better or

18  preferable to name the district rather than the members of the

19  board in their official capacity.

20      So on that particular issue, it's -- you know, the --

21  again, we don't think that there's any problem with the way we

22  pleaded the case.  If defendants are willing to stipulate that

23  they would not raise an objection if we named, for example, the

24  district rather than the board members in their official

25  capacity, and the Court, you know, felt fit to give us leave to

1  amend the complaint in that regard, we don't have any

2  particular objection to doing that, just noting that, as I said

3  a few times, the -- we do think that we properly pled the case

4  up to this point.

5       THE COURT:  All right.  I think the more efficient

6  way to proceed is I'm going to ask my other questions of

7  counsel for the plaintiffs, and then we'll hear from the

8  defendants as to all of these issues.

9       So my next question is, really, is an evidentiary hearing

10  needed to decide your motion?  And if so, what would be the

11  nature of that hearing?  So the threshold question, though, is

12  do you think that you need to present evidence at the hearing

13  or stand solely on the briefs as they're submitted?

14       MR. SYKES:  Thanks, Your Honor.  I think we do not

15  have any particular plans to request an evidentiary hearing.

16  We don't think it's necessary, with the caveat that there are

17  outstanding questions as to some of the evidence that we

18  submitted.  And depending how the Court decides to review or

19  not review that evidence, you know, we may have to re-evaluate

20  our plans, but at this point we don't see a particular need for

21  an evidentiary hearing at this point.

22       THE COURT:  All right.  Well, let me hear then from

23  counsel for the defendants.  And I understand that we have some

24  different defendant groups.  If there was one attorney who can

25  speak for the full set of defendants, that would be preferable,

1  but I understand that they -- that may not be what the parties

2  choose given their different entities and interests involved.

3      So who would speak for the defendants?

4          MR. WEST:  Your Honor, this is Zach West again with

5  the attorney general's office.  I will start off, although I do

6  suspect, or expect, I guess, that the OU and Edmond defendants

7  counsels will also probably -- will want to speak, especially

8  since I think your first question applies more to them than it

9  would to us as to our position on when the motions to dismiss

10 would be heard.

11         THE COURT:  All right.  Well, Mr. West, tell me a

12 little bit about those threshold questions.  I mean, first it

13 was how the motions to dismiss play into the preliminary

14 injunction hearing schedule.  And so for the state defendants

15 who have no motion to dismiss, do you have any concern or

16 position on that?

17         MR. WEST:  No.  I think our position on that, Your

18 Honor, would just be neutral.  Obviously, we have not yet filed

19 a motion to dismiss or a motion on the pleadings.  And so for

20 our defendants, I'm not sure it would -- it would make a

21 difference either way.  So I don't know that we have a

22 preference either way on which or what is necessarily resolved

23 first.

24         THE COURT:  All right.  Beyond that, Mr. West,

25 what's the state defendant's position as to the need for an

1    evidentiary hearing and what would be the nature of that

2    hearing?

3              MR. WEST:  Yes.  We would agree with the

4    plaintiffs, we don't have any plans to request an evidentiary

5    hearing either.  We think that this case, as I believe you

6    stated in your scheduling order, it could be stipulated to that

7    you decide this case on the -- or I believe at least at the

8    injunction phase, decide this on the briefs and the exhibits

9    already submitted.  Obviously, a stipulation on that point to

10   our part would not be that we stipulate that they're all true,

11   but just stipulate that this is a case that does not

12   necessarily need additional evidentiary hearing, and so we

13   don't plan on requesting one.

14       Indeed, we would be fine with not having a hearing at all

15   if you wanted to just decide the issues without any kind of a

16   hearing, although on that issue -- on that question I think

17   we're a little bit more neutral.  We're not opposed to an

18   argument hearing with just counsel arguing, but we're also not

19   asking for one either.  I think we're somewhat neutral on that

20   question, but not --

21             THE COURT:  All right.  Slowly and deliberately.

22             MR. WEST:  Yes, sir.  That was about all that I had

23   to say on -- so we are not asking for an evidentiary hearing.

