## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BLACK EMERGENCY RESPONSE TEAM et al.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. CIV-21-1022-G** |
| **GENTNER DRUMMOND, in his official capacity as Oklahoma Attorney General, et al.,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## ORDER

Now before the Court is Plaintiffs' Motion to Conduct Limited Discovery (Doc. No. 102). Plaintiffs seek leave to conduct certain written discovery of Defendants Gentner Drummond, in his official capacity as Oklahoma Attorney General; Ryan Walters, in his official capacity as Oklahoma Superintendent of Public Instruction; Donald Burdick, Katie Quebedeaux, Sarah Lepak, Suzanne Reynolds, and Kendra Wesson, in their official capacities as members of the Oklahoma State Board of Education; Kevin Stitt, in his official capacity as Governor of Oklahoma; Jeffrey Hickman, Michael Turpen, Steven Taylor, Dennis Casey, Dustin Hilliary, Ann Holloway, P. Mitchell Adwon, Jack Sherry, and Courtney Warmington, in their official capacities as the Oklahoma State Board of Regents for Higher Education (collectively, the "Oklahoma Defendants"); and certain nonparties. The relevant Defendants have responded (Doc. No. 107), and Plaintiffs have replied (Doc. No. 108).

Local Civil Rule 26.3(a) provides that "if a motion has been made pursuant to Fed. R. Civ. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case." LCvR 26.3(a) (W.D. Okla.).  The Local Rule seeks to order pretrial litigation such that the often expensive discovery process does not begin until after either the defendant's filing of an answer (accepting at the pleading stage that a plausible claim has been stated) or the Court's denial of any asserted Rule 12(b) motion (determining that a plausible claim has been stated).  In doing so, the Local Rule protects the interest of a defendant to be free from discovery until it is established that a claim is sufficiently viable to proceed.  The Local Rule is flexible, however, and allows the parties to stipulate to or the Court to order early discovery.  *See* LCvR 26.3(b), (c).

Here, all defendants except the Oklahoma Defendants filed motions seeking dismissal of the Amended Complaint, wholly or in part.  *See* Doc Nos. 51, 52.  Plaintiffs contend that limited written discovery from the Oklahoma Defendants is appropriate at this juncture because, unlike the other defendants in this case, the Oklahoma Defendants filed an Answer (Doc. No. 53) to Plaintiffs' Amended Complaint rather than moving to dismiss. Plaintiffs argue that because the case against the Oklahoma Defendants will proceed no matter how the Court resolves the pending motions to dismiss from the other defendants, limited discovery against the Oklahoma Defendants would advance the speedy resolution of claims and prejudice no party.  *See* Pls.' Mot. at 4, 6 (arguing that limited discovery under Rule 26.3(c) will "serve[] the interests of efficiency and expediency" and "effectively narrow and clarify the issues").

The Local Rule expressly addresses multiparty litigation, imposing a stay on discovery when a Rule 12(b) motion has been filed by any party and extending the stay to discovery requests by any party and from any source.  LCvR 26.3(a) ("[I]f a motion has been made pursuant to Fed. R. Civ. P. 12(b), *no party* may seek discovery from *any source* before that motion has been decided and *all moving parties* have filed an answer or been dismissed from the case." (emphasis added)).  Therefore, discovery in this case is stayed under the Local Rule.

As to whether an exception should be granted in this instance to allow for the limited discovery identified by Plaintiffs, the Court declines to order such an exception.  The discovery process is time consuming and expensive.  This is especially true in multiparty litigation, where discovery taken by one party may be of concern to another.  Here, even though the contemplated discovery would proceed only against the Oklahoma Defendants, the other defendants would have an interest in that exchange and likely judge it prudent to participate so as to preserve their own rights and advance their own positions.  Plaintiffs' cited grounds are common to most plaintiffs and do not constitute compelling or exceptional grounds for early discovery under the Local Rule.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Conduct Limited Discovery (Doc. No. 102) is DENIED.

IT IS SO ORDERED this 24th day of October, 2023.

CHARLES B. GOODWIN
United States District Judge