# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| [1] BLACK EMERGENCY RESPONSE TEAM, et al. | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | |
| | ) | Case No. CIV-21-1022-G |
| [1] GENTNER DRUMMOND, in his official capacity | ) | |
| as Oklahoma Attorney General, et al. | ) | |
| | ) | |
| *Defendants*. | ) | |

## UNIVERSITY DEFENDANTS' ANSWER
## TO AMENDED COMPLAINT

Defendants, John R. "Rick" Braught, Robert Ross, Natalie Shirley, Eric Stevenson, Anita Holloway, Kenneth S. Waits, and Rick Nagel ("University Defendants") hereby submit the following Answer to Plaintiff's Amended Complaint. The University Defendants deny generally and specifically each and every material allegation contained in Plaintiff's Amended Complaint, except such allegations hereinafter specifically admitted.

## INTRODUCTION

1.      The allegations contained in Paragraph 1 of Plaintiff's Amended Complaint constitute legal statements or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

2.      The allegations contained in Paragraph 2 of Plaintiff's Amended Complaint constitute legal statements or conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3.      The allegations contained in Paragraph 3 of Plaintiff's Amended Complaint constitute legal statements or conclusions to which no response is required. To the extent a response is required, the allegations are denied. University Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 3, therefore they are denied.

4.      The allegations in Paragraph 4 contain legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The citations to case law speak for themselves and no response is required. To the extent a response is necessary, they are legal conclusions to which no response is required.

5.      The allegations in Paragraph 5 contain legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

6.      University Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of the Amended Complaint; therefore, the allegations are denied.

7.      University Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 7 of the Amended Complaint; therefore, the allegations are denied.

8.     The allegations contained in Paragraph 8 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

9.     The allegations in Paragraph 9 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

10.     The allegations in Paragraph 10 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. University Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 10; therefore, the allegations are denied.

11.     The allegations in Paragraph 11 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

12.     The allegations in Paragraph 12 constitute legal statements or conclusions to which no response is necessary.

**PARTIES**

13.     University Defendants admit that orientations dedicated to diversity, equity, and inclusion or sexual harassment are no longer mandatory for first-year students at the University. University Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 13 of the Amended Complaint; and therefore, deny the remaining allegations.

14.     University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Amended Complaint; and therefore deny the allegations.

15.     The allegations in Paragraph 15 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. University Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 15 of the Amended Complaint; and therefore, deny the allegations.

16.     The allegations in Paragraph 16 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. University Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of the Amended Complaint; and therefore, deny the allegations.

17.     The allegations in Paragraph 17 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. University Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 17 of the Amended Complaint; and therefore, deny the allegations.

18.     The allegations contained in Paragraph 18 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

19.     The allegations contained in Paragraph 19 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

4

20.     The allegations contained in Paragraph 20 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

21.     The allegations contained in Paragraph 21 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

22.     The allegations contained in Paragraph 22 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

23.     The allegations contained in Paragraph 23 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

24.     The allegations contained in Paragraph 24 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

25.     The allegations contained in Paragraph 25 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

26.     Pursuant to Rule 25(d), the members of the Board of Regents of the University of Oklahoma, sued in their official capacity, are John R. Braught, Robert Ross, Natalie Shirley, Eric Stevenson, Anita Holloway, Kenneth S. Waits, and Rick Nagel. University Defendants deny the last sentence of Paragraph 26 of the Amended Complaint.

27.     The allegations contained in Paragraph 27 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

28.     The allegations contained in Paragraph 28 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

**JURISDICTION AND VENUE**

29.     The allegations in Paragraph 29 constitute legal statements or conclusions to which no response is necessary.

30.     The allegations in Paragraph 30 constitute legal statements or conclusions to which no response is necessary.

31.     The allegations in Paragraph 16 constitute legal statements or conclusions to which no response is necessary.

## FACTUAL ALLEGATIONS

32.     The allegations in Paragraph 32 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The citations to case law speak for themselves and no response is required. To the extent a response is necessary, University Defendants are without sufficient information to admit or deny the factual allegations contained in Paragraph 32 of the Amended Complaint; and therefore, deny the allegations.

