UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLACK EMERGENCY RESPONSE TEAM et al., | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) Case No. CIV-21-1022-G<br>) |
| GENTNER DRUMMOND, in his official capacity as Oklahoma Attorney General, et al., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER CERTIFYING STATE-LAW**
**QUESTIONS TO THE OKLAHOMA SUPREME COURT**

This lawsuit concerns House Bill 1775 ("H.B. 1775" or the "Act"), codified in title 70, section 24-157 of the Oklahoma Statutes, and its implementing regulations, codified in Oklahoma Administrative Code § 210:10-1-23 (the "Implementing Rules"). Section 24-157(A)(1) of the Act relates to higher education, and section 24-157(B)(1) relates to K-12 schools. *See* Okla. Stat. tit. 70, § 24-157. Plaintiffs[1] challenge both sections. *See* Am. Compl. (Doc. No. 50) ¶¶ 156-189.

---

[1] Plaintiffs are the Black Emergency Response Team, the University of Oklahoma Chapter of the American Association of University Professors, the Oklahoma State Conference of the National Association for the Advancement of Colored People, the American Indian Movement Indian Territory, Precious Lloyd *ex rel.* S.L., Anthony Crawford, and Regan Killackey.

On June 14, 2024, the Court granted in part, denied in part, and reserved ruling on in part the University Defendants'[2] Motion to Dismiss (Doc. No. 51) and the State Defendants'[3] Motion for Judgment on the Pleadings (Doc. No. 106). *See* Dismissal Order (Doc. No. 172) at 34-35. The Court also granted in part and denied in part Plaintiffs' Motion for Preliminary Injunction (Doc. No. 27). *See* Prelim. Inj. Order (Doc. No. 173) at 29-30.

In its Dismissal Order, the Court concluded that questions relating to certain claims and defenses of the parties should be certified to the Oklahoma Supreme Court. *See* Dismissal Order at 20-22, 27-28, 34-35. The Court directed the parties to submit proposed questions for certification and a statement of facts relevant to those questions. *See* Order of June 18, 2024 (Doc. No. 178). The State Defendants and University Defendants submitted proposed questions and a statement of facts, to which Plaintiffs responded. *See* Doc. Nos. 183, 198. Plaintiffs submitted a proposed statement of facts and proposed

---

[2] Pursuant to Federal Rule of Civil Procedure 25(d) and the publicly available listing of current members of the University of Oklahoma Board of Regents, Kenneth S. Waits is added as a Defendant. With that addition, the University Defendants are John R. "Rick" Braught, Anita Holloway, Rick Nagel, Robert Ross, Natalie Shirley, Eric Stevenson, and Mr. Waits in their official capacities as members of the University of Oklahoma Board of Regents.

[3] The State Defendants are: are Kevin Stitt, in his official capacity as Governor of Oklahoma; Genter Drummond, in his official capacity as Oklahoma Attorney General; Ryan Walters, in his official capacity as Oklahoma Superintendent of Public Education; Zachary Archer, Donald Burdick, Sarah Lepak, Katie Quebedeaux, and Kendra Wesson, in their official capacities as members of the Oklahoma State Board of Education; and Jack Sherry, Dennis Casey, Steven Taylor, Courtney Warmington, P. Mitchell Adwon, Jeffrey Hickman, Dustin Hilliary, Ken Levit, and Michael Turpen, in their official capacities as the Oklahoma State Regents for Higher Education.

questions relating to section 24-157(A)(1) of the Act but argued that no questions should be certified relating to section 24-157(B)(1).  *See* Pls.' Br. (Doc. No. 184) at 2-16.  The State Defendants and University Defendants responded to Plaintiffs' Brief.  *See* Doc. No. 197.

On July 15, 2024, Plaintiffs, the State Defendants, and the University Defendants filed notices of appeal as to the Court's Orders of June 14, 2024.  *See* Doc. Nos. 185, 186, 187.  The parties subsequently jointly moved to hold that appeal in abeyance in the Tenth Circuit Court of Appeals pending the outcome of this Court's certification process before the Oklahoma Supreme Court, and the Tenth Circuit granted that request.  *See Black Emergency Response Team v. Drummond*, Nos. 24-6139, 24-6140, 24-6141 (10th Cir. Aug. 6, 2024) (order).

FACTS RELEVANT TO THE QUESTIONS

Governor Kevin Stitt signed H.B. 1775 into law on May 7, 2021.  The Act and its Implementing Rules prohibit the training or teaching of specified subjects in Oklahoma schools.

With respect to public colleges and universities, the Act prescribes:

> No enrolled student of an institution of higher education within The Oklahoma State System of Higher Education shall be required to engage in any form of mandatory gender or sexual diversity training or counseling; provided, voluntary counseling shall not be prohibited.  Any orientation or requirement that presents any form of race or sex stereotyping or a bias on the basis of race or sex shall be prohibited.

Okla. Stat. tit. 70, § 24-157(A)(1).  The Act directs the Oklahoma State Regents for Higher Education to promulgate rules to implement the provisions of section 24-157(A), but they have not yet done so.  *See id.* § 24-157(A)(2); Univ. Defs.' Mot. to Dismiss at 19.

