UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLACK EMERGENCY RESPONSE TEAM, et al.,<br><br>                      *Plaintiffs*,<br><br>v.<br><br>GENTNER DRUMMOND, in his official capacity as Oklahoma Attorney General, et al.,<br><br>                      *Defendants*. | Case No. 5:21-CV-1022-G<br><br>Hon. Charles B. Goodwin |

**JOINT MOTION[1] TO STAY DISCOVERY AS TO UNIVERSITY DEFENDANTS AND TO ABATE THE MOTION TO COMPEL AS TO UNIVERSITY DEFENDANTS**

Plaintiffs Black Emergency Response Team (the "Plaintiffs"), *et al*., and University Defendants[2] jointly move to stay discovery, including the relevant motion to compel, Doc. 224, between Plaintiffs and University Defendants until the Oklahoma Supreme Court renders a decision in the related certification litigation, which will determine whether University Defendants are a proper party in the instant litigation. Plaintiffs and University Defendants believe that the Oklahoma Supreme Court's ruling will bear heavily on whether University Defendants are a proper party in this case.

---

[1] Plaintiffs and University Defendants jointly bring this motion. State Defendants take no position.
[2] Capitalized terms used but not defined herein have the meanings ascribed to them in this Court's June 14, 2024 Order. Doc. 172 at 4. "University Defendants" also includes Kenneth S. Waits, who is currently a member of the Board.

1

University Defendants' position is that the Board of Regents of the University of Oklahoma is vested with the government of the University by the Oklahoma Constitution. *See Bd. of Regents of Univ. of Okla. v. Baker*, 1981 OK 160, ¶ 8, 638 P.2d 464, 469. Subject to a few specific, and limited, exceptions, that authority is broad and exclusive to the Regents. Okla. Att'y Gen. Op. No. 87-7 (Mar. 16, 1988) (citing *Baker*, 638 P.2d at 469). As a result, interpreting H.B. 1775 to apply to the University would result in an intrusion on that constitutionally-granted authority. If the Oklahoma Supreme Court rules consistent with this position, the University is not an enforcer of the law and should be dismissed from this case.

Plaintiffs' position remains that the Legislature intended to regulate the University of Oklahoma and college classrooms generally with H.B. 1775 ("the Act"). But after completing briefing on this Court's certified questions to the Oklahoma Supreme Court, Plaintiffs recognize that the Oklahoma Supreme Court will likely interpret the Act in a way that prohibits the Act from regulating the University of Oklahoma because of art. XIII, § 8 of the Oklahoma Constitution. Such an outcome would alter the University Defendants' status as an enforcer of the Act, and make them no longer proper parties to this case. Given that (1) both Plaintiffs and University Defendants agree on the likelihood of this outcome and (2) sensitive information would be shared between Plaintiffs and University Defendants if discovery were to continue, Plaintiffs and University Defendants request a stay to avoid unnecessary and unduly burdensome disclosures pending a response from the Oklahoma Supreme Court.

**Background**

Plaintiffs filed their Complaint on October 19, 2021, challenging the Act (codified as Okla. Stat. tit. 70, § 24-157 (2021)) and its implementing regulations (codified as Okla. Admin. Code § 210:10-1-23) for violations of their rights under the First and Fourteenth Amendments. Doc. 1. Plaintiffs then moved for a preliminary injunction on October 29, 2021. Doc. 27. University and EPS Defendants moved to dismiss on November 23, 2021. Docs. 51, 52. State Defendants moved for judgment on the pleadings on January 25, 2023. Doc. 106. On June 14, 2024, this Court allowed certain of Plaintiffs' claims to proceed, dismissed certain of Plaintiffs' claims, ordered certification of questions to the Oklahoma Supreme Court, and enjoined parts of the Act as likely to be unconstitutionally vague. Docs. 172, 173.

One of the questions certified by this court to the Oklahoma Supreme Court ("question one") asked

> Does title 70, section 24-157(A)(1) of the Oklahoma Statutes violate article XIII, section 8 of the Oklahoma Constitution? In other words, does the Oklahoma Legislature have the power to regulate the affairs of the University of Oklahoma, or other universities or colleges impacted by the Act, to the extent done in section 24-157(A)(1)?

Doc. 208 at 7. On December 16, 2024, the Oklahoma Supreme Court ordered the parties to submit briefing on this, and the other five, certified questions. Ex. 1. The parties' briefs in chief were filed on January 30, 2025, and answering briefs were filed on March 3, 2025.

In response to question one, University Defendants, in their briefing on this question argued that "[t]he Oklahoma Legislature lacks the power to regulate the University of Oklahoma to the extent recited in [H.B. 1775] and this [Supreme] Court should therefore

3

determine that the statute does not apply to the University of Oklahoma." Ex. 2 (OU Brief in Chief) at 5; *see also* Ex. 3 (OU Answer Brief) at 1–10. Similarly, Plaintiffs, while still contending that the Legislature intended H.B. 1775 to regulate OU and the university classroom, also argued that the Oklahoma Constitution forbids the Legislature from regulating required orientations at OU, let alone classroom content. Ex. 4 (Plaintiffs' Brief in Chief) at 12–13; Ex. 5 (Plaintiffs' Answer Brief) at 2–6. As such, both Plaintiffs and University Defendants agree that if the Oklahoma Supreme Court finds that the Oklahoma Constitution prohibits the Legislature from regulating OU and university classrooms, the University Defendants would no longer be proper parties to this case because Plaintiffs sued University Defendants for their role in enforcing H.B. 1775. If the Oklahoma Supreme Court decides that the Legislature cannot regulate OU and university classrooms, then H.B. 1775 would not apply to OU and University Defendants would have no obligation to enforce it.

