UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] BLACK EMERGENCY RESPONSE TEAM, et al. ) | |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | Case No. CIV-21-1022-G |
| [1] GENTNER DRUMMOND, in his official capacity ) | |
| as Oklahoma Attorney General, et al. ) | |
| ) | |
| *Defendants*. ) | |

### UNIVERSITY DEFENDANTS' MOTION TO RECONSIDER THE COURT'S RULING ON DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT

COME NOW, Robert Ross, John Braught, Kenneth Waits, Rainey Williams, Jr., Eric Stevenson, Anita Holloway, and Rick Nagel, the members of the Board of Regents of the University of Oklahoma (collectively University Defendants)[1], and pursuant to Fed.R.Civ.P. 54(b), move this Honorable Court for an order reconsidering its rulings on University Defendants' Motion to Dismiss [Doc. 172] and on its Order for Preliminary Injunction [Doc. 173] as the Oklahoma Supreme Court has now provided an authoritative interpretation of the statute at issue, 70 O.S. §24-157(A)(1), which materially changes or clarifies the controlling law on which this Court initially relied [Doc. 252].

WHEREFORE, University Defendants pray that this Court reconsider its rulings on Defendant's Motion to Dismiss and on its Order for Preliminary Injunction, dismiss the

---

[1] On June 10, 2025, the University Defendants moved this Court to reform the style to represent the current makeup of the Board of Regents. While no order has entered, the University Defendants bring this Motion in the name of the currently sitting board members.

case against the University Defendants, and dissolve the preliminary injunction against the University Defendants as necessary.

## BRIEF IN SUPPORT

On October 19, 2021, Plaintiffs, a coalition of advocacy organizations, filed a lawsuit against the members of the Board of Regents of the University of Oklahoma alleging that the (then) recently passed House Bill 1775 (H.B. 1775) violated the Constitution by infringing on their members' rights of free speech, due process and equal protection under the 14th Amendment to the United States Constitution. Plaintiffs also sought a preliminary injunction against the University Defendants, asking the court to enjoin the Defendants from enforcing H.B. 1775, codified at 70 O.S. §24-157(A)(1).

The University Defendants filed a Motion to Dismiss arguing, in part, that H.B. 1775 only impacts mandatory training, counseling and the like, that Plaintiffs have no constitutional right to dictate which mandatory trainings the University offers, and Plaintiffs are therefore undamaged (at least in a constitutional sense) by the law's prohibition of mandatory orientations. Thus, the Plaintiffs lacked standing to pursue their claims. Alternatively, for essentially the same reasons, the University Defendants argued that Plaintiffs had failed to state an actionable claim against University Defendants under Rule 12(b)(6). On June 14, 2024, this Court entered its order [Doc. 172] on the Motion to Dismiss and agreed with the University Defendants in part. This Court determined that Plaintiffs did not have standing to pursue claims dealing with mandatory orientations or training (the first sentence of 70 O.S. §24-157(A)(1)). However, because the second sentence of §24-157(A)(1) appeared to reach the classroom and University curriculum

based on this Court's interpretation of the language in the statute, this Court determined that standing existed and overruled that argument of University Defendants' Motion. In ruling on Defendants' 12(b)(6) arguments, the court observed some ambiguity in the statute and recognized that no state court had interpreted the wording of §24-157(A)(1). Consequently, the court determined that it should certify questions to the Oklahoma Supreme Court, asking the Court to define certain terms contained in the law. The Court also entered a preliminary injunction restraining the University Defendants from enforcing the second sentence of §24-157(A)(1).

On June 17, 2025, the Oklahoma Supreme Court handed down its answers to the certified questions. 2025 OK 44 [Doc. 252]. Ultimately, the Oklahoma Supreme Court decided only one question: the term "requirement" as used in the second sentence of §24-157(A)(1) means that the University cannot require mandatory trainings, orientations, or the like, which present certain topics. The second sentence, therefore, does not reach the university classroom or curricula. As the Oklahoma Supreme Court noted, "[T]he statute addresses two distinct issues: mandatory gender or sexual diversity training or counseling, and prohibited course concepts. The statute specifies that prohibited course concepts only apply to K-12 schools and charter schools. **This leaves the prohibition on <u>mandatory training and counseling for higher education</u>.**" (emphasis added) *Id*. at ¶16. The Court went on to hold that the "prohibition for higher education is only for training, counseling, orientation, and similar requirements, rather than to curriculum or courses." *Id*. The Oklahoma Supreme Court determined that it did not need to answer the remaining

3

questions because, under the district court's analysis, the Plaintiffs lacked standing, and any further issues regarding the University Defendants are moot. *Id.* at ¶17

Since the Oklahoma Supreme Court answered the certified questions in the manner it did, it is apparent that Plaintiff's claims must fail. University Defendants pray that this Court revisit its orders on the Motion to Dismiss and preliminary injunction and grant a full dismissal to the University Defendants.

