UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLACK EMERGENCY RESPONSE TEAM et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )  Case No. CIV-21-1022-G ) |
| GENTNER DRUMMOND, in his official capacity as Oklahoma Attorney General, et al., | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Now before the Court is Plaintiffs' Stipulation of Voluntary Dismissal (Doc. No. 257), filed July 21, 2025, signed by all current counsel and attempting dismissal of certain aspects of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

The Stipulation states that it dismisses all claims brought by Plaintiffs Black Emergency Response Team ("BERT") and University of Oklahoma Chapter of the American Association of University Professors ("OU-AAUP"). *Id.* at 1-2. The Stipulation also states that it dismisses certain remaining claims of Plaintiff Oklahoma State Conference of the National Association for the Advancement of Colored People ("NAACP-OK"). *Id.* at 2; *see also* Stipulation of June 30, 2025 (Doc. No. 254). The Stipulation concludes by stating that as a result of the above dismissals, "no claims remain against the OU Defendants"—i.e., those defendants named in their official capacities as

members of the Board of Regents of the University of Oklahoma.  *Id.* at 3.[1]

The record does not establish that the Stipulation serves to effect the dismissals sought by the parties, however.

First, although the Tenth Circuit Court of Appeals has entered orders of dismissal regarding the claims of BERT, OU-AAUP, and the OU Defendants in two of the pending appeals in this matter, there has been no such dismissal in the third appeal (in which BERT and OU-AAUP are appellees).  Nor has there been any appellate dismissal as to NAACP-OK or as to the defendants sued in their official capacities as the Oklahoma State Regents for Higher Education.  *See Black Emergency Response Team v. Drummond*, No. 24-6139 (10th Cir. Aug. 1, 2025) (order); *Braught v. Black Emergency Response Team*, No. 24-6140 (10th Cir. Aug. 1, 2025) (order); *see also Drummond v. Black Emergency Response Team*, No. 24-6141 (10th Cir.).  The parties have not addressed the effect of these appeals and have not provided authority for the proposition that the cited parties and claims may properly be dismissed under Rule 41(a) while this case (with the exception of Count IV of the Amended Complaint (Doc. No. 50)) is before the appellate court.  *Cf. Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (noting that the filing of an appeal "generally divests the district court of jurisdiction over the issues on appeal," although "the district court retains jurisdiction over collateral matters not involved in the appeal" (internal quotation marks omitted)).

---

[1] Dismissal of the OU Defendants would moot Plaintiffs' Motion to Compel (Doc. No. 224), the Joint Motion to Stay and Abate (Doc. No. 244), and the OU Defendants' Motion to Reconsider (Doc. No. 255).

Second, in Count I of the Amended Complaint, Plaintiff Regan Killackey raises a Fourteenth Amendment claim against the OU Defendants. *See* Am. Compl. ¶ 160. Contrary to the Stipulation's representation that no claims remain against the OU Defendants, Plaintiff Killacky's claim has not been dismissed or otherwise resolved.

CONCLUSION

Accordingly, the Court FINDS that the Stipulation (Doc. No. 257) is ineffective and shall not serve as a self-executing dismissal under Rule 41(a)(1)(A)(ii) as contemplated by the parties.

IT IS SO ORDERED this 11th day of August, 2025.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge