IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BLACK EMERGENCY RESPONSE TEAM, ET AL,<br><br>PLAINTIFFS<br><br>VS.<br><br>(1) GENTNER DRUMMOND, IN HIS OFFICIAL CAPACITY AS OKLAHOMA ATTORNEY GENERAL, ET AL.,<br><br>DEFENDANTS. | CASE NO. CIV-21-1022-G |

SCHOOL DISTRICT'S MOTION TO QUASH SUBPOENA OR FOR A PROTECTIVE ORDER

Independent School District No. 12 of Oklahoma County, also known as Edmond Public Schools ("District"), moves to quash the subpoena issued by Plaintiffs on August 11, 2025 (Doc. No. 271, 271-1) or for a protective order as set forth below. In support of this Motion, District states:

ARGUMENT AND AUTHORITY

PROPOSITION I:    THE SUBPOENA SUBJECTS DISTRICT TO UNDUE BURDEN AND UNFAIR PREJUDICE.

Fed. R. Civ. P. 45(d)(3)(A)(iv) requires the Court to quash or modify a subpoena that subjects a person to undue burden. A "person" includes corporations and governmental entities, party or non-party. *Yousuf v. Samantar*, 451 F.3d 248, 257 (D.C. Cir. 2006) (explaining that "[t]he term 'person' as used in the Federal Rules of Civil Procedure consistently means . . . natural persons and business associations . . . [as well as] governments" and holding that "the Government is a 'person' subject to subpoena under Rule 45").

Non-parties answering a Rule 45 subpoena are offered heightened protection from discovery abuse. *Pendegraft v. Bd. of Regents of Okla. Colleges*, CIV-18-793-D, 2021 WL 5334221 (W. D. Okla. August 5, 2021), citing *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, Nos. 81-2091, 81-2307, 81-2308, 2007 WL 2122437 (D. Kan. July 20, 2007). "Discovery burdens are all relative to the expected benefit to the case...." *Id.*, citing *Glaxosmithkline Consumer Healthcare, L.P. v. Merix Pharmaceutical Corp.*, No. 2:05-mc-436-TS-DN, 2007 WL 1051759, at \*4 (D. Utah April 2, 2007). The question of undue burden "is a case specific inquiry that turns on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Manufacturers Alliance Ins. Co. v. Baker*, CIV-23-1007-SLP, 2025 WL 951617 (W.D. Okla. March 28, 2025).

The subpoena seeks documents in 22 categories. In the sixth category of documents requested, the subpoena seeks "[a]ll Documents and Correspondence concerning the diversity, equity and inclusion training You offered in 2020." (Doc. No. 271-1 at 12). The subpoena defines "correspondence" as:

> [A]ll letters, notices, messages or other written communications or memoranda, including electronic Communications or other records of conversations, meetings, conferences or other oral Communications. This includes Communications on both personal and government devices.

(Doc. No. 271-1 at 5).

The term "communication" includes any form of exchange of information. (Doc. No. 271-1 at 4). Notably, the term "you" is defined in the subpoena as including every District employee. (Doc. No. 271-1 at 9).

In the seventh category, Plaintiffs seek "[a]ll Documents and Correspondence relating to any formal or informal complaints You received, directly or indirectly, concerning H.B. 1775 or the Rules." (Doc. No. 271-1 at 12). The terms "formal," "informal," and "complaints" are not defined in the subpoena.

In the eleventh category, Plaintiffs seek "[a]ll Documents and Correspondence concerning changes to the required works of literature for any course, including but not limited to, changes to Your required "anchor texts" for on-level English classes, as discussed in the Killackey Declaration." (Doc. No. 271-1 at 13). Arguably, this request includes documents related to changes in works of literature for courses completely unrelated to H.B. 1775 or the subject of this action.

In the 21st category of documents requested, Plaintiffs seek:

> All Documents and Correspondence between You and other Persons, including but not limited to Legislators or State Defendants, concerning CRT, George Floyd, Black Lives Matter, Racial Justice Protests, DEI, or Historically Marginalized Students or Persons.

(Doc. No. 271-1 at 14). By its terms, this request seeks any form of communication between any District employee and another person that refers to racial justice protests. The term "Historically Marginalized Students" in the subpoena includes students of color, women and girls, LGBTQ+, and "others." The term "others" is not defined in the subpoena.

As of the start of the 2025–26 school year, District employs approximately 4,000 individuals, consisting of certified administrators and teachers, support employees, and substitute teachers. To comply with the subpoena, District staff will have to search the stored

3

e-mail records and communications of nearly 4,000 current employees, not to mention employees who have left the District since 2020.

District understands and acknowledges its responsibility to comply with a subpoena for documents. Nevertheless, as acknowledged by the State Defendants,[1] the scope and breadth of the information sought by Plaintiffs per the plain terms of the subpoena here, or which can be reasonably inferred from the terms of the subpoena, exceeds anything which can be considered reasonable and impose a severe burden on the District in attempting to comply. At a minimum, Plaintiff should be required to identify documents and communications with particularity, rather than resorting to the unreasonably broad categories they employ.

## CONCLUSION

Upon the foregoing, District respectfully requests the Court to (a) quash the subpoena, or (b) issue a protective order directing Plaintiffs to modify their requests and identify documents with reasonable particularity. As further support, District incorporates the arguments of the State Defendants in Document No. 277.

Respectfully submitted,

S/JUSTIN C. CLIBURN
F. ANDREW FUGITT, OBA #10302
LAURA L. HOLMES, OBA #14748
THE CENTER FOR EDUCATION LAW, P.C.
900 N. BROADWAY AVE, SUITE 300
OKLAHOMA CITY, OK 73102
TELEPHONE: (405) 528-2800
FACSIMILE: (405) 528-5800

---

[1] "But by the plain terms of their requests, Plaintiffs seek discovery, without limitation, of virtually every document and piece of correspondence relating to HB 1775 in the possession of the School Districts, regardless of whether the document or correspondence was created by the district superintendent, a janitor, a lawyer, or a substitute teacher who worked a single day as a fill-in." (Doc. 277 at 5–6).

4

E-MAIL: AFUGITT@CFEL.COM
E-MAIL: JCLIBURN@CFEL.COM
ATTORNEYS FOR EDMOND DEFENDANTS

### CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025 I electronically transmitted the attached document to the Clerk of the Court using the Electronic Case Filing system for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

S/JUSTIN C. CLIBURN
JUSTIN C. CLIBURN

**C**ERTIFICATE OF **S**ERVICE

I hereby certify that on August 25, 2025 I electronically transmitted the attached document to the Clerk of the Court using the Electronic Case Filing system for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

C<span style="font-variant: small-caps;">HOOSE AN ITEM.</span>
C<span style="font-variant: small-caps;">HOOSE AN ITEM.</span>
