UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLACK EMERGENCY RESPONSE TEAM, et al.,<br><br>                *Plaintiffs*,<br><br>v.<br><br>GENTNER DRUMMOND, in his official capacity as Oklahoma Attorney General, et al.,<br><br>                *Defendants*. | Case No. 5:21-CV-1022-G<br><br>Hon. Charles B. Goodwin |

## JOINT MOTION TO STAY DISCOVERY

Plaintiffs and State Defendants (collectively, the "Parties") respectfully request a stay of all Parties' discovery obligations until the Court resolves the Defendants Renewed Motion for Judgment on the Pleadings (the "Dispositive Motion"). Doc. 275. Though Plaintiffs are eager to proceed with discovery and oppose the Dispositive Motion, they nonetheless recognize that the Court's decision on the Dispositive Motion will have a significant impact on the scope of discovery and that a stay is appropriate until that decision is made. Further, as there will no longer be a hearing on the Motion to Compel (Doc. 223) until the Dispositive Motion is fully briefed, it would be most efficient for all Parties to proceed when that Motion to Compel has been resolved. Defendants likewise agree that a stay is appropriate to avoid unnecessary discovery costs until the Court decides the Motion to Compel, which will determine the appropriate scope of discovery.

1

## BACKGROUND

Because of a fundamental disagreement between the Parties over the scope of discovery in this matter, Plaintiffs filed their Motion to Compel on January 10, 2025. Doc. 223 at 2–6. Since filing their Motion to Compel, Plaintiffs have attempted to proceed with other aspects of discovery, including issuing notices of deposition for five witnesses and providing notice of its intent to subpoena three third-party school districts pursuant to LCvR45.1. Doc. 271. Defendants filed motions for protective orders in response to both the deposition notices and the third-party subpoenas (the "Protective Order Motions"). Doc. 276, 277. Many of the arguments raised in Defendants' Protective Order Motions are similar to the arguments raised in their opposition to Plaintiffs' Motion to Compel. *Compare* Doc. 236 at 5–11, *with* Doc. 276 at 9–13 and Doc. 277 at 5–14. Plaintiffs will oppose both Protective Order Motions; their opposition briefs are currently due September 8, 2025.

Though the Court scheduled oral argument on the Motion to Compel for August 21, 2025, it struck this argument in response to Defendants filing the Dispositive Motion and Protective Order Motions on August 19, 2025. Doc. 278. Defendants argue in their Dispositive Motion that (1) Plaintiffs lack standing to allege an Equal Protection Clause claim against State Regents; and (2) a recently-issued Tenth Circuit decision compels the dismissal of Plaintiffs' Equal Protection Clause claim altogether and/or a limitation on the discovery that Plaintiffs can seek. Plaintiffs will oppose this motion, as well; their opposition brief is currently also due September 8, 2025. In light of this procedural posture, and given that discovery is currently scheduled to close on December 1, 2025, Doc. 260,

2

the Parties now seek a stay to ensure that there is adequate time to conduct discovery following the Court's decision on the pending motions.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United Steelworkers v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (stating that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."). This includes the "discretion to stay discovery pending a ruling on a dispositive motion." *Driver v. Balfour Beatty Communities*, No. CIV-20-55-D, 2020 WL 12787414, at *1 (W.D. Okla. Aug. 21, 2020) (citing *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002)).

A stay pending a decision on the Dispositive Motion is appropriate here for reasons of party and judicial efficiency and economy. As this Court noted in its order striking the oral argument on the Plaintiffs' Motion to compel, there are "overlapping" issues between Defendants' Dispositive Motion and the various pending discovery motions. Doc. 278. Given the passage of time since Plaintiffs filed their Complaint on October 19, 2021, Plaintiffs are eager to proceed with discovery. Nonetheless, Plaintiffs accept the practical reality that (1) discovery will not proceed until Plaintiffs' Motion to Compel is resolved, given Defendants' narrow view of the appropriate scope of discovery, and (2) the Court will first resolve the Dispositive Motion, which will necessarily inform the Motion to

Compel decision (as well as Defendants' Protective Order Motions), given the aforementioned "overlap." With an impending close of discovery deadline of December 1—and a current, de facto standstill on discovery—a stay is also necessary to ensure the Parties will have sufficient time to commence and complete discovery in the future. Similarly, for Defendants, this approach will preserve the State's time and resources that might otherwise be expended pointlessly or without necessary protections or guidance.

## CONCLUSION

For these reasons, the Parties respectfully request that the Court grant their Motion to Stay Discovery, order that discovery be stayed until this Court decides Defendants' Dispositive Motion, set a new discovery schedule once the Dispositive Motion is decided, and schedule a status conference to discuss discovery fourteen (14) days after the Court's decision on the Dispositive Motion.

Date: September 5, 2025                               Respectfully submitted,

*/s/ Megan Lambert*
Megan Lambert
Oklahoma Bar Number: 33216
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@acluok.org

Maya Brodziak
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
  UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
mbrodziak@lawyerscommittee.org

Emerson Sykes
Leah Watson
Sarah Hinger
AMERICAN CIVIL LIBERTIES
 UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
esykes@aclu.org
lwatson@aclu.org
shinger@aclu.org

Douglas Koff
Julia Beskin
Sara Solfanelli
Kevin Scot Johns
Adam Kimelman
MCDERMOTT WILL & SCHULTE LLP
919 Third Avenue New York, NY 10022
douglas.koff@srz.com
julia.beskin@srz.com
sara.solfanelli@srz.com
kevin.johns@srz.com
adam.kimelman@srz.com

*Counsel for Plaintiffs*

*s/ Garry M. Gaskins, II*
GARRY M. GASKINS, II, OBA #20212
  *Solicitor General*
ZACH WEST, OBA #30768
  *Director of Special Litigation*
WILL FLANAGAN, OBA #35110
ELLEN CARR, OBA #36074
  *Assistant Solicitors General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:(405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov
William.Flanagan@oag.ok.gov
Ellen.Carr@oag.ok.gov

*Counsel for State Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 5, 2025, I electronically filed the foregoing Motion with the Clerk of Court via the Court's CM/ECF system, which effects service upon all counsel of record.

                                         Respectfully submitted,

                                         */s/ Megan Lambert*
                                         Megan Lambert
                                         Oklahoma Bar Number: 33216
                                         AMERICAN CIVIL LIBERTIES UNION
                                         FOUNDATION OF OKLAHOMA
                                         P.O. Box 13327
                                         Oklahoma City, OK 73113
                                         Tel.: 405-524-8511
                                         mlambert@acluok.org

                                         *Counsel for Plaintiffs*