UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

OKLAHOMA STATE CONFERENCE )
OF THE NATIONAL ASSOCIATION )
FOR THE ADVANCEMENT OF )
COLORED PEOPLE et al., )
                              )
    **Plaintiffs,** )
                              )
**v.** )    **Case No. CIV-21-1022-G**
                              )
GENTNER DRUMMOND, in his official )
capacity as Oklahoma Attorney )
General, et al., )
                              )
    **Defendants.[1]** )

**ORDER**

Now before the Court is a Renewed Motion for Judgment on the Pleadings (Doc.

No. 275) filed by State Defendants.[2]  Plaintiffs[3] have responded (Doc. No. 288), and State

---

[1]  Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is directed to update the case docket as follows: (1) current Oklahoma Superintendent of Public Instruction Lindel Fields shall be substituted as defendant, in his official capacity, in place of Ryan Walters; and (2) current members of the Oklahoma State Board of Education Brian Bobek and John Nofire shall be substituted as defendants, in their official capacities, in place of former members Sarah Lepak and Zachary Archer.

[2] State Defendants are: Kevin Stitt, in his official capacity as Governor of Oklahoma; Genter Drummond, in his official capacity as Oklahoma Attorney General; Lindel Fields, in his official capacity as Oklahoma Superintendent of Public Instruction; Brian Bobek, Becky Carson, Ryan Deatherage, Chris VanDenhende, John Nofire, and Mike Tinney, in their official capacities as members of the Oklahoma State Board of Education (collectively, the "SBE Members"); and Courtney Warmington, Dustin Hilliary, Steven Taylor, P. Mitchell Adwon, Dennis Casey, Jeffrey Hickman, Ken Levit, Jack Sherry, and Michael Turpen, in their official capacities as the Oklahoma State Regents for Higher Education (collectively, the "State Regents").

[3]  The remaining Plaintiffs are: Oklahoma State Conference of the National Association for the Advancement of Colored People ("NAACP-Oklahoma"); American Indian Movement

Defendants have replied (Doc. No. 291).

I.    *Relevant Background*

On November 9, 2021, Plaintiff filed an Amended Complaint (Doc. No. 50) raising claims against State Defendants and others challenging the constitutionality of Oklahoma House Bill 1775 (or the "Act"). The Act, codified in title 70, section 24-157 of the Oklahoma Statutes, and its implementing regulations prohibit the training or teaching of specified subjects in Oklahoma schools.

State Defendants filed an Answer (Doc. No. 53), and then a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. No. 106). As relevant here, State Defendants argued that Plaintiffs had not stated a plausible claim for violation of equal protection under the Fourteenth Amendment. *See* State Defs.' Mot. J. Pleadings at 4-9; *see* Am. Compl. ¶¶ 177-189 (alleging in Count IV that the Act was enacted with a discriminatory purpose). The Court denied State Defendants' Motion as to this claim, finding that Plaintiffs had adequately pled their equal protection claim. *See Black Emergency Response Team v. Drummond*, 737 F. Supp. 3d 1158, 1178-80, 1182 (W.D. Okla. 2024).

This denial and other rulings were followed by the parties' appeals to the Tenth Circuit Court of Appeals, *see* Doc. Nos. 192, 193, 194, and this Court's certification of questions of state law to the Oklahoma Supreme Court, *see* Doc. No. 208. The state court has now addressed the certified questions, *see* Doc. No. 252, although the parties' appeals

_____

Indian Territory ("AIM Indian Territory"); Precious Lloyd, as next friend of S.L. ("S.L."); Anthony Crawford; and Regan Killackey.

remain pending.  *See* State Defs.' Renewed Mot. at 9.  The Court has previously noted, and the relevant dockets reflect, that this Court's ruling allowing the equal protection claim to proceed is not before the Tenth Circuit as part of the pending appeals.  *See, e.g.*, Order of Aug. 30, 2024 (Doc. No. 210) at 2; Joint Mot. to Stay (Doc. No. 244) at 4.

II.    *Summary of the Pleadings*

Count IV of the Amended Complaint alleges:

- The Act "was enacted, in part, with the purpose to discriminate against students of color by chilling and suppressing Inclusive Speech aimed at enhancing the educational, social, and civic experiences of students of color and their families.  The Act explicitly singles out concepts related to sex and race.  The Act will foreseeably disparately harm students of color, with compounded harms for students of color who also identify as women, girls, and LGBTQ+."

- Comments by the Act's legislative sponsors make clear that the Act "targets the elimination of curriculum, instruction, conversations and programming designed to improve the educational, social, and civic experiences of historically marginalized groups.  The Act, however, does not address the exclusion and underrepresentation of such historically marginalized groups' interests in the present-existing curriculum and instruction."

