**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| OKLAHOMA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., *Plaintiffs*, v. GENTNER DRUMMOND, in his official capacity as Oklahoma Attorney General, et al., *Defendants*. | Case No. 5:21-CV-1022-G Hon. Charles B. Goodwin |

**<u>JOINT STATEMENT</u>**

On June 30, 2026, this Court issued an order vacating the stay on discovery and directing the Parties to meet and confer in person no later than seven days prior to the hearing scheduled for Monday, August 3, 2026. The Parties met in person on July 16, 2026, to discuss those pending discovery issues before the Court (the "<u>Pre-Hearing Meet and Confer</u>"). Although the Parties were able to find some limited common ground during the Pre-Hearing Meet and Confer, they still maintain fundamentally different positions with respect to discovery that will require this Court's intervention.

The Parties' status with respect to their discovery disputes is as follows:

1. Plaintiffs have requested documents from particular State Defendant custodians' tenures in public office between January 1, 2020, through present that bear on H.B. 1775's enactment, implementation, and enforcement.

   - State Defendants are unwilling to search for or produce documents from January 1, 2020, until January 31, 2021 (the "<u>Pre-Enactment Period</u>").

1

- o State Defendants do not believe that Pre-Enactment Period materials are relevant, because State Defendants believe the relevant period is limited to the period of H.B. 1775's introduction and passage.

- o Plaintiffs maintain that Pre-Enactment Period materials are relevant, including as to the historical background preceding enactment (beginning in 2020, during the nationwide racial justice protests).

- State Defendants have expressed a willingness to provide hit reports and to produce relevant non-privileged documents for the volumes of documents associated with searches in the date range between February 1, 2021 (*i.e.*, the first date of the 2021 Oklahoma Legislative Session) and May 7, 2021 (*i.e.*, the date the Governor signed HB 1775) (the "Searches").

  - o Plaintiffs proposed the following search terms:

    - "HB1775" OR HB w/2 1775 OR "House Bill" w/2 1775
    - "CRT"
    - "Critical Race Theory"
    - "George Floyd"
    - "Black Lives Matter"
    - "BLM"
    - "Racial Justice" +Protest!
    - "DEI"
    - Diversity+Equity+Inclusion
    - "Historically Marginalized" +Student!
    - "Historically Marginalized" +Person!

  - o State Defendants have agreed to run searches for and to produce relevant non-privileged documents resulting from the different variants of "HB 1775" and "Critical Race Theory."

    - However, State Defendants oppose the remaining proposed search terms as overbroad and likely to include vast quantities of irrelevant material.

    - Plaintiffs disagree, including because the search terms that State Defendants have not agreed to run bear on the Act's historical background, the sequence of events leading to its passage, and were used by legislators contemporaneously with the Act's enactment (and because State Defendants have not substantiated their alleged burden).

  - o Plaintiffs proposed the following custodians:

    - Oklahoma Attorney General
    - Oklahoma Superintendent of Public Education
    - Members of the Oklahoma State Board of Education

2

- Governor Stitt
- Members of the Oklahoma State Regents of Higher Education
- OSDE Chief of Staff
- OSDE Deputy Chief of Staff and Academic Affairs
- OSDE Communications Manager
- Regents Chancellor
- Regents Academic and Student Affairs
- Regents Administration
- Regents Communications
- Regents Government Relations
- Regents State Grants and Scholarships
- Regents Workforce and Economic Development
- Regents Research and Data Analysis

- State Defendants agreed to include the Oklahoma Attorney General, Oklahoma Superintendent of Education, and Members of the Oklahoma State Board of Education.

  - However, State Defendants oppose including OSDE employees as custodians because they believe the employees are unlikely to have documents relevant to the intent of the Legislature.

  - Plaintiffs disagree and maintain that each of their requested custodians is likely to have documents relevant to their Equal Protection claim.

  - State Defendants also oppose including Members of the Oklahoma State Regents of Higher Education and the Regents employees because they believe that Plaintiffs lack standing against the State Regents of Higher Education, given the Court's Order Granting in Part, Dismissing in Part, and Reserving Ruling in Part as to the University Defendants' Motion to Dismiss, Doc. 172, and the Oklahoma Supreme Court's Answer, Doc. 252, interpreting Section A of the Act.

  - Plaintiffs have agreed to limit the scope of discovery requested of the Oklahoma State Regents for Higher Education to exclude curricular changes in light of the Oklahoma Supreme Court's Answer clarifying that "requirement" in § 24-157(A)(1) does not apply to curricular speech but do not agree that Plaintiffs lack standing against them. Doc. 252 at 4.

- State Defendants are unwilling to search for or produce documents from May 8, 2021, through present (the "Post-Enactment Period").

  - State Defendants do not believe that Post-Enactment Period materials are relevant, because State Defendants believe the relevant period is limited to

3

the period of H.B. 1775's introduction and passage.

- o Plaintiffs maintain that Post-Enactment Period materials are relevant, including as to rulemaking and enforcement actions following H.B. 1775's enactment. However, Plaintiffs have agreed to limit the scope of discovery requested of the Oklahoma State Regents for Higher Education to exclude curricular changes in light of the Oklahoma Supreme Court's Answer clarifying that "requirement" in § 24-157(A)(1) does not apply to curricular speech. Doc. No. 252 at 4.

2. Plaintiffs have requested the Court enter their proposed ESI protocol.

- State Defendants maintain that Plaintiffs' request to compel entry of an ESI protocol is premature and improper.

- Plaintiffs maintain that entry of the ESI protocol is warranted as a proper, prophylactic measure to prevent future discovery disputes throughout the production process.

