# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

OKLAHOMA STATE CONFERENCE )
OF THE NATIONAL ASSOCIATION )
FOR THE ADVANCEMENT OF )
COLORED PEOPLE et al., )
                                  )
      Plaintiffs, )
                                  )
v. )  Case No. CIV-21-1022-G
                                  )
GENTNER DRUMMOND, in his official )
capacity as Oklahoma Attorney )
General, et al., )
                                  )
      Defendants.[1] )

## ORDER

Now before the Court are Plaintiffs' Motion to Compel (Doc. No. 223)[2] and Defendants' Motions for Protective Order and to Quash (Doc. Nos. 276, 277).[3] Responses and replies have been submitted, *see* Doc. Nos. 236, 241, 286, 287, 309, 310, as well as a

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is directed to update the case docket to substitute current Oklahoma State Regents for Higher Education Brian Beller and Travis Pemberton, in their official capacities, in place of former Regents Jeffrey Hickman and Dustin Hilliary.

[2] The remaining plaintiffs are: Oklahoma State Conference of the National Association for the Advancement of Colored People; American Indian Movement Indian Territory; Precious Lloyd, as next friend of S.L.; Anthony Crawford; and Regan Killackey.

[3] The remaining defendants are: Gentner Drummond, in his official capacity as Oklahoma Attorney General; Lindel Fields, in his official capacity as Oklahoma Superintendent of Public Instruction; Kevin Stitt, in his official capacity as Governor of Oklahoma; Brian Bobek, Chris VanDenhende, John Nofire, Ryan Deatherage, Mike Tinney, and Becky Carson, in their official capacities as members of the Oklahoma State Board of Education; and Courtney Warmington, P. Mitchell Adwon, Steven Taylor, Ken Levit, Brian Beller, Dennis Casey, Trevor Pemberton, Jack Sherry, and Michael Turpen, in their official capacities as Oklahoma State Regents for Higher Education.

Joint Statement (Doc. No. 11). The Court has considered the parties' arguments as presented in their briefing and in open court on August 3, 2026. *See* Order (Doc. No. 308).

## I.    Relevant Standards

### A. Applicable Discovery Rules

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Generally, control of discovery is entrusted to the sound discretion of the trial courts." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1164 (10th Cir. 2010) (internal quotation marks omitted).

As a general matter, a party may "depose any person, including a party," through oral questions. Fed. R. Civ. P. 30(a)(1). "The deponent's attendance may be compelled by subpoena under [Federal Rule of Civil Procedure] 45." *Id.*; *see also* LCvR 30.1.

Rule 34 prescribes that a party may serve on any other party a request to produce, subject to the scope of Rule 26(b), "any designated documents or electronically stored information" "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party must then either produce the documents or information or "state with specificity the grounds for objecting to the request, including the reasons." *Id.* R. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection." *Id.* R. 34(b)(2)(C).

2

B. *Requests for Discovery Relief*

Under Rule 37(a), "a party may move for an order compelling . . . discovery." *Id.* R. 37(a)(1). As relevant here, a party seeking discovery may request that the Court compel "production" or "inspection" if another party fails to produce documents or respond that inspection will be permitted as requested under Rule 34. *Id.* R. 37(a)(3)(B)(iv). "Despite the liberal breadth of discovery allowed under the federal rules, the proponent of a motion to compel discovery still bears the initial burden of proving that the information sought is relevant." *Dotson v. Experian Info. Sols., Inc.*, No. CIV-17-575-D, 2019 WL 440588, at *5 (W.D. Okla. Feb. 4, 2019) (internal quotation marks omitted). The proponent must also "prove that the opposing party's answers are incomplete." *Pendergraft v. Bd. of Regents of Okla. Colls.*, No. CIV-18-793-D, 2021 WL 5334209, at *1 (W.D. Okla. July 12, 2021) (internal quotation marks omitted).

Rule 26(b) provides:

**(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Relatedly, pursuant to Rule 26(c)(1), a party or person "from whom discovery is sought may move for a protective order in the court where the action is pending." *Id.* R.