24   We do not think that one is necessary.  And we are not even

25   asking for a hearing overall, although we are not opposed to an

1    argument hearing, assuming we can all get one to work with our

2    schedules.

3             THE COURT:  All right.  Let me turn then to the

4    remaining defendants.  Who else would like to address the

5    Court?

6             MR. WEITMAN:  Your Honor, this is Dan Weitman for

7    OU.

8             THE COURT:  Go ahead.  Tell me about the positions

9    on these procedural issues that -- that the OU defendants would

10   take.

11            MR. WEITMAN:  Thank you, Judge.  As to the motion

12   to dismiss, I don't know that it needs to be decided before the

13   motion for preliminary injunction, but at least in conjunction

14   with that motion it would need to be decided because, you know,

15   the issues raised in the motion to dismiss we think are

16   threshold.  So I don't know that you can get to the motion for

17   preliminary injunction, against OU anyway, without dealing with

18   the motion to dismiss.

19       As far as an evidentiary hearing, OU does not believe that

20   there needs to be an evidentiary hearing.  We believe that all

21   of the evidence has been submitted with objections to that

22   evidence and the Court can rule on that as it sees fit and can

23   rule on the briefs with that.  So we don't see the need for an

24   evidentiary hearing in this matter.

25            THE COURT:  All right.  Anyone else that would

1   address the Court on behalf of any remaining defendants.

2              MR. FUGITT:  Your Honor, this is Andy Fugitt for

3   the Edmond defendants.  And -- and just for the record, our

4   position, the Edmond -- the position of the Edmond defendants

5   on the motion to dismiss aligns with what Mr. Weitman has said

6   for OU.  We, likewise, do not believe that there's a need for

7   an evidentiary hearing.

8        And on the issue of the -- the suggested, if you will,

9   amendment to the amended complaint to address how the reference

10  to the Edmond defendants, we would not object to plaintiffs'

11  request for leave to amend to name the district, and we would

12  not anticipate any further objection to the designation of the

13  parties if only Edmond Public Schools, which was the named

14  defendant in this case.  Thank you.

15             THE COURT:  Thank you.

16       All right.  I want to -- I understand the parties'

17  positions as far as an evidentiary hearing, and I want to make

18  sure that you-all understand what you're agreeing to.  So by

19  stating that -- and taking the position that no evidentiary

20  hearing is needed and that the Court may decide the issues

21  raised in the motion -- the motion for preliminary injunction

22  on the briefs as submitted, that necessarily means that you

23  will stipulate that the evidence, except where objected to

24  previously, that that evidence may be considered by the Court,

25  and in particular that affidavit testimony may be considered

1    without any right of cross-examination of those witnesses.  Is

2    that the plaintiff's position?  Do you so stipulate?

3              MR. SYKES:  Yes, Your Honor.

4              THE COURT:  And the state defendants, do you agree

5    and stipulate to that?

6              MR. WEST:  This is Zach West with the attorney

7    general's office for defendants 1-18 again.  And, yes, we

8    would -- the way you have phrased it, we would agree that it

9    may be considered and -- in the motion, within light of some of

10   the objections made and obviously not -- not stipulating on our

11   part that it's true, but that it may be considered.

12             THE COURT:  Yes.  And the OU defendants, do you

13   agree and so stipulate?

14             MR. WEITMAN:  Dan Weitman for OU.  Yes, Your Honor.

15             THE COURT:  And the Edmond defendants, do you,

16   lastly, agree and so stipulate?