33.     The allegations in Paragraph 33 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The citations to case law speak for themselves and no response is required.

34.     The allegations in Paragraph 34 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The citations to case law speak for themselves and no response is required.

35.     The allegations in Paragraph 35 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The citations to case law speak for themselves and no response is required.

6

36.     The allegations in Paragraph 36 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The citations to case law speak for themselves and no response is required.

37.     The allegations in Paragraph 37 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

38.     The allegations contained in Paragraph 38 are admitted.

39.     The allegations in Paragraph 39 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

40.     The statute cited speaks for itself; therefore, no response is necessary. The University Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 40; therefore, the remaining allegations are denied.

41.     The allegations in Paragraph 41 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

42.     The allegations in Paragraph 42 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

43.     The allegations in Paragraph 43 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

44.     The allegations in Paragraph 44 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

45.     The allegations in Paragraph 45 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. The statute and case law cited speak for themselves and no response is required.

46.     The statute cited speaks for itself and no response is required. The remaining allegations contained in Paragraph 46 constitute legal statements, opinions, or conclusions that are not directed at the University Defendants, therefore no response is necessary. To the extent a response is required, University Defendants are without sufficient information to admit or deny the remaining allegations, therefore they are denied.

47.     The allegations in Paragraph 47 constitute legal statements, opinions, or conclusions that are not directed at University Defendants, therefore no response is necessary. To the extent a response is required, University Defendants are without sufficient information to admit or deny the remaining allegations, therefore they are denied.

48.     The statute cited speaks for itself and no response is required. The remaining allegations contained in Paragraph 48 constitute legal statements, opinions, or conclusions that are not directed at University Defendants, therefore no response is necessary. To the extent a response is required, University Defendants are without sufficient information to admit or deny the remaining allegations, therefore they are denied.

49.     The statute cited speaks for itself and no response is required. The remaining allegations contained in Paragraph 49 constitute legal statements, opinions, or conclusions

that are not directed at University Defendants, therefore no response is necessary. To the extent a response is required, University Defendants are without sufficient information to admit or deny the remaining allegations, therefore they are denied.

50.     The statute cited speaks for itself and no response is required. The remaining allegations contained in Paragraph 50 constitute legal statements, opinions, or conclusions that are not directed at University Defendants, therefore no response is necessary. To the extent a response is required, University Defendants are without sufficient information to admit or deny the remaining allegations, therefore they are denied.

51.     The statute cited speaks for itself and no response is required. The remaining allegations contained in Paragraph 51 constitute legal statements, opinions, or conclusions that are not directed at University Defendants, therefore no response is necessary. To the extent a response is required, University Defendants are without sufficient information to admit or deny the remaining allegations, therefore they are denied.

52.     The statute cited speaks for itself and no response is required. The remaining allegations contained in Paragraph 52 constitute legal statements, opinions, or conclusions that are not directed at University Defendants, therefore no response is necessary. To the extent a response is required, University Defendants are without sufficient information to admit or deny the remaining allegations, therefore they are denied.

53.     The statute cited speaks for itself and no response is required. The remaining allegations contained in Paragraph 53 constitute legal statements, opinions, or conclusions that are not directed at University Defendants, therefore no response is necessary. To the

extent a response is required, University Defendants are without sufficient information to admit or deny the remaining allegations, therefore they are denied.

54.     The statute cited speaks for itself and no response is required. The remaining allegations contained in Paragraph 54 constitute legal statements, opinions, or conclusions that are not directed at University Defendants, therefore no response is necessary. To the extent a response is required, University Defendants are without sufficient information to admit or deny the remaining allegations, therefore they are denied.

55.     The allegations in Paragraph 55 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

56.     University Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 56 of the Amended Complaint; and therefore, deny the allegations.

57.     The allegations contained in Paragraph 57 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

58.     The allegations contained in Paragraph 58 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

59.     The allegations contained in Paragraph 59 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

60.     The allegations contained in Paragraph 60 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

61.    The allegations contained in Paragraph 61 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

62.    The allegations contained in Paragraph 62 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

63.    The allegations contained in Paragraph 63 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

64.    The allegations contained in Paragraph 64 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

65.    The allegations contained in Paragraph 65 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

66.    The allegations contained in Paragraph 66 of the Amended Complaint are not directed at University Defendants; therefore no response is required.