With respect to school districts, charter schools, and virtual charter schools (collectively, "K-12 Schools"), the Act directs:

> No teacher, administrator or other employee of a school district, charter school or virtual charter school shall require or make part of a course the following concepts:
>   a. one race or sex is inherently superior to another race or sex,
>   b. an individual, by virtue of his or her race or sex, is inherently racist, sexist or oppressive, whether consciously or unconsciously,
>   c. an individual should be discriminated against or receive adverse treatment solely or partly because of his or her race or sex,
>   d. members of one race or sex cannot and should not attempt to treat others without respect to race or sex,
>   e. an individual's moral character is necessarily determined by his or her race or sex,
>   f. an individual, by virtue of his or her race or sex, bears responsibility for actions committed in the past by other members of the same race or sex,
>   g. any individual should feel discomfort, guilt, anguish or any other form of psychological distress on account of his or her race or sex, or
>   h. meritocracy or traits such as a hard work ethic are racist or sexist or were created by members of a particular race to oppress members of another race.

Okla. Stat. tit. 70, § 24-157(B)(1).  This prohibition is limited by a clause providing that "[t]he provisions of this subsection shall not prohibit the teaching of concepts that align to the Oklahoma Academic Standards."  *Id.* § 24-157(B).  The Oklahoma Academic Standards ("Academic Standards") are educational objectives developed by the State Board of Education and approved by the Oklahoma Legislature reflecting subject matter

standards for public school students in Oklahoma. *See id.* § 11-103.6(A). Public school districts are required to develop and implement curriculum based on the Academic Standards. *See id.* The Act's Implementing Rules authorize the State Department of Education to suspend or revoke the license or certificate of K-12 School employees found to have violated the Act. *See* Okla. Admin. Code § 210:10-1-23(j).

Plaintiffs brought suit under 42 U.S.C. § 1983, requesting preliminary and permanent injunctive relief as well as a declaratory judgment that the Act is unconstitutional facially and as applied under the First and Fourteenth Amendments to the United States Constitution. *See* Am. Compl. at 76.

Specifically, Plaintiffs contend that:

1. The Act is unconstitutionally vague, facially and as applied by Defendants, in violation of the Fourteenth Amendment;

2. The Act infringes on the right of students to receive information, facially and as applied by Defendants, in violation of the First Amendment;

3. The Act is overbroad and imposes impermissible viewpoint-based restrictions, facially and as applied by Defendants, in violation of the First Amendment; and

4. The Act violates the Equal Protection Clause of the Fourteenth Amendment.

*See id.* ¶¶ 156-189.

The State Defendants and the University Defendants opposed Plaintiffs' request for a preliminary injunction and moved that Plaintiffs' claims be dismissed on various grounds. Notably, the University Defendants argued that Plaintiffs' claims against them should be dismissed because to the extent the Act regulates curricular speech, it violates article XIII, section 8 of the Oklahoma Constitution and is therefore a nullity. *See* Univ. Defs.' Mot. to

Dismiss at 13; *see also* Univ. Defs.' Resp. to Pls.' Mot. Prelim. Inj. (Doc. No. 58) at 9 ("Should it be determined that the text and context of the statute itself is not sufficiently clear, it should be noted that the legislature is without authority to dictate academic content to the OU Regents."). At oral argument, counsel for the University Defendants stated that, to the extent they are enforcing the Act, it is "out of respect to the legislature" and not because they are bound by the Act. *See* Tr. Mot. Hr'g 40:17-41:2 (Doc. No. 162).

In its Dismissal Order, the Court found that Plaintiffs lacked standing to challenge the first sentence of section 24-157(A)(1) of the Act, which relates to mandatory diversity training and counseling in the university setting. *See* Dismissal Order at 12-13. In its Preliminary Injunction Order, the Court—noting its limited power as a federal court to apply a narrowing construction to a state statute—enjoined Defendants from enforcing the following provisions of the Act, concluding that they were unconstitutionally vague in violation of the Fourteenth Amendment of the United States Constitution:

- The second sentence of section 24-157(A)(1) of the Act: "Any orientation or requirement that presents any form of race or sex stereotyping or a bias on the basis of race or sex is prohibited."
- The word "require" in the introductory verb clause in section 24-157(B)(1).
- The entirety of subsections (c) and (d) of section 24-157(B)(1).

*See* Prelim. Inj. Order at 9, 13, 15-16, 21, 29-30. The Court also enjoined enforcement of the Implementing Rules to the extent they are inconsistent with the Preliminary Injunction Order. *See id.* at 30.

CERTIFIED QUESTIONS

Having considered the parties' submissions and responses, this Court, pursuant to title 20, sections 1601 et seq. of the Oklahoma Statutes, now respectfully requests that the Oklahoma Supreme Court exercise its discretion to provide authoritative guidance as to the following questions of law:

1. Does title 70, section 24-157(A)(1) of the Oklahoma Statutes violate article XIII, section 8 of the Oklahoma Constitution? In other words, does the Oklahoma Legislature have the power to regulate the affairs of the University of Oklahoma, or other universities or colleges impacted by the Act, to the extent done in section 24-157(A)(1)?