The Court's certified questions implicate all the Plaintiffs' First Amendment and Fourteenth Amendment Due Process vagueness claims. They do not implicate the Plaintiffs' Equal Protection claim. Therefore, the Court ordered that discovery on the Equal Protection claim should proceed while briefing on the certified questions was on-going. Doc. 210. Accordingly, Plaintiffs and University Defendants engaged in discovery as to the Equal Protection claim which led to Plaintiffs filing a motion to compel University Defendants ("OU Motion to Compel") to produce documents. Doc. 224. That motion is fully briefed, Docs. 224, 234, and 240, but remains pending with this Court.

## Legal Argument

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (stating that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."). Courts weigh various factors to determine whether a stay is appropriate. These factors include "(1) whether the [movants] are likely to prevail in the related proceedings; (2) whether, absent a stay, the [movants] will suffer irreparable harm; (3) whether the issuance of the stay will cause substantial harm to the other parties to the proceeding; and (4) the public interest at stake." *Chieftain Royalty Co. v. SM Energy Co.*, No. CIV-11-177-D, 2012 WL 5462852, at *1 (W.D. Okla. Nov. 8, 2012) (internal quotation omitted).

Here, all factors support granting the request to stay. *First*, both Plaintiffs and University Defendants agree that they are likely to "prevail" in that the Oklahoma Supreme Court will likely reach a decision that aligns with both parties' interpretation of art. XIII, § 8 of the Oklahoma Constitution. Specifically, based on a straightforward application of the relevant Oklahoma law, the Oklahoma Supreme Court will likely determine that the Oklahoma Constitution prohibits the Legislature from attempting to regulate OU and the university classroom. If so, this will mean that University Defendants are not legal enforcers of H.B. 1775 and, therefore, will not be proper parties to any of Plaintiffs' claims, including its Equal Protection claim.

*Second*, Plaintiffs' Equal Protection claim requires the production of documents and disclosure of information that is sensitive for all parties, such as the disclosure of personal information for the members of Plaintiff organizations and information from University Defendants regarding the inner workings of OU. Though Plaintiffs and University Defendants have agreed to take steps to protect this information, such as agreeing to a proposed Confidentiality Order,[3] a stay will ensure that sensitive documents and information are not disclosed until all parties are confident that University Defendants will remain in the action.

*Third*, a stay will not harm State Defendants, as Plaintiffs intend to continue engaging in discovery with State Defendants. Moreover, Plaintiffs are prepared to proactively address any difficulties that might arise in staying discovery as to only University Defendants so that none of the Defendants are unduly prejudiced.

Finally, a stay does not harm the public interest. Plaintiffs will continue to litigate this case against State Defendants, who are indisputably proper parties to this litigation, while awaiting a decision from the Oklahoma Supreme Court. This will serve the public's "interest in constitutional rights being upheld and in unconstitutional decisions by the government being remedied." *Planned Parenthood of Ark. & E. Okla. v. Cline*, 910 F. Supp. 2d 1300, 1308 (W.D. Okla. 2012). At the same time, courts have recognized that the public interest is also served "by the conservation of judicial resources" that can be achieved when waiting on relevant decisions from other courts. *Chieftain Royalty Co.*,

---

[3] Though Plaintiffs and University Defendants agree on the language for such an order, Plaintiffs and State Defendants continue to negotiate as to some key provisions.

2012 WL 5462852, at *2; *see also In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, No. 2:24-MD-03102-RJS-DAO, 2024 WL 4349160, at *4 (D. Utah Sept. 30, 2024). Here, by staying discovery as to only the University Defendants, the Court can ensure that all of the relevant public interests are being served.

## CONCLUSION

For these reasons, Plaintiffs and University Defendants respectfully request that the Court grant their Motion to Stay Discovery and order that discovery between Plaintiffs and University Defendants be stayed and a decision on the OU motion to compel be abated until the Oklahoma Supreme Court renders a decision in the related certification litigation which will determine whether University Defendants are a proper party in the instant litigation.

Date: April 8, 2025                                    Respectfully submitted,

*/s/ Maya Brodziak*
Maya Brodziak
Sumayya Saleh
Zakiya Lewis
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
 UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
ssaleh@lawyerscommittee.org
mbrodziak@lawyerscommittee.org
Zlewis@lawyerscommittee.org

Adam H. Hines
Oklahoma Bar Number: 35640
Megan Lambert
Oklahoma Bar Number: 33216
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF OKLAHOMA

P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@acluok.org
ahines@acluok.org

Emerson Sykes
Leah Watson
Sarah Hinger
AMERICAN CIVIL LIBERTIES
 UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
esykes@aclu.org
lwatson@aclu.org
shinger@aclu.org

Douglas Koff
Julia Beskin
Kevin Scot Johns
Adam Kimelman
SCHULTE ROTH & ZABEL LLP
919 Third Avenue New York, NY 10022
douglas.koff@srz.com
julia.beskin@srz.com
kevin.johns@srz.com
adam.kimelman@srz.com

*Counsel for Plaintiffs*

/s/ *Dan Weitman*
 M. Daniel Weitman
 Tina S. Ikpa
 Office of Legal Counsel
 University of Oklahoma
 660 Parrington Oval, Ste. 213
 Norman, Oklahoma 73019
 dan.weitman@ou.edu
 tsikpa@ou.edu

 *Counsel for University Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2025, I electronically filed the foregoing Motion with the Clerk of Court via the Court's CM/ECF system, which effects service upon all counsel of record.

Respectfully submitted,

*/s/ Maya Brodziak*
Maya Brodziak
LAWYERS' COMMITTEE FOR CIVIL
 RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
mbrodziak@lawyerscommittee.org