## STANDARD FOR A RULE 54(b) MOTION

Federal Rule of Civil Procedure 54(b)(1) states:

> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. **Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities**. (Emphasis added)

Pursuant to this rule, the district court retains broad authority to revisit any of its orders prior to judgment. *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007). While the Rule lacks any other discernable standards, courts that have considered it, including courts in this district, have determined that the district court should generally not revisit its rulings unless one of the grounds recognized by Rule 59(e) has been met. *See*, e.g., *Grimes v. Cirrus Industries, Inc.*, 2010 WL 2541664 (W.D. Okla. 2010); *Kuskal v. Martinez*, 429 F.Supp.3d 1012, 1024 (D.N.M. 2019)(Among the factors to consider is whether the

grounds for a Rule 59(e) motion exist); *Schrock v. Pliva USA, Inc*, 2010 WL 11508891 (W.D. Okla. 2010)(To determine the propriety of reconsideration under Rule 54(b), courts apply the legal standards applicable to a Rule 59(e)). The grounds to reconsider under Rule 59 include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice. *Schrock*; *Gokool v. Oklahoma City University*, 2017 WL 5241239 (W.D. Okla. 2017); *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In the case at bar, there are clearly grounds to revisit the Court's rulings on the Motion to Dismiss and the Order for Preliminary Injunction. The Oklahoma Supreme Court's decision in response to this Court's certified questions constitutes an intervening change in controlling law. The district court's orders expressly acknowledged ambiguity in §24-157(A)(1) and determined that certified questions should be submitted to the Oklahoma Supreme Court for clarification. The Oklahoma Supreme Court has now conclusively held that the statute does not apply to university classrooms or curricula, but only to mandatory training and orientation. This interpretation forecloses Plaintiffs' standing and claims against the University Defendants. Thus, there is a change and/or clarification in controlling law, and reconsideration of the interlocutory ruling is appropriate.

## BASED ON THE OKLAHOMA SUPREME COURT'S INTERPRETATION OF H.B. 1775, THIS COURT SHOULD NOW DETERMINE THAT PLAINTIFFS LACK STANDING TO PURSUE THEIR CLAIMS AGAINST THE UNIVERSITY DEFENDANTS

This Court has already determined that the Plaintiffs lack standing to pursue any claims based on the first sentence of §24-157(A)(1). The Plaintiffs suffer no injury when the University decides to make training voluntary instead of mandatory. [Doc. 172 at 12-13]. Because the statute does not restrict what a teacher may teach or what a student can learn during the voluntary training sessions, there are no consequences to Plaintiffs or any threat of imminent consequences. Thus, Plaintiffs' claims fail for Article III standing. *Id*.

The Court did, however, find standing as to the second sentence of §24-157(A)(1), indicating that §24-157(A)(1) seemed to apply to classroom curriculum and/or would implicate any "orientation, required course, or course assignment." *Id*. at pp. 15-16. Because of the second sentence of §24-157(A)(1), the Act could be interpreted to impact what was taught or learned in university classrooms; therefore, there was injury traceable to the statute, which was redressable through the lawsuit. *Id*. at pp. 13-19.

The Oklahoma Supreme Court's decision and interpretation of §24-157(A)(1) has now materially altered the legal landscape which existed when this Court entered its ruling on the University's Motion to Dismiss. The Oklahoma Supreme Court's interpretation confirms that the second sentence of §24-157(A)(1) does not apply to classroom instruction or to any course related requirements. As the district court previously held that Plaintiffs lacked standing to challenge the first sentence of §24-157(A)(1), and as the second

6

sentence now clearly does not apply to university curriculum, Plaintiffs lack standing to challenge *any* portion of §24-157(A)(1) as applied to the University Defendants.

The Oklahoma Supreme Court determined that the second sentence of §24-157(A)(1) must be read in conjunction with the first sentence and within the context of the remainder of the statute. Under the Supreme Court's interpretation, the term "requirement" refers only to mandatory orientations, counseling, trainings, or the like. It does not refer to classroom curriculum or assignments. Thus, the second sentence of §24-157(A)(1) should be read to mean that no mandatory trainings or orientations ("the requirement") may present any form of race or sex-based stereotyping or a bias on the basis of race or sex. This reading clarifies that the Legislature intended to prohibit mandatory orientation and the like that promote forms of race or sex stereotyping. Just as this Court already found, there is nothing that prevents the University from offering voluntary orientations or training and the statute does not dictate any restrictions within those voluntary trainings or orientations since they are not "requirements."

This Court has determined that the Plaintiffs' claims regarding mandatory orientations and training are not actionable. The second sentence of §24-157(A)(1) simply clarifies what may or may not be addressed in any mandatory orientations. Thus, this Court's reasoning should now extend to the whole of subsection (A)(1) of the statute. The Oklahoma Supreme Court understood this to be the case when it determined that it need not answer the other certified questions because the answer it gave resolves the lawsuit: "Plaintiffs do not have standing to challenge the entirety of §24-157(A) when applying the

Western District's analysis. Therefore, this Court has no reason to answer the remaining certified questions…". 2025 OK 44, ¶17.

Based on the interpretation of the Oklahoma Supreme Court, §24-157(A)(1) merely prohibits mandatory orientations or trainings which present gender or sexual diversity training or which present race or gender bias. Plaintiffs do not have standing to challenge the prohibition on mandatory orientations. This Court should now dismiss the case against University Defendants in its entirety.[2]

### EVEN IF THIS COURT BELIEVES THAT STANDING STILL EXISTS THE SUPREME COURT RULING MAKES CLEAR THAT PLAINTIFFS' CLAIMS ARE NOT ACTIONABLE AND FAIL UNDER RULE 12(b)(6)

For essentially the same reasons that Plaintiffs lack standing, they also fail to state a claim upon which relief can be granted. There can be little doubt that Plaintiffs have no constitutional right to dictate what mandatory orientations the University requires of its incoming students. Because the Oklahoma Supreme Court has determined that the Oklahoma law at issue only prohibits certain mandatory training, 70 O.S. §24-157 cannot be the basis of a lawsuit which alleges that the law controls classroom teaching and curriculum. It simply does not. Plaintiffs have not, nor can they, state any claim for relief. This Court should dismiss the University from the lawsuit. Plaintiffs admitted as such during oral argument on the Motion to Dismiss, "So if requirement either doesn't cover the

---

[2] University Defendants respectfully submit that a full dismissal should dissolve the preliminary injunction previously entered against them. In the alternative, should the Court determine that the injunction remains in effect after a reconsideration of the ruling on the Motion to Dismiss, University Defendants request that the injunction be formally dissolved.

classroom or is no longer there, that would essentially resolve the meat of our problems with that particular section". [Doc 162 at p. 44].[3]

## CONCLUSION

This Court should grant University Defendants' Motion and dismiss Plaintiffs' Amended Complaint in its entirety as it applies to University Defendants because Plaintiffs lack standing to pursue it and because Plaintiffs' Amended Complaint fails under Rule 12(b)(6).

Respectfully submitted,

s/M. Daniel Weitman
M. DANIEL WEITMAN, OBA #17412
TINA IKPA, OBA #32193
C.B. MOORE, OBA #31653
University of Oklahoma
Office of Legal Counsel
660 Parrington Oval, Suite 213
Norman, Oklahoma  73109
Telephone: (405) 325-4124
Facsimile: (405) 325.7681
E-Mail: dan.weitman@ou.edu
E-Mail: tsikpa@ou.edu

*ATTORNEYS FOR DEFENDANTS* ROBERT ROSS, JOHN BRAUGHT, KENNETH WAITS, RAINEY WILLIAMS, JR., ERIC STEVENSON, ANITA HOLLOWAY, AND RICK NAGEL

---

[3] While Plaintiffs go on to say that their vagueness claims are still viable even if the term "requirement" does not cover the classroom. However, this "vagueness" claim is definitively resolved through the Oklahoma Supreme's Court's definition of the terms at issue.

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of July 2025, I transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all registered ECF registrants.

                                  s/M. Daniel Weitman
                                  M. DANIEL WEITMAN