- "The Act's history and Oklahoma's own history of racial and gender discrimination, known and reasonably foreseeable discriminatory impact, sequence of events and substantive departures from the normal legislative process that resulted in its enactment, and the tenuousness of the stated justifications for the new law, all show that it was enacted with a discriminatory purpose in violation of the Equal Protection Clause of the Fourteenth Amendment."

Am. Compl. ¶¶ 184-186; *see also id.* ¶¶ 8, 56, 84-86, 100-145.

As currently pleaded, Plaintiffs' equal protection claim is asserted as follows:

1. The Act violates the Fourteenth Amendment right to equal protection of Plaintiff NAACP-Oklahoma as applied by Defendants Drummond, Fields, Stitt, the SBE

Members, and the State Regents.

-and-

2. The Act violates the Fourteenth Amendment right to equal protection of Plaintiffs S.L. and AIM Indian Territory as applied by Defendants Drummond, Fields, Stitt, and the SBE Members.

*Id.* ¶¶ 187-188; *see also* Doc. Nos. 254, 257, 272, 274, 285, 290.   Plaintiffs seek injunctive relief and issuance of a declaratory judgment, including in relevant part a determination that the Act and its implementing regulations are, as applied, violative of the Fourteenth Amendment.   *See* Am. Compl. at 76.

State Defendants' Answer largely denies Plaintiffs' factual allegations and denies that Plaintiffs are entitled to the relief sought.   *See* State Defs.' Answer ¶¶ 6, 36, 46, 51-76, 89-91.

### III.    Relevant Standards

Rule 12(c) prescribes: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."   Fed. R. Civ. P. 12(c).   In considering a Rule 12(c) motion, the Court "accept[s] all facts pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleading in favor of the same." *Adams v. Jones*, 577 F. App'x 778, 782 (10th Cir. 2014) (internal quotation marks omitted). "A motion for judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."   *Id.* (internal quotation marks omitted); *accord Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

4

> [A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice.   The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.

5C *Federal Practice and Procedure (Wright & Miller)* § 1367 (3d ed.) (footnotes omitted), *cited with approval in Adams*, 577 F. App'x at 782.

IV.    *State Defendants' Motion for Judgment on the Pleadings*

A.  *Plaintiffs' Standing*

State Defendants first argue that, based upon the Oklahoma Supreme Court's answer to the questions certified to it by this Court, "Plaintiffs no longer have standing to challenge" certain provisions of the Act regarding higher education (as opposed to K-12 schools).   State Defs.' Renewed Mot. at 14-15.   Therefore, "the Court should dismiss the State Regents from the case."   *Id.* at 14.

As argued by Plaintiffs, however, State Defendants' argument fails to address any of the elements or standards applicable to either constitutional or prudential standing.   *See id.*; Pls.' Resp. at 12 n.3.   With no reasoned basis presented, the Court declines to hold that Plaintiffs lack standing as a matter of law.   In addition, it is "the party bringing the suit" whose standing is considered.   *Wilderness Soc'y v. Kane Cnty.*, 632 F.3d 1162, 1168 (10th Cir. 2011) (internal quotation marks omitted).   The only plaintiff bringing an equal protection claim against the State Regents is NAACP-Oklahoma, who is not mentioned by State Defendants.   *See* Am. Compl. ¶ 187.   Finally, absent any supporting authority, the

Court rejects State Defendants' suggestion that the Oklahoma Supreme Court's pronouncement regarding Plaintiffs' standing on other challenges is binding on this Court as to their equal protection claim.  *See Black Emergency Response Team v. Drummond*, 571 P.3d 135, 140 (Okla. 2025); *Poe v. Ullman*, 367 U.S. 497, 506 (1961).

### B.  Whether State Defendants Are Entitled to Judgment on the Merits

As previously explained by the Court, Plaintiffs do not allege that the Act "'explicitly or overtly treat[s] [Plaintiffs] differently based on a particular characteristic.'" *Black Emergency Response Team*, 737 F. Supp. 3d at 1179 (quoting *Citizens for Const. Integrity v. United States*, 57 F.4th 750, 766 (10th Cir. 2023)).   Rather, Plaintiffs, relying upon the framework articulated in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), argue that the Act was "'enacted . . . for a discriminatory purpose or intent'" and has a "'disparate impact.'"  *Black Emergency Response Team*, 737 F. Supp. 3d at 1179 (quoting *United States v. Amador-Bonilla*, 102 F.4th 1110, 1115 (10th Cir. 2024)); *see* Am. Compl. ¶ 186.   Pursuant to Supreme Court and Tenth Circuit authority, the Court "may deduce the existence of" such discriminatory purpose or intent "by examining surrounding circumstances."   *Citizens for Const. Integrity*, 57 F.4th at 766; *see Amador-Bonilla*, 102 F.4th at 1116 (listing the five relevant factors identified by the Supreme Court in *Arlington Heights*).

In their Renewed Motion, State Defendants argue that they are entitled to judgment on Plaintiffs' equal protection claim based upon the Tenth Circuit's recent decision in *Poe ex rel. Poe v. Drummond*, 149 F.4th 1107 (10th Cir. 2025).   *See* State Defs.' Renewed Mot. at 10-11, 15-25; State Defs.' Reply at 6-11.

In *Poe*, the plaintiffs challenged an Oklahoma law as violative of their rights under the Fourteenth Amendment's Equal Protection Clause. *See Poe*, 149 F.4th at 1119. The district court denied the plaintiffs' request for a preliminary injunction, finding that the plaintiffs failed to show a likelihood of success upon the merits, and the plaintiffs appealed. *Id.* at 1119-20. Similarly to here, the plaintiffs alleged "that Oklahoma adopted the law as pretext to purposefully discriminate" and with "an impermissible legislative purpose." *Id.* at 1125. The Tenth Circuit affirmed the district court's ruling, concluding in relevant part that the plaintiffs "failed to prove that the legislature enacted SB 613 for [an] invidious discriminatory purpose." *Id.* at 1126.

State Defendants contend that, pursuant to *Poe*, Plaintiffs are unable to plausibly establish their equal protection claim. Specifically, State Defendants rely upon the Tenth Circuit's statements that: (i) "contemporary statements from a few legislators do not persuade us of discriminatory intent" and (ii) "pointing to other enacted laws does not establish Plaintiffs' burden." *Id.* at 1125-26. State Defendants also argue that the *Poe* Court's reliance upon the "statute's text" as a refutation of the plaintiffs' allegation of discriminatory intent requires this Court to likewise rely upon the stated language of the Act to find that Plaintiff's claim is meritless. *Id.* at 1126; *see* State Defs.' Renewed Mot. at 5, 12-13, 15-22.

Having reviewed *Poe*, the Court disagrees that the issuance of that decision mandates a reversal of its previous finding of the plausibility of Plaintiffs' equal protection claim. As a starting matter, *Poe* was in a significantly different procedural posture than is the instant case. The Tenth Circuit was reviewing the district court's denial of a

7

preliminary injunction, based upon a determination that the plaintiffs had not shown a likelihood of success on the merits, for "abuse of discretion."  *Poe*, 149 F.4th at 1120. Here, the Court must accept all facts pleaded by Plaintiffs as true and grant all reasonable inferences from the pleadings in their favor and, unlike in *Poe*, is limited in its inquiry to only the pleadings and judicially noticed facts.  *See* Pls.' Resp. at 21; *Adams*, 577 F. App'x at 782; 5C *Federal Practice and Procedure (Wright & Miller)*, *supra*, § 1367.

Further, the Tenth Circuit in *Poe* simply applied *Arlington Heights* and other well-established authorities to the equal protection claim before it.  *See Poe*, 149 F.4th at 1120-21, 1125-26 (citing *Arlington Heights*, 429 U.S. at 264-68).  The decision does not purport to abrogate the Tenth Circuit's prior case law relevant to the landscape of discriminatory-intent equal protection claims or preclude this Court from considering Plaintiffs' case on its own merits.  And nothing in *Poe* permits the Court to grant State Defendants' request for judgment on the pleadings when those pleadings reflect significant factual disputes relevant to the *Arlington Heights* factors and to the "proof" that Plaintiffs will need to present as to discriminatory intent.  *Id.* at 1120; *see Black Emergency Response Team*, 737 F. Supp. 3d at 1180; *cf. Hunt v. Cromartie*, 526 U.S. 541, 549 ("The legislature's motivation is itself a factual question.").

In sum, while *Poe* is binding authority that will provide additional guidance for the ultimate determination on Plaintiffs' equal protection claim, its issuance does not upend the Court's prior examination of that claim, which expressly considered *Arlington Heights* and other precedential authorities, or the Court's conclusion that—accepting Plaintiffs' well-pled factual allegations as true—Plaintiffs have adequately pled this claim in the

8

Amended Complaint.  *See Black Emergency Response Team*, 737 F. Supp. 3d at 1179-80. For the same reasons as previously stated, Plaintiffs have alleged facts from which it can be reasonably inferred that the Act was passed "at least in part because of" a discriminatory purpose or intent.  *Navajo Nation v. New Mexico*, 975 F.2d 741, 744 (10th Cir. 1992) (emphasis and internal quotation marks omitted).  State Defendants are not entitled to judgment on the pleadings under Federal of Civil Procedure Rule 12(c).

CONCLUSION

For the foregoing reasons, State Defendants' Renewed Motion for Judgment on the Pleadings (Doc. No. 275) is DENIED.

IT IS SO ORDERED this 31st day of March, 2026.

_____

CHARLES B. GOODWIN
United States District Judge

9