3. Plaintiffs have requested State Defendants provide a privilege log.

- State Defendants have expressed a potential willingness to provide a privilege log, depending in part on the volumes associated with the Searches. State Defendants believe a larger volume search could make a privilege log unduly and unnecessarily burdensome.

- Plaintiffs agree that the Searches' volumes will be helpful in determining an appropriate format for State Defendants' privilege log, but that a privilege log of some format must be provided in any event.

4. Plaintiffs have requested the depositions of former Superintendents of Public Instruction Ryan Walters and Joy Hofmeister, former Oklahoma State Board of Education member Carlisha Bradley, and Rule 30(b)(6) depositions of representatives from the Oklahoma State Board of Education and the Oklahoma State Regents for Higher Education.

- State Defendants maintain that the requested depositions are improper, including because they do not satisfy the Tenth Circuit's "extraordinary circumstances test" for depositions of high-ranking officials, are overbroad, and because State Defendants contend that Plaintiffs lack standing to challenge the higher education portions of H.B. 1775. State Defendants also observe that Walters, Hofmeister, and Bradley are no longer in office and oppose their depositions.

- Plaintiffs maintain that their requested depositions are proper and should be compelled, including because Ryan Walters, Joy Hofmeister, and Carlisha Bradley each possess unique, first-hand knowledge of essential information concerning the Act's enactment, implementation, and enforcement, which information cannot be obtained from alternative sources or less burdensome

means, and because the Plaintiffs have standing to seek the depositions, which are relevant and proportional. Plaintiffs have agreed to exclude curricular changes from the topics addressed in the Oklahoma State Regents for Higher Education Rule 30(b)(6) deposition.

5. Plaintiffs have requested third-party discovery from particular school districts affected by H.B. 1775.

- State Defendants maintain that they have standing to challenge the third-party discovery requests, which State Defendants maintain are facially overbroad.

- Plaintiffs maintain that State Defendants lack standing to challenge their relevant and proportional third-party discovery requests, and that any proportionality concerns of the third parties are more appropriately addressed via meet and confers between the Plaintiffs and third parties.

Thus, the Parties still require the Court's intervention because the Parties disagree on the relevant scope of discovery for an Equal Protection claim. Plaintiffs maintain that appropriate discovery must include Pre- and Post-Enactment Period materials, which bear on whether H.B. 1775 was enacted with discriminatory intent in violation of Plaintiffs' Equal Protection rights, while State Defendants contend that discovery is limited to H.B. 1775's legislative process itself (*i.e.*, the first day of H.B. 1775's legislative session, February 1, 2021, until the date the governor signed H.B. 1775, on May 7, 2021).

Their disagreements regarding the appropriate scope of discovery aside, the Parties were able to come to an agreement regarding a proposed discovery schedule during the Pre-Hearing Meet and Confer. The Parties propose the following discovery schedule, which is queued off a prospective production deadline[1]:

---

[1] As outlined in State Defendants' responses on these issues, State Defendants maintain that the full scope of discovery demanded by Plaintiffs could take years to complete. Doc. 236 at 12; Doc. 310 at 9.

| | |
|---|---|
| Close of Fact Discovery | Approximately 4 months after Defendant's Production is Due |
| Plaintiffs' Expert Opinion Witness Lists and Materials | 21 Days after Defendant's Production |
| Defendants' Expert Opinion Witness Lists and Materials | 28 Days later |
| Rebuttal Reports | 21 Days after Expert Opinion Witness Lists and Materials |
| Plaintiffs' Witness and Exhibit Lists | 21 Days after Plaintiffs' Expert Opinion Witness Lists and Materials |
| Defendants Witness and Exhibit Lists | 14 Days after Plaintiffs' |
| Objections to Exhibits | 14 Days later |
| Dispositive and Daubert Motions | 21 Days after Witness and Exhibit Lists |
| Discovery concludes | 14 Days later |

Date: July 27, 2026.                              Respectfully submitted,

/s/ Megan Lambert

Megan Lambert
Oklahoma Bar Number: 33216
Rebecca Barrett
Travis Handler
AMERICAN CIVIL LIBERTIES
UNION OF OKLAHOMA
FOUNDATION
P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@acluok.org
rbarrett@acluok.org
thandler@acluok.org

Emerson Sykes
Leah Watson

6

Sarah Hinger
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
esykes@aclu.org
lwatson@aclu.org
shinger@aclu.org

Michael Pillera
Catherine M. Blalock
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
mpillera@lawyerscommittee.org
cblalock@lawyerscommittee.org

Douglas Koff
Julia Beskin
Sara Solfanelli
Kevin Scot Johns
Adam Kimelman
MCDERMOTT WILL & SCHULTE LLP
919 Third Avenue New York, NY
10022
dkoff@mcdermottlaw
jbeskin@mcdermottlaw.com
ssolfanelli@mcdermottlaw.com
kjohns@mcdermottlaw.com
akimelman@mcdermottlaw.com

*Counsel for Plaintiffs*

*s/ Will Flanagan*

WILL FLANAGAN, OBA #35110
   *Assistant Solicitor General*
GARRY M. GASKINS, II, OBA #20212
   *Solicitor General*
ZACH WEST, OBA #30768
   *Director of Special Litigation*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:      (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov
William.Flanagan@oag.ok.gov


*Counsel for State Defendants*

8

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2026, I electronically filed the foregoing statement with the Clerk of Court via the Court's CM/ECF system, which effects service upon all counsel of record.

Respectfully submitted,

*/s/ Megan Lambert*

Megan Lambert
Oklahoma Bar Number: 33216
AMERICAN CIVIL LIBERTIES
UNION OF OKLAHOMA
FOUNDATION
P.O. Box 13327
Oklahoma City, OK 73113
Tel.: 405-524-8511
mlambert@acluok.org

*Counsel for Plaintiffs*

9