3

26(c)(1).   The Court "may, for good cause," issue an order to protect the movant "from annoyance, embarrassment, oppression, or undue burden or expense."   *Id.*

With regard to subpoenas,

> an issuing court, upon timely motion, must quash or modify a subpoena that falls into certain categories specified in [Rule 45], including a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or a subpoena that "subjects a person to undue burden."

*Pub. Serv. Co. of Okla. v. A Plus, Inc.*, No. CIV-10-651-D, 2011 WL 691204, at *2 (W.D. Okla. Feb. 16, 2011) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv)).

II.      *Plaintiffs' Motion to Compel (Doc. No. 223)*

A.  *Plaintiffs' Requests for Production*

Defendants answered most of the 29 Requests for Production ("RFPs") served upon them by Plaintiffs by objecting on multiple grounds, and they have not yet produced any responsive documents.   *See* Pls.' Mot. Ex. 2 (Doc. No. 223-2) at 2-10.   Plaintiffs' Motion to Compel initially sought an order overruling Defendants' objections and requiring production of documents responsive to each of Plaintiffs' RFPs.   *See* Pls.' Mot. to Compel at 7-25.

The parties' Joint Statement, however, represented that the parties were now attempting to reach agreement as to a search protocol that Defendants would use to generate responsive documents in lieu of responding to each of the individual RFPs.   *See* Joint Statement at 1-4.   At the August 3, 2026 hearing, Plaintiffs and Defendants confirmed that they have agreed to that framework—i.e., the use of a search protocol to satisfy Defendants' obligation to respond to the RFPs.   The parties now seek the Court's ruling

4

on the relevant parameters for the search: the time frames, custodians, and search terms

that should be used.    The parties further confirmed that they will accept the Court's rulings

on the relevant parameters.    In other words, the parties agree that Defendants providing

the documents generated by this search protocol will discharge their obligation to respond

to Plaintiffs' RFPs.

Plaintiffs' Motion to Compel, as modified by the parties' express agreement, is

GRANTED IN PART and DENIED IN PART, as follows.    Defendants shall provide their

discovery responses to Plaintiffs on or before December 1, 2026.

(1) <u>For the Pre-Enactment Period (January 1, 2020, through January 31, 2021)</u>:

    a.  Defendants shall apply each and all of Plaintiffs' proposed search terms, *see* Joint Statement at 2.

    b.  The following custodians shall be identified:
        i.  Oklahoma Attorney General
        ii.  Oklahoma Superintendent of Public Education
        iii.  Each member of the Oklahoma State Board of Education
        iv.  Defendant Stitt

(2) <u>For the Enactment Period (February 1, 2021, through May 7, 2021)</u>:

    a.  Defendants shall apply each and all of Plaintiffs' proposed search terms.

    b.  The following custodians shall be identified:
        i.  Oklahoma Attorney General
        ii.  Oklahoma Superintendent of Public Education
        iii.  Each member of the Oklahoma State Board of Education
        iv.  Defendant Stitt
        v.  The following personnel for the Oklahoma State Department of Education: Chief of Staff, Deputy Chief of Staff and Academic Affairs, and Communications Manager
        vi.  Each Oklahoma State Regent for Higher Education
        vii.  The Oklahoma State Regents for Higher Education Chancellor and the supervising official in the following departments: Academic and Student Affairs; Administration;

Communications; Government Relations; State Grants and Scholarships; Workforce and Economic Development; and Research and Data Analysis.

(3) For the Post-Enactment Period (May 8, 2021, through the present):

    a.  Defendants shall apply the search terms "'HB 1775' OR HB w/2 1775 OR 'House Bill' w/2 1775."

    b.  The following custodians shall be identified:
      i.  Oklahoma Attorney General
      ii.  Oklahoma Superintendent of Public Education
      iii.  Each member of the Oklahoma State Board of Education
      iv.  Defendant Stitt
      v.  The following personnel for the Oklahoma State Department of Education: Chief of Staff, Deputy Chief of Staff and Academic Affairs, and Communications Manager
      vi.  Each Oklahoma State Regent for Higher Education
      vii.  The Oklahoma State Regents for Higher Education Chancellor and the supervising official in the following departments: Academic and Student Affairs; Administration; Communications; Government Relations; State Grants and Scholarships; Workforce and Economic Development; and Research and Data Analysis.

### B. Plaintiffs' Electronic Discovery Protocol

Plaintiffs' request for entry of their proposed Electronic Discovery Protocol (Doc. No. 223-4) is not substantively opposed by Defendants and is GRANTED.   Plaintiffs shall email a Word version of their proposed protocol to the undersigned's orders inbox within seven (7) days of the date of this Order.

### C. Plaintiffs' Request for a Privilege Log

The Court GRANTS Plaintiffs' request that Defendants be required to supply a privilege log with their discovery responses.   As to all discovery responses in this matter, any party who "withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material" must

"expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5); *see also id.* R. 34(b)(2)(C), 45(e)(2).

### III.   *Defendants' Motion Regarding Depositions (Doc. No. 276)*

#### A. Rule 30(b)(6) Depositions

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

> In its notice or subpoena, a party may name as the deponent . . . a governmental agency . . . or other entity and must describe with reasonable particularity the matters for examination.  The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.  Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.  A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify.   The persons designated must testify about information known or reasonably available to the organization.  This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

On August 11, 2025, Plaintiffs served Defendants with two Notices of Rule 30(b)(6) Deposition (the "Notices"): one noticing the deposition of the Oklahoma State Board of Education (or "OSBE") and one noticing the deposition of the Oklahoma State Regents for Higher Education (or "OSRHE").   Defs.' Dep. Mot. at 8; *see id.* Ex. 1, OSBE Notice (Doc. No 276-1); Defs.' Dep. Mot. Ex. 2, OSRHE Notice (Doc. No. 276-2).

Defendants' Motion argues that the topics identified in the Notices are overbroad and improper, as they extend beyond the parameters of Plaintiffs' equal protection claim.

7

*See* Defs.' Dep. Mot. at 16-30; Defs.' Dep. Reply (Doc. No. 309) at 10-11.   Defendants seek a protective order limiting the scope of the depositions.   *See* Defs.' Dep. Mot. at 30; Fed. R. Civ. P. 26(b)(C)(iii), (c)(i).

The Court notes that Plaintiffs' service of the Notices upon Defendants is not, by itself, sufficient to require OSBE or OSRHE to attend a deposition.[4]   While each current member of the OSBE and each current Regent, in his or her official capacity, is a named defendant herein, the entities themselves are not parties to this case.   *See* Am. Compl. (Doc. No. 50) at 1; Fed. R. Civ. P. 25(d).   Plaintiffs remain able to "compel[]" OSBE's or OSRHE's attendance at a deposition "by subpoena under Rule 45," if desired.   Fed. R. Civ. P. 30(a)(1).

Because the Notices as presented are ineffective, this aspect of Defendants' Motion is DENIED as moot.

### B.  Former Officials' Depositions

On August 11, 2025, Plaintiffs served deposition notices upon Defendants for: Carlisha Bradley, a former member of OSBE; Joy Hofmeister, a former Oklahoma Superintendent of Public Instruction; and Ryan Walters, who was at that time the Oklahoma Superintendent of Public Instruction and a defendant in this lawsuit.   Defs.' Dep. Mot. at 8; *see id.* Exs. 3, 4, 7 (Doc. Nos. 276-3, -4, -7).   Plaintiffs also served

---

[4] Although each Notice references Rule 45 along with Rule 30, neither Notice conforms with the requirements for a deposition subpoena or includes a deposition subpoena.  *See* OSBE Notice at 1; OSRHE Notice at 1.   Thus, the Notices appear to be intended as Rule 30(b)(1) notices of deposition rather than subpoenaing a nonparty organization to be deposed.

deposition subpoenas upon Ms. Bradley and Ms. Hofmeister. *See* Defs.' Dep. Mot. Exs. 5, 6 (Doc. Nos. 276-5, -6).

Defendants object to these depositions on multiple grounds, seeking to quash the subpoenas and/or to substantially limit the scope of Plaintiffs' examination. *See* Defs.' Dep. Mot. at 10-16 (citing Fed. R. Civ. P. 26(c)(1), 45(d)(3)). Defendants also assert that oral depositions of the noticed individuals are precluded because Plaintiffs have not shown that "extraordinary circumstances" warrant taking such testimony. *See id.* at 12-13, 15.[5]

The extraordinary circumstances test prescribes that, "absent extraordinary circumstances," "high-ranking executive officials should not . . . be called to testify or be deposed concerning issues relating to their official duties." *In re Off. of the Utah Att'y Gen.*, 56 F.4th 1254, 1259 (10th Cir. 2022). The Tenth Circuit has endorsed the following extraordinary circumstances test:

> [T]he party seeking the deposition of a high-ranking official must show: (1) the official has first-hand knowledge related to the claim being litigated; (2) the testimony will likely lead to the discovery of admissible evidence; (3) the deposition is essential to the party's case; and (4) the information cannot be obtained from an alternative source or via less burdensome means.

*Id.* at 1264 (alterations and internal quotation marks omitted).

This rule recognizes "that high ranking government officials have greater duties and time constraints than other witnesses and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Id.* at

---

[5] While it is not clear whether Defendants' counsel has been retained by the ex-officials, the Notices were served upon Defendants' counsel, and Defendants' counsel states that Ms. Bradley and Ms. Hofmeister are "strongly oppose[d] [to] testifying in this case." Defs.' Dep. Mot. at 15.

1259-60 (internal quotation marks omitted).   Courts have held that these policy concerns apply "even after the official leaves office."   *Paul G. v. Utah Att'y Gen.*, No. 18-cv-00341, 2025 WL 315881, at *4-5 (D. Utah Jan. 28, 2025) (citing *In re U.S. Dep't of Educ.*, 25 F.4th 692, 705-06 (9th Cir. 2022)).

Plaintiffs do not dispute that the noticed individuals are subject to the extraordinary circumstances test, but argue that they have shown extraordinary circumstances "[g]iven [the depositions'] relevance and Plaintiffs' inability to otherwise obtain the necessary information."   Pls.' Dep. Resp. (Doc. No. 286) at 22-23.

Without making any determination as to the other factors or reaching Defendants' alternative objections, the Court will "forbid[] the . . . discovery" as currently requested because Plaintiffs have not shown that "the information cannot be obtained from an alternative source or via less burdensome means."   Fed. R. Civ. P. 26(c)(1)(A); *In re Off. of the Utah Att'y Gen.*, 56 F.4th at 1264 (internal quotation marks omitted).   First, Plaintiffs' complaint as to a lack of document production by Defendants has now been addressed as outlined above.   And second, Plaintiffs' response does not adequately explain why "written questions to [the individuals] would" not "be adequate in the circumstances of this case."   *In re Off. of the Utah Att'y Gen.*, 56 F.4th at 1263.

The Court will therefore GRANT Defendants' request to preclude the depositions at this time.   *See* Fed. R. Civ. P. 26(b)(2)(C), (c)(1).   This ruling is without prejudice to Plaintiffs seeking such depositions again, if desired, following receipt and review of the requested documents from Defendants.

10

IV.     *Defendants' Motion Regarding Documents (Doc. No. 277)*

On August 11, 2025, Plaintiffs filed a Notice (Doc. No. 271) advising that Plaintiffs were seeking to serve subpoenas duces tecum upon three Oklahoma public school districts (the "School Districts"): Independent School District No. 12, Oklahoma County, Oklahoma, a/k/a Edmond Public Schools; Independent School District No. 69 of Canadian County, Oklahoma, a/k/a Mustang Public Schools; and Independent School District Number One of Tulsa County, Oklahoma, a/k/a Tulsa Public Schools.   *See id.* at 1; *id.* Ex. 1, Sch. Dist. Subpoenas (Doc. No. 271-1); *see also* Fed. R. Civ. P. 34(c), 45(a)(4); LCvR 45.1(a).   Each subpoena commands the School District to produce specified documents via email to counsel for Plaintiffs.   *See* Sch. Dist. Subpoenas at 1-49.

Defendants then filed their Motion, seeking to quash the School District subpoenas or to "drastically limit[] their scope."   Defs.' Doc. Mot. at 11-35; *see* Fed. R. Civ. P. 26(c)(1), 45(d)(3); LCvR 45.1(b).[6]   Defendants argue that the requests are overly broad, irrelevant, insufficiently informative, and implicate multiple privileges, and that compliance with the requests would "demand[] a herculean effort" from the School Districts.   Defs.' Doc. Mot. at 12-21; *see also* Defs.' Doc. Reply (Doc. No. 310) at 3-11.

Plaintiffs contend that Defendants' invocation of privilege is overly speculative and

---

[6] Pursuant to Rule 45(d)(3), "the court for the district where compliance is required" may quash or modify a subpoena upon motion.   Fed. R. Civ. P. 45(d)(3)(A), (B).   Although the parties do not address the issue, and the Court need not reach it based upon the disposition herein, it is not clear from the record that Defendants' request regarding Tulsa Public Schools was filed in the district where compliance with the subpoena is required. *See* Sch. Dist. Subpoena at 35 (requiring Tulsa Public Schools, in the Northern District of Oklahoma, to submit documents via email to Plaintiffs' counsel in Washington, DC).

fails to establish that Defendants have standing to seek to quash subpoenas directed at the nonparty School Districts. *See* Pls.' Doc. Resp. (Doc. No. 287) at 10-14. The Court concurs, as the mere mention of Defendants in the requests does not show that the responsive documents are privileged or protected as to Defendants or "specifically identify" any such privilege. *Leblanc v. Tex. Brine Co.*, No. CIV-16-1026-D, 2017 WL 913801, at *2 (W.D. Okla. 2017) ("The general rule regarding standing is that only the party to whom the subpoena is directed has standing to object to its issuance."); *Pub. Serv. Co. of Okla.*, 2011 WL 691204, at *5 ("The subpoenaed entity is the only one entitled to challenge the subpoena under Fed. R. Civ. P. [45(d)(3)], unless a showing is made that plaintiff has a personal right to be protected or that the documents are subject to a privilege." (alteration and internal quotation marks omitted)).

Privilege aside, Defendants argue that the Court should limit this discovery as "disproportionate to the needs of the case." Defs.' Doc. Reply at 4 (citing Fed. R. Civ. P. 26(b)(2)(C)); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."). At this juncture, however, the Court finds that the Subpoena requests are sufficiently relevant to Plaintiffs' equal protection claim and proportional to the needs of this case to lie within the scope of Rule 26(b)(1). While Defendants assert that obeying the subpoenas will be unduly burdensome upon the recipients, this assertion is not supported by any specifics or by the School Districts themselves. In addition, it is incumbent upon the School Districts, not Defendants, to raise any undue-burden objection. *See Pub. Serv. Co.*, 2011 WL 691204, at *5. As Plaintiffs emphasize, the School Districts

will have an opportunity to serve written objections upon being served with the Subpoenas. The Court fully expects the parties and the School Districts to work cooperatively and to attempt to resolve any disputes that may arise. *See* Fed. R. Civ. P. 45(d)(2), (3); LCvR 37.1, 45.1(c).

CONCLUSION

As outlined herein,

- Plaintiffs' Motion to Compel (Doc. No. 223) is GRANTED IN PART and DENIED IN PART;

- Defendants' Motion Regarding Depositions (Doc. No. 276) is GRANTED IN PART and DENIED IN PART; and

- Defendants' Motion Regarding Documents (Doc. No. 277) is DENIED.

The Court declines to award expenses at this time.

IT IS SO ORDERED this 10th day of August, 2026.

CHARLES B. GOODWIN
United States District Judge