17             MR. FUGITT:  Andy Fugitt.  Yes, Your Honor.

18             THE COURT:  All right.  Then we're going to proceed

19   at least on that basis.  It may be that as I get into the

20   motions that -- or into the motion and the briefing that -- and

21   I have reviewed everything submitted so far, but as I really

22   get down into the issues, it may be that I think that there are

23   evidentiary issues that are just going to have to be sorted out

24   through a hearing.  And in that case, I'll certainly notify you

25   of that and will probably have another status conference to

1   discuss when and the extent of that hearing, but I'm for now

2   going to assume that we will be able to proceed on the -- on

3   the basis discussed and agreed to by all the parties.

4      I'll say as far as the question that I had raised on

5   potentially narrowing the defendants to those folks that are

6   really necessary to be in the case, I'm going to let counsel

7   try to sort that out, and I would direct you to just confer

8   amongst counsel on those issues.

9      In general, I will tell you in advance that I'm certainly

10  prepared to grant a leave to amend to narrow the defendants if,

11  you know, there is some stipulation or agreement that one

12  particular entity or person is sufficient to achieve the

13  purposes that you're trying to achieve through the lawsuit as

14  to -- and I mean that as to any particular set of defendants.

15  So if -- if you can narrow your suit against the Edmond

16  defendants to the Edmond school district and there's a

17  stipulation to that effect that gets you what you need, then I

18  think that that would be in everyone's interest, but I'm going

19  to leave it up to you.  I'll just tell you in advance that I

20  would grant any leave to amend that would be requested in that

21  regard if it's going to streamline things and make it more

22  efficient and easier on everyone.

23     Let me ask counsel in general, but particularly counsel

24  for the plaintiffs, I would describe the briefing on the motion

25  for preliminary injunction as, while certainly insistent about

1  the rights that are being asserted through the lawsuit, that

2  there hasn't been any great manifest urgency that's been shown

3  in the briefing.

4      We certainly intend to get you an order as soon as

5  possible, but I'm not aware of any events that might provide

6  some added urgency, something that's coming up that you're

7  particularly concerned about, but tell me if I'm wrong on that.

8          MR. SYKES:  Thank you, Your Honor.

9      Respectfully, we do think that there is a significant

10  urgency to providing clarity to Oklahoma educators, students,

11  and the K-12 system and higher ed as well.

12          THE COURT:  And I certainly understand that, but

13  I --

14          MR. SYKES:  -- subject to.

15          THE COURT:  Let me say, I certainly understand that

16  in general you think that this is an urgent matter, and I

17  didn't mean to be dismissive of that.  I just note that there's

18  no particular event that I'm aware of that means you got to

19  have a ruling by such and such a date or things are really

20  going to jump off a cliff.  So with that clarification.

21          MR. SYKES:  Thank you, Your Honor.  No.  I think in

22  that way it's not as if we are litigating the occurrence of a

23  particular event on a particular day that we need a decision

24  before.  So, no, there is not something in the calendar that

25  the Court needs to see as a deadline, but I would just

1  underscore the sort of underlying need for urgency.  And, of

2  course, you know, it is Black History Month around the corner,

3  so the issue will become more pertinent in the coming weeks.

4          THE COURT:  All right.  Say that again.  Say that

5  again, please.

6          MR. SYKES:  I was going to say -- sorry.  I'm

7  trying to -- the only thing in the calendar worth noting is

8  that Black History Month is around the corner.  And, therefore,

9  the questions that we raise and the harms that are being

10 suffered in classrooms will only be compounded in the coming

11 weeks.

12         THE COURT:  Understand.

13    From the defendants, is there anything that you'd add as

14 far as the general urgency of the determinations that need to

15 be made by the Court?

16         MR. WEST:  Zach West with, again, defendants 1-18.

17 No, I don't think we would add anything.  We are not aware of

18 any specific dates at which there would need to be some -- some

19 decision made by.

20         THE COURT:  Anything from either of the OU

21 defendants or the Edmond defendants in that regard?

22         MR. WEITMAN:  Dan Weitman for OU.  We have nothing

23 to add, Judge.

24         MR. FUGITT:  Andy Fugitt for the Edmond defendants.

25 Your Honor, I would just point out that K-12 curriculum in

1    Edmond, and I anticipate every K-12 school district, was set

2    last July, August, and is in place through the end of this

3    calendar school year.  Thank you.

4              THE COURT:  All right.  Okay.  That answers all of

5    my questions for now, at least, as far as the procedures to be

6    followed in determining the motion for preliminary injunction.

7         Is there anything else that we can get accomplished while

8    we're all together?  Anything from the plaintiffs?

9              MR. SYKES:  Emerson Sykes for the plaintiffs again,

10   Your Honor.

11        The only thing I would just add to your last question is

12   the one thing that's in the calendar that is relevant is that

13   the state is right now collecting comments on the --

14   implementing regulations and rules for HB1775.  So to the

15   extent that the Court can provide clarity before the state, you

16   know, has to come up with rules implementing an

17   unconstitutional law, we think that that is a change that is

18   imminent in the process that's ongoing as well.  But other than

19   that, I think we have covered what we hoped to cover today and

20   look forward to hearing from you.

21             THE COURT:  All right.  So right now is the

22   operative rule still the emergency rule that had been

23   implemented?

24             MR. WEST:  Zach West with defendants 1-18.  Your

25   Honor, I believe that is correct, that the emergency rules that

1    have been in place for awhile are still the operative rules.

2            THE COURT:  And there is a process underway for a

3    permanent rule?

4            MR. WEST:  Yes, Your Honor.

5            THE COURT:  And can you give me any sense of the

6    timeline on that?

7            MR. WEST:  Unfortunately, Your Honor, I do not have

8    the specifics of that in front of me.  If need be, I can easily

9    determine those within the next probably 30 minutes and flag

10   that for the Court, but I do not have the exact specifics in

11   front of me of when the comments are due and then when the rule

12   has to actually be released.  It is, I think, fairly soon, but

13   I hesitate to say a date because I'm just not certain.

14           THE COURT:  Is all of that public record, I would

15   assume?

16           MR. WEST:  I would assume so, yes.  I believe so.

17   I -- I think I have received it from talking to people that

18   it's, you know, not in public record, but I assume that you

19   could look that up in public record as well.

20           THE COURT:  I'm going to do that then.  And if it

21   turns out that I have some questions after that, then I may

22   require some additional briefs or just a notice that the

23   parties might jointly submit just so I have a -- a sense of

24   where the calendar is on that.

25       Turning then to the OU defendants and the Edmond

1  defendants, my question was is there anything else that we can

2  get accomplished while we're all together?

3          MR. WEITMAN:  Dan Weitman for the OU defendants.

4      Your Honor, I think the only other thing, I think the

5  defendants jointly filed a motion to strike, or in the

6  alternative for a sur-reply, and I don't know if anything has

7  come of that yet.  If there's going to be a sur-reply, I think

8  we'd kind of like the opportunity to submit that before your

9  consideration.

10          THE COURT:  I will certainly answer that question

11  before -- or if I answer it in the -- in the alternative where

12  I would allow the sur-reply, I would certainly do that before

13  issuing a final determination.

14      Anything else from the Edmond defendants?

15          MR. FUGITT:  Your Honor, Andy Fugitt.  Nothing

16  further from us.  Thank you.

17          THE COURT:  All right.  Okay.  Thank you, everyone.

18  I appreciate all the input and will move forward under the

19  basis discussed, as I said, with the caveat that it may be that

20  I decide that an evidentiary hearing is just needed whether you

21  think it's not, but I'm going to try to do it on the briefs and

22  we'll see how that goes.

23      All right.  Thank you, all.

24      We are adjourned.

25                      (Court adjourned.)

REPORTER'S CERTIFICATION

       I, Emily Cripe, Federal Official Realtime Court Reporter, in and for the United States District Court for the Western District of Oklahoma, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

       Dated this 19th day of October, 2023.


**/S/ Emily Cripe**
EMILY CRIPE, CSR
Federal Official Court Reporter