67.    The allegations contained in Paragraph 67 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

68.    The allegations contained in Paragraph 68 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

69.    The allegations contained in Paragraph 69 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

70.    The allegations contained in Paragraph 70 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

71.    The allegations contained in Paragraph 71 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

72.     The allegations contained in Paragraph 72 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

73.     The allegations contained in Paragraph 73 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

74.     University Defendants admit that the University made its diversity, equity and inclusion trainings for students, faculty, and staff voluntary in May 2021. The remaining allegations contained in Paragraph 74 are denied.

75.     University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 75 of the Amended Complaint; and therefore, deny the allegations.

76.     University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 76 of the Amended Complaint; and therefore, deny the allegations.

77.     The allegations in Paragraph 77 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

78.     University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 78 of the Amended Complaint; and therefore, deny the allegations.

79.     University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 79 of the Amended Complaint; and therefore, deny the allegations.

80.     University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 80 of the Amended Complaint; and therefore, deny the allegations.

81.     University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 81 of the Amended Complaint; and therefore, deny the allegations.

82.     University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 82 of the Amended Complaint; and therefore, deny the allegations.

83.     The allegations contained in Paragraph 83 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

84.     University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 84 of the Amended Complaint; and therefore, deny the allegations.

85.     The allegations in Paragraph 85 constitute academic statements or conclusions to which no response is necessary. To the extent a response is required, the University Defendants are without sufficient information to admit or deny the allegations and therefore they are denied.

86.     The allegations in Paragraph 86 constitute academic statements or conclusions to which no response is necessary. To the extent a response is required, the University Defendants are without sufficient information to admit or deny the allegations and therefore they are denied.

13

87.    University Defendants admit that a mandatory DEI orientation was implemented in July 2020. The remaining allegations contained in Paragraph 87 constitute academic statements or conclusions to which no response is necessary. To the extent a response is required, the University Defendants are without sufficient information to admit or deny the allegations and therefore they are denied.

88.    The allegations contained in Paragraph 88 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

89.    The allegations contained in Paragraph 88 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

90.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 90 of the Amended Complaint; and therefore, deny the allegations.

91.    University Defendants admit that their policy manual contains the language quoted in Paragraph 91 as a quotation of the 1957 declaration of the American Association of University Professors. The remainder of the allegations contained in Paragraph 91 are denied.

92.    The allegations contained in Paragraph 92 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

93.    The allegations contained in Paragraph 93 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

94.    The allegations contained in Paragraph 94 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

14

95.     The allegations contained in Paragraph 95 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

96.     The allegations contained in Paragraph 96 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

97.     The allegations contained in Paragraph 97 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

98.     The allegations contained in Paragraph 98 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

99.     University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 99 of the Amended Complaint; and therefore, deny the allegations.

100.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 100 of the Amended Complaint; and therefore, deny the allegations.

101.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 101 of the Amended Complaint; and therefore, deny the allegations.

102.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 102 of the Amended Complaint; and therefore, deny the allegations.

103.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 103 of the Amended Complaint; and therefore, deny the allegations.

104.    The executive order cited in Paragraph 104 speaks for itself and no response is required. University Defendants are without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 104 of the Amended Complaint; and therefore, deny the allegations.

105.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 105 of the Amended Complaint; and therefore, deny the allegations.

106.    The case cited in Paragraph 106 speaks for itself and no response is required. To the extent a response is required, the remaining allegations are denied.

107.    The statute cited in Paragraph 107 speaks for itself and no response is required.

108.    The allegations contained in Paragraph 108 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

109.    The allegations contained in Paragraph 109 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

110.    The allegations contained in Paragraph 110 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

111.    The allegations contained in Paragraph 111 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

16

112.    The allegations contained in Paragraph 112 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

113.    The allegations contained in Paragraph 113 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

114.    The allegations contained in Paragraph 114 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

115.    The allegations contained in Paragraph 115 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

116.    The allegations contained in Paragraph 116 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

117.    The allegations contained in Paragraph 117 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

118.    The allegations contained in Paragraph 118 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

119.    The allegations contained in Paragraph 119 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

120.    The allegations contained in Paragraph 120 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

121.    The allegations contained in Paragraph 121 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

122.    The allegations contained in Paragraph 122 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

123.   The allegations contained in Paragraph 123 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

124.   The allegations contained in Paragraph 124 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

125.   The allegations contained in Paragraph 125 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

126.   University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 126 of the Amended Complaint; and therefore, deny the allegations.

127.   University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 127 of the Amended Complaint; and therefore, deny the allegations.

128.   The allegations in Paragraph 128 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

129.   The statute cited in Paragraph 129 speaks for itself and no response is required.

130.   The allegations contained in Paragraph 130 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

131.   The allegations contained in Paragraph 131 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

132.    The allegations contained in Paragraph 132 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

133.    The allegations in Paragraph 133 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

134.    The allegations contained in Paragraph 134 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

135.    The allegations contained in Paragraph 135 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

136.    The allegations contained in Paragraph 136 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

137.    The allegations contained in Paragraph 137 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

138.    The allegations contained in Paragraph 138 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

139.    The allegations contained in Paragraph 139 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

140.    The allegations contained in Paragraph 140 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

141.    The allegations contained in Paragraph 141 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

142.    The allegations contained in Paragraph 142 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

143.    The allegations contained in Paragraph 143 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

144.    The allegations contained in Paragraph 144 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

145.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 145 of the Amended Complaint; and therefore, deny the allegations.

146.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 146 of the Amended Complaint; and therefore, deny the allegations.

147.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 147 of the Amended Complaint; and therefore, deny the allegations.

148.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 148 of the Amended Complaint; and therefore, deny the allegations.

149.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 149 of the Amended Complaint; and therefore, deny the allegations.

150.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 150 of the Amended Complaint; and therefore, deny the allegations.

151.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 151 of the Amended Complaint; and therefore, deny the allegations.

152.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 152 of the Amended Complaint; and therefore, deny the allegations.

153.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 153 of the Amended Complaint; and therefore, deny the allegations.

154.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 154 of the Amended Complaint; and therefore, deny the allegations.

155.    University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 155 of the Amended Complaint; and therefore, deny the allegations.

156.    Paragraph 156 of the Amended Complaint contains no allegations and therefore no response is required.

157.    The case law cited in Paragraph 157 speaks for itself and no response is required. The remaining allegations contained in Paragraph 52 constitute legal statements,

opinions, or conclusions to which no response is necessary. To the extent a response is required, the remaining allegations are denied.

158. The allegations in Paragraph 158 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

159. University Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 159 of the Amended Complaint; and therefore, deny the allegations.

160. This claim has been dismissed by order of this Court [Doc. No. 172, p. 34] therefore no response is necessary.

161. The allegations contained in Paragraph 161 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

162. This claim has been dismissed by order of this Court [Doc. No. 172, p. 34] therefore no response is necessary.

163. As Plaintiffs' claims against University Defendants pursuant to Paragraphs 156-163 have been dismissed by order of this Court [Doc. No. 172, p. 34], no response is necessary.

164. Paragraph 164 of the Amended Complaint contains no allegations and therefore no response is required.

165. The allegations in Paragraph 165 constitute legal statements or conclusions to which no response is necessary.

166.   The case law cited in Paragraph 166 speaks for itself and no response is required. The remaining allegations contained in Paragraph 52 constitute legal statements, opinions, or conclusions to which no response is necessary. To the extent a response is required, the remaining allegations are denied.

167.   The allegations in Paragraph 167 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

168.   The allegations contained in Paragraph 168 of the Amended Complaint are not directed at University Defendants; therefore, no response is required.

169.   The allegations in Paragraph 169 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

170.   The allegations in Paragraph 170 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

171.   Paragraph 171 of the Amended Complaint contains no allegations and therefore no response is required.

172.   The allegations in Paragraph 172 constitute legal statements or conclusions to which no response is necessary.

173.   The case law cited in Paragraph 173 speaks for itself and no response is required. The remaining allegations contained in Paragraph 173 constitute legal statements,

opinions, or conclusions to which no response is necessary. To the extent a response is required, the remaining allegations are denied.

174.    The allegations in Paragraph 174 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

175.    The allegations in Paragraph 175 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

176.    The allegations in Paragraph 176 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

177.    Paragraph 177 of the Amended Complaint contains no allegations and therefore no response is required.

178.    The case law cited in Paragraph 178 speaks for itself and no response is required.

179.    The case law cited in Paragraph 179 speaks for itself and no response is required.

180.    The allegations in Paragraph 180 constitute legal statements or conclusions to which no response is necessary.

181.    The case law cited in Paragraph 181 speaks for itself and no response is required.

182.    The case law cited in Paragraph 182 speaks for itself and no response is required.

183.    The case law cited in Paragraph 183 speaks for itself and no response is required.

184.    The allegations in Paragraph 184 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

185.    The allegations in Paragraph 185 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

186.    The allegations in Paragraph 186 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

187.    The allegations in Paragraph 187 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

188.    The allegations contained in Paragraph 188 of the Amended Complaint are not directed at University Defendants; therefore no response is required.

189.    The allegations in Paragraph 189 constitute legal statements or conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

**PRAYER FOR RELIEF**

The University Defendants deny that Plaintiffs are entitled to the relief requested in the unnumbered WHEREFORE paragraph of the Amended Petition.

**AFFIRMATIVE DEFENSES**

1.      Plaintiffs have failed, in whole or in part, to state a claim upon which relief may be granted.

2.      Plaintiffs lack standing.

3.      Plaintiffs are not real parties in interest.

4.      The University Defendants were acting in the scope of their official duties.

5.      As governmental officials acting within the scope of their official duties by a constitutional body of the State of Oklahoma, the University Defendants are entitled to all immunities, protections, and limitations afforded by the University of Oklahoma's sovereignty, including the Eleventh Amendment to the United States' Constitution and the Oklahoma Governmental Tort Claims Act.

6.      Plaintiffs' claims against the University Defendants are barred, in whole and in part, because each action of which Plaintiffs complain, if they occurred at all, were taken for legitimate reasons pursuant to University policy, which did not violate any constitutional or statutory prohibition.

WHEREFORE, the University Defendants pray Plaintiffs take nothing by way of their Amended Complaint, that University Defendants recover their attorneys' fees and

costs incurred in defending this action, and for such other and further relief as the court deems appropriate under the circumstances.

Respectfully submitted,


s/Tina S. Ikpa
M. DANIEL WEITMAN, OBA #17412
TINA IKPA, OBA #32193
University of Oklahoma
Office of Legal Counsel
660 Parrington Oval, Suite 213
Norman, Oklahoma 73109
Telephone: (405) 325-4124
Facsimile: (405) 325.7681
E-Mail: dan.weitman@ou.edu
E-Mail: tsikpa@ou.edu

*ATTORNEYS FOR DEFENDANTS JOHN R. BROUGHT, ROBERT WAITS, KENNETH S. WAITS, ERIC STEVENSON, ANITA HOLLOWAY AND RICK NAGEL*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July 2024, I transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David Hinojosa
Maya Brodziak
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005

Megan Lambert
American Civil Liberties Union
Foundation of Oklahoma
P.O. Box 13327
Oklahoma City, OK 73113

Douglas Koff
Julia Beskin
Sara Solfanelli
Kevin Scot Johns
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

Emerson Sykes
Leah Watson
Sarah Hinger
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004

Andy N. Ferguson
Zachary P. West
Attorney General's Office
313 NE 21 St
Oklahoma City, OK 73105

F. Andrew Fugitt
Justin C. Cliburn
The Center for Education Law
900 N Broadway Ave., Suite 300
Oklahoma City, OK 73102

s/Tina S. Ikpa
Tina S. Ikpa