2. As it relates to section 24-157(A)(1)'s prohibition of "[a]ny orientation or requirement that presents any form of race or sex stereotyping or a bias on the basis of race or sex," what is the meaning of the term "requirement?"

3. As it relates to section 24-157(A)(1)'s prohibition of "[a]ny orientation or requirement that presents any form of race or sex stereotyping or a bias on the basis of race or sex," what does it mean to "present[]" race or sex stereotyping or a bias on the basis of race or sex?

4. As it relates to title 70, section 24-157(B)(1) of the Oklahoma Statutes' directive that "[n]o teacher, administrator or other employee of a school district, charter school or virtual charter school shall require or make part of a course the following concepts: . . . ," what does it mean to "require" an identified "concept[]?"

5. As it relates to section 24-157(B)(1)(c), what does it mean to "make part of a course the . . . concept[]: . . . an individual should be discriminated against or receive adverse treatment solely or partly because of his or her race or sex?"

6. As it relates to section 24-157(B)(1)(d), what does it mean to "make part of a course the . . . concept[]: . . . members of one race or sex cannot and should not attempt to treat others without respect to race or sex?"

The Court acknowledges that the Oklahoma Supreme Court may, in its discretion, reformulate these questions. *See* Okla. Stat. tit. 20 § 1602.1.

NAMES AND ADDRESSES OF COUNSEL OF RECORD FOR ALL PARTIES

Counsel appearing on behalf of Plaintiffs Black Emergency Response Team, University of Oklahoma Chapter of the American Association of University Professors, Oklahoma State Conference of the National Association for the Advancement of Colored People, American Indian Movement Indian Territory, Precious Lloyd *ex rel.* S.L., Anthony Crawford, and Regan Killackey are:

Julia Beskin
Schulte Roth & Zabel LLP
919 3rd Ave
New York, NY 10022

Maya Brodziak
Lawyers' Committee for Civil Rights Under Law
1500 K St NW
Suite 900
Washington, DC 20005

Adam Hines
ACLU of Oklahoma Foundation
PO Box 13327
Oklahoma City, OK 73113

Kevin S. Johns
Schulte Roth & Zabel LLP
919 3rd Ave
New York, NY 10022

Douglas Koff
Schulte Roth & Zabel LLP
919 3rd Ave
New York, NY 10022

Megan E. Lambert
ACLU of Oklahoma Foundation
PO Box 13327
Oklahoma City, OK 73113

Zakiya Shani Lewis
Lawyers' Committee for Civil Rights Under Law
1500 K St NW
Suite 900
Washington, DC 20005

Sara Solfanelli
Schulte Roth & Zabel LLP
919 3rd Ave
New York, NY 10022

Emerson Sykes
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004

Leah Watson
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004

Counsel appearing on behalf of State Defendants Kevin Stitt, in his official capacity as Governor of Oklahoma; Genter Drummond, in his official capacity as Oklahoma Attorney General; Ryan Walters, in his official capacity as Oklahoma Superintendent of Public Education; Zachary Archer, Donald Burdick, Sarah Lepak, Katie Quebedeaux, and Kendra Wesson, in their official capacities as members of the Oklahoma State Board of Education; and Jack Sherry, Dennis Casey, Steven Taylor, Courtney Warmington, P. Mitchell Adwon, Jeffrey Hickman, Dustin Hilliary, Ken Levit, and Michael Turpen, in their official capacities as the Oklahoma State Regents for Higher Education are:

William Patrick Flanagan
Oklahoma Office of Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

Andy N. Ferguson

1304 Swan Lake Road
Edmond, OK 73003

Garry M. Gaskins, II
Drummond Law PLLC
1500 S Utica Ave
Suite 400
Tulsa, OK 74104

Zachary P. West
Oklahoma Office of Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

Counsel appearing on behalf of University Defendants John R. "Rick" Braught, Anita Holloway, Rick Nagel, Robert Ross, Natalie Shirley, Eric Stevenson, and Kenneth S. Waits in their official capacities as members of the University of Oklahoma Board of Regents are:

Tina Sharell Ikpa
University of Oklahoma Office of Legal Counsel
660 Parrington Oval
Suite 213
Norman, OK 73019

M. Daniel Weitman
University of Oklahoma Office of Legal Counsel
660 Parrington Oval
Suite 213
Norman, OK 73019

Zachary P. West
Oklahoma Office of Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

CONCLUSION

In accordance with the foregoing, the Court respectfully requests that the Oklahoma Supreme Court answer the foregoing certified questions of law involved in the case before this Court, which may be determinative of a cause of action pending before this Court and as to which it appears there is no controlling precedent in the decisions of the Oklahoma Supreme Court, the Oklahoma Constitution, or the Oklahoma Statutes.

The Court directs the Clerk of this Court to transmit a copy of this Certification Order to counsel for all parties and to forward a copy of this Certification Order, together with a copy of the full record in this case, to the Clerk of the Oklahoma Supreme Court.

IT IS SO ORDERED this 27th day of August